MANATT, PHELPS & PHILLIPS, LLP
NAEUN RIM (Bar No. 263558)
E-mail: NRim@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California  90067
Telephone:  310.312.4000
Facsimile:   310.312.4224

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
EKWAN E. RHOW (Bar No. 174604)
E-mail: erhow@birdmarella.com
DARREN L. PATRICK (State Bar No. 310727)
E-mail: dpatrick@birdmarella.com
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Hanmi Financial Corporation, Bonita I. Lee, Romolo C. Santarosa, and C. G. Kum

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILLYOUNG OH, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HANMI FINANCIAL CORPORATION, C. G. KUM, BONITA I. LEE, and ROMOLO C. SANTAROSA, <br><br> Defendants. | Case No: 2:20-cv-02844-FLA-JC <br><br> **DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> SAC Filed: April 6, 2021 <br> Trial Date:  Not yet set |

- 1 -                    DEFENDANTS' ANSWER TO SAC

## ANSWER TO SECOND AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Hanmi Financial Corporation, Bonita I. Lee, Romolo C. Santarosa, and C. G. Kum (collectively, "Defendants"), by and through their undersigned counsel of record, answer the Second Amended Class-Action Complaint (Dkt. 45) (the "SAC") of Plaintiff Killyoung Oh, individually and on behalf of all others similarly situated ("Plaintiff").

Defendants deny all factual allegations set forth in the SAC unless expressly admitted. Any admissions limited to the express language of the responses will not be deemed to imply admission of additional facts.

## I.   NATURE OF THE ACTION[1]

1. Defendants admit that Plaintiff purports to bring a federal securities class action on behalf of a class consisting of all persons who purchased the publicly traded Hanmi common stock between August 9, 2018 and April 30, 2020, both dates inclusive (the "Class Period"). Defendants admit that Plaintiff seeks to recover compensable damages and pursue remedies on behalf of a class under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5. Defendants deny that this is a class action because a class has not yet been certified. Defendants deny Plaintiff or a putative class, if any, are entitled to such damages or any other relief. Defendants deny each of the remaining allegations in paragraph 1 of the SAC, including those that attempt to draw legal conclusions.

2. Defendants admit that Hanmi made financial statements between August 9, 2018, and April 30, 2020. These documents speak for themselves. To the extent the allegations in paragraph 2 of the SAC are based on the contents of

---

[1] For the avoidance of doubt, Defendants deny any and all allegations, statements of fact, or legal conclusions set forth in any headings in the SAC, and include them here only to reflect the structure of the SAC as presented by Plaintiff. Defendants also deny any and all allegations not specifically admitted herein.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ANSWER TO
SECOND AMENDED COMPLAINT

these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 2 of the SAC.

3. Defendants admit that Hanmi has filed lawsuits against Michael Harrah in the Los Angeles Superior Court. These documents speak for themselves. To the extent the allegations in paragraph 3 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 3 of the SAC.

4. Defendants admit that Hanmi has filed lawsuits against Michael Harrah in the Los Angeles Superior Court. These documents speak for themselves. To the extent the allegations in paragraph 4 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 4 of the SAC.

5. Defendants admit the first sentence of paragraph 5 of the SAC. Defendants deny each of the remaining allegations in paragraph 5 of the SAC and/or lack knowledge or information sufficient to form a belief as to their truth and on that basis deny each of them, including on the basis that they are argumentative, vague, and out of context.

6. Defendants deny each of the allegations in paragraph 6 of the SAC, including on the basis that they are argumentative, vague, and out of context.

7. Defendants admit that Hanmi had an investor call on April 23, 2019. The transcript of that call speaks for itself. To the extent the allegations in paragraph 7 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 7 of the SAC.

8. Defendants deny each of the allegations in paragraph 8 of the SAC, including on the basis that they are argumentative, vague, and out of context.

9. Defendants admit the first sentence of paragraph 9 of the SAC. Defendants admit that Hanmi approved the Caribou Loan on December 26, 2018. Defendants deny each of the remaining allegations in paragraph 9 of the SAC, including on the basis that they are argumentative, vague, and out of context.

10. Defendants admit the first sentence of paragraph 10 of the SAC. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the SAC and on that basis deny each of them, including on the basis that they are argumentative, vague, and out of context.

11. Defendants admit that on August 12, 2019, Hanmi filed a Form NT 10-Q with the Securities Exchange Commission ("SEC"). That document speaks for itself. To the extent the allegations in paragraph 11 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants also admit that Hanmi's stock closed at $18.59 per share on August 12, 2019. Defendants deny each of the remaining allegations in paragraph 11 of the SAC, including on the basis that they are argumentative, vague, and out of context.

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

- 4 -

ANSWER TO
SECOND AMENDED COMPLAINT

12.     Defendants admit that on August 22, 2019, Hanmi announced that it had received a notification from Nasdaq.  The notification from Nasdaq speaks for itself.  To the extent the allegations in paragraph 12 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 12 of the SAC.

13.     Defendants admit that on October 4, 2019, Hanmi filed a Form 10-Q with the SEC.  That document speaks for itself.  To the extent the allegations in paragraph 13 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 13 of the SAC.

14.     To the extent the allegations in paragraph 14 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 14 of the SAC.

15.     Defendants admit that Hanmi's stock closed at $10.34 per share on May 1, 2020.  To the extent the allegations in paragraph 15 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 15 of the SAC.

16.     Defendants deny each of the allegations in paragraph 16 of the SAC, including on the basis that they are argumentative.

## II.     JURISDICTION AND VENUE

17.     Defendants admit that the SAC asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5, but otherwise denies any remaining allegations in paragraph 17 of the SAC, including those that attempt to draw legal conclusions.

18.     Defendants admit the allegations in paragraph 18 of the SAC.

19.     Defendants admit that venue is proper in this District.  Defendants deny each of the remaining allegations in paragraph 19 of the SAC, including those that attempt to draw legal conclusions.

20.     Defendants admit that in the ordinary course of business, during the relevant time period, they used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.  Defendants deny each of the remaining allegations in paragraph 20, including those that attempt to draw legal conclusions.

## III.     PARTIES

21.     Defendants admit that Plaintiff purchased Hanmi's common stock. Defendants deny each of the remaining allegations in paragraph 21 of the SAC, including on the basis that they are argumentative and vague.

22.     Defendants admit the allegations in paragraph 22 of the SAC, except deny that Hanmi's principal offices are located at 3660 Wilshire Boulevard, Penthouse Suite A, Los Angeles, CA 90010.

23.     Defendants admit the allegations in paragraph 23 of the SAC.

24.     Defendants admit the allegations in paragraph 24 of the SAC.

25.     Defendants admit the allegations in paragraph 25 of the SAC.

26.     Defendants admit the allegations in paragraph 26 of the SAC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ANSWER TO
SECOND AMENDED COMPLAINT

27.    Defendants admit the allegations in items (a) – (c) and (e) of paragraph 27 of the SAC.  Defendants deny each of the remaining allegations in paragraph 27 of the SAC, including those that attempt to draw legal conclusions.

28.    Defendants deny each of the allegations in paragraph 28 of the SAC, including those that attempt to draw legal conclusions.

29.    Defendants deny each of the allegations in paragraph 29 of the SAC, including those that attempt to draw legal conclusions.

30.    Defendants admit the allegations in paragraph 30 of the SAC.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    Hanmi's Lending Business

31.    Defendants admit the allegations in paragraph 31 of the SAC.

32.    To the extent the allegations in paragraph 32 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 32 of the SAC.

33.    To the extent the allegations in paragraph 33 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 33 of the SAC.

34.    To the extent the allegations in paragraph 34 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the

document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 34 of the SAC.

35. To the extent the allegations in paragraph 35 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 35 of the SAC.

**B.    Hanmi's Troubled Loan Relationship With Michael Harrah**

36. Defendants admit that, in March 2016, Hanmi entered into a loan relationship with Michael Harrah and/or his affiliated entities in the approximate amount of $41.2 million to develop a construction project known as One Broadway Plaza. Defendants deny each of the remaining allegations in paragraph 36 of the SAC, including on the basis that they are argumentative and vague.

37. To the extent the allegations in paragraph 37 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 37 of the SAC and on that basis deny each of them.

38. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 38 of the SAC and on that basis deny each of them.

39. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 39 of the SAC and on that basis deny each of them.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ANSWER TO
SECOND AMENDED COMPLAINT

40.    Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 40 of the SAC and on that basis deny each of them.

41.    To the extent the allegations in paragraph 41 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.

42.    To the extent the allegations in paragraph 42 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 42 of the SAC and on that basis deny each of them.

43.    To the extent the allegations in paragraph 43 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 43 of the SAC and on that basis deny each of them.

44.    To the extent the allegations in paragraph 44 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack information or knowledge

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

ANSWER TO
SECOND AMENDED COMPLAINT

sufficient to form a belief as to the remaining allegations in paragraph 44 of the SAC and on that basis deny each of them.

45.     To the extent the allegations in paragraph 45 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 45 of the SAC and on that basis deny each of them.

46.     To the extent the allegations in paragraph 46 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.

47.     To the extent the allegations in paragraph 47 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 47 of the SAC and on that basis deny each of them.

1.     <u>The Broadway Loan: Hanmi Loans $41.2 Million To Harrah's One Broadway Plaza</u>

48.     Defendants admit that footnote 3 of paragraph 48 of the SAC contains a link to Section 3.2 of the FDIC Manual of Examination Policies.  That document that speaks for itself.  To the extent the allegations in paragraph 48 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO
SECOND AMENDED COMPLAINT

otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.

49. Defendants admit that on March 15, 2016, Hanmi agreed to lend $41,166,673.68 to One Broadway Plaza, LLC ("Broadway LLC"), an entity owned and controlled by Harrah (the "Broadway Loan"). Defendants deny each of the remaining allegations in paragraph 49 of the SAC, including on the basis that they are argumentative, vague, and out of context.

50. Defendants admit the allegations in paragraph 50 of the SAC.

51. Defendants admit that the Broadway Loan's initial maturity date was March 15, 2017. The Broadway Loan Agreement speaks for itself. To the extent the allegations in paragraph 51 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 51 of the SAC.

52. Defendants admit that Hanmi entered into a Change of Terms Agreement and agreed to extend the maturity of the Broadway Loan to March 15, 2018 on March 13, 2017. The Change in Terms Agreement speaks for itself. To the extent the allegations in paragraph 52 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 52 and on that basis deny each of them. Defendants deny each of the remaining allegations in paragraph 52 of the SAC.

53.     Defendants admit that Harrah listed One Broadway Plaza for sale and for lease with CBRE in January 2018.  To the extent the allegations in paragraph 53 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the SAC and on that basis deny each of them.

54.     Defendants admit that on April 23, 2018, Hanmi agreed to extend the maturity of the Broadway Loan from March 15, 2018 to September 15, 2018.  Defendants deny each of the remaining allegations in paragraph 54 of the SAC.

55.     Defendants admit that on October 3, 2018, Hanmi entered into an agreement to extend the maturity of the Broadway Loan from September 15, 2018 to November 2, 2018.  The agreement speaks for itself.  To the extent the allegations in paragraph 55 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 55 and on that basis deny each of them.  Defendants deny each of the remaining allegations in paragraph 55 of the SAC, including on the basis that they are argumentative, vague, and out of context.

56.     Defendants admit that on December 24, 2018, Hanmi agreed to extend the maturity of the Broadway Loan from November 2, 2018, to January 31, 2019.  Defendants deny each of the remaining allegations in paragraph 56 of the SAC, including on the basis that they are argumentative, vague, and out of context.

2.     <u>The Caribou Loan: Hanmi Loans More Money to Harrah To Pay Off a Portion of the Broadway Loan</u>

57.     Defendants admit the allegations in paragraph 57 of the SAC.

58.     Defendants admit that Harrah defaulted on the Broadway Loan in November 2018.  Defendants admit that after the issuance of the Caribou Loan, the outstanding principal of the Broadway Loan decreased from $38,916,673.68 to $28,000,000.  Defendants deny each of the remaining allegations in paragraph 58 of the SAC, including on the basis that they are argumentative, vague and out of context.

59.     Defendants deny each of the allegations in paragraph 59 of the SAC, including on the basis that they are argumentative, vague, and out of context.

60.     Defendants admit that Harrah's collection of 13 cars served as collateral for the Caribou Loan.  Defendants further admit that Hanmi received a letter dated October 18, 2018, from Custom Auto Service.  The Custom Auto Service letter speaks for itself.  To the extent the allegations in paragraph 60 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 60 of the SAC, including on the basis that they are argumentative, vague, and out of context.

61.     On information and belief, Defendants admit that Custom Auto Service prepared the valuation for Harrah.  Defendants admit that independence from the loan production team and the borrower is a requirement for a reliable appraisal.  Defendants deny the remaining allegations in paragraph 61 of the SAC, including on the basis that they are argumentative, vague, and out of context.

62.     The Custom Auto Service letter speaks for itself.  To the extent the allegations in paragraph 62 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that

Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 62 of the SAC, including on the basis that they are argumentative, vague, and out of context.

63. The FDIC Statement of Policy on Interagency Appraisal and Evaluation Guidelines speaks for itself. To the extent the allegations in paragraph 63 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 63 of the SAC, including on the basis that they are out of context.

64. Defendants admit that Hanmi filed a 2018 Form 10-K. This document speaks for itself. To the extent the allegations in paragraph 64 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 64 of the SAC, including those that attempt to draw legal conclusions.

65. The Declaration of Matthew D. Fuhr speaks for itself. To the extent the allegations in paragraph 65 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 65 of the SAC, including those that attempt to draw legal conclusions.

66. Defendants admit that Hanmi received a letter from Custom Auto Service that was accompanied by a booklet. Defendants also admit that Exhibit 2

of the SAC is a copy of the Declaration Of Matthew D. Fuhr In Support Of Ex Parte Application For Issuance Of A Temporary Restraining Order And Order To Show Cause Re Preliminary Injunction, that was filed on November 24, 2020, in *Hanmi Bank v. Caribou Ind.* (Case No. 20STCV39491) in Los Angeles County Superior Court.  These documents speak for themselves.  To the extent the allegations in paragraph 66 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 of the SAC and on that basis deny each them.

67.    To the extent the allegations in paragraph 67 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 of the SAC and on that basis deny each of them.

68.    Defendants admit that on February 22, 2019, Hanmi entered into an agreement to extend the maturity of the Broadway Loan.  That agreement speaks for itself.  To the extent the allegations in paragraph 68 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 68 of the SAC, including on the basis that they are argumentative, vague, and out of context.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO SECOND AMENDED COMPLAINT

69.     Defendants admit that on February 25, 2019, Hanmi entered into an agreement to modify the Caribou Loan.  That agreement speaks for itself.  To the extent the allegations in paragraph 69 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 69 of the SAC, including on the basis that they are argumentative, vague, and out of context.

70.     Defendants admit that on May 29, 2019, Hanmi entered into a Change in Terms Agreement with Caribou.  That agreement speaks for itself.  To the extent the allegations in paragraph 70 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 70 of the SAC, including on the basis that they are argumentative, vague, and out of context.

71.     Defendants admit the allegations in footnote 8 of paragraph 71 of the SAC.  Defendants admit that Exhibit 3 of the SAC is a copy of the Declaration of Michael Harrah in Support of Defendant's Opposition to Plaintiff's Ex Parte Application, that was filed on November 24, 2020, in *Hanmi Bank v. Caribou Ind.,* (Case No. 20STCV39491) in Los Angeles County Superior Court.  These documents speak for themselves.  To the extent the allegations in paragraph 71 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 71 of the SAC.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ANSWER TO SECOND AMENDED COMPLAINT

72. Defendants admit that Mr. Gilmore's April 2019 appraisal appraised the 13 collateral cars at $69,683,950. To the extent the allegations in paragraph 72 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of the SAC, and on that basis deny each of them.

73. Defendants deny each of the allegations in paragraph 73 of the SAC, including on the basis that they are argumentative, vague, and out of context.

74. Defendants admit the allegations in paragraph 74 of the SAC.

75. Defendants admit the allegations in paragraph 75 of the SAC.

76. Defendants admit the allegations in paragraph 76 of the SAC.

### 3. Harrah's History of Hiding Assets

77. Defendants lack knowledge or information sufficient to form a basis as to the truth of the allegations in paragraph 77 of the SAC and on that basis deny each of them, including those that attempt to draw legal conclusions.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the SAC and on that basis deny each of them.

79. To the extent the allegations in paragraph 79 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 of the SAC, and on that basis deny each of them.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ANSWER TO
SECOND AMENDED COMPLAINT

80.     To the extent the allegations in paragraph 80 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the SAC, and on that basis deny each of them.

C.     **Background of Class Period Disclosures and Investors' Losses**

81.     Hanmi's 2016 Q1 Form 10-Q, 2016 Q2 Form 10-Q, and 2016 Q3 Form 10-Q speak for themselves.  To the extent the allegations in paragraph 81 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 81 of the SAC, including on the basis that they are argumentative and out of context.

82.     Defendants admit that on August 9, 2018, Hanmi filed its Form 10-Q for the quarter ending June 30, 2018.  The Form 10-Q speaks for itself.  To the extent the allegations in paragraph 82 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 82 of the SAC, including those that attempt to draw legal conclusions.

83.     Defendants admit that Hanmi filed its 2018 Form 10-K on March 1, 2019. Hanmi's 2018 Form 10-K speaks for itself.  To the extent the allegations in paragraph 83 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements

exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 83 of the SAC, including on the basis that they are argumentative and out of context.

84. Defendants admit that on April 3, 2019, Hanmi announced that Bonita Lee would replace C. G. Kum as Chief Executive Officer on May 3, 2019 and would immediately assume a position on Hanmi's Board of Directors. Defendants further admit that Kum had served as CEO since June 2013, and that Lee had served as the Chief Operating Officer of Hanmi since August 2013. Defendants also admit that on April 8, 2019, Hanmi announced that Chairman of the Board of Directors Joseph K. Rho was retiring and that he served on Hanmi's Board since 1984 and as Chairman since 2007. Defendants deny each of the remaining allegations in paragraph 84 of the SAC.

85. Defendants admit that KPMG had served as Hanmi's independent accounting firm since 2001. Defendants admit that on May 22, 2019, investors voted to ratify the appointment of KPMG by a vote of 27,743,487 to 731,601. Defendants admit that on April 12, 2019, the Company filed a Proxy Statement. The April 12, 2019, Proxy Statement speaks for itself. To the extent the allegations in paragraph 85 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 85 of the SAC.

86. Defendants admit that on June 26, 2019 Hanmi announced it was dismissing KPMG as its independent auditor and that it was replacing KPMG with Crowe LLP. Defendants admit that Hanmi had engaged Crowe for several different consulting, tax, and auditing services from 2014 through 2018, but deny that such engagements interfered with Crowe's independent status. Defendants deny each of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

ANSWER TO
SECOND AMENDED COMPLAINT

the remaining allegations in paragraph 86 of the SAC, including on the basis that they are argumentative, vague, and out of context or attempt to draw a legal conclusion.

87.    Paragraph 87 is a duplicate of paragraph 10.  Defendants admit the first sentence of paragraph 87 of the SAC.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 of the SAC and on that basis deny each of them, including on the basis that they are argumentative, vague, and out of context.

88.    Paragraph 88 is a duplicate of paragraph 11.  Defendants admit that on August 12, 2019, Hanmi filed a Form NT 10-Q with the Securities Exchange Commission ("SEC"). That document speaks for itself.  To the extent the allegations in paragraph 88 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants also admit that Hanmi's stock closed at $18.59 per share on August 12, 2019.  Defendants deny each of the remaining allegations in paragraph 88 of the SAC, including on the basis that they are argumentative, vague, and out of context.

89.    Paragraph 89 is a duplicate of paragraph 12.  Defendants admit that on August 22, 2019, Hanmi announced that it had received a notification from NASDAQ.  The notification from NASDAQ speaks for itself.  To the extent the allegations in paragraph 89 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 89 of the SAC.

90.    Defendants admit that on October 4, 2019, Hanmi filed its Form 10-Q for the second quarter of 2019 ("Q2 2019 10-Q").  Hanmi's Q2 2019 10-Q speaks

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ANSWER TO
SECOND AMENDED COMPLAINT

for itself. To the extent the allegations in paragraph 90 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 90 of the SAC.

91. Hanmi's Q2 2019 10-Q speaks for itself. To the extent the allegations in paragraph 91 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 91 of the SAC.

92. Hanmi's Q2 2019 10-Q speaks for itself. To the extent the allegations in paragraph 92 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 92 of the SAC.

93. To the extent the allegations in paragraph 93 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 93 of the SAC.

94. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 94 of the SAC and on that basis deny each of them.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 21 -

ANSWER TO
SECOND AMENDED COMPLAINT

95. To the extent the allegations in paragraph 95 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 of the SAC and on that basis deny them.

96. Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 96 of the SAC and on that basis deny each of them.

97. Defendants admit that on April 30, 2020, Hanmi issued a press release. That document speaks for itself. To the extent the allegations in paragraph 97 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants admit that on May 1, 2020, the price of a Hanmi share was $10.34. Defendants deny each of the remaining allegations in paragraph 97 of the SAC, including on the basis that that are argumentative, vague, or out of context.

98. Defendants deny that the price of Hanmi shares fell from $25.65 to $10.34 during the Class Period. Defendants deny each of the remaining allegations in paragraph 98 of the SAC.

## V. APPLICABLE ACCOUNTING STANDARDS

99. Defendants admit the allegations in paragraph 99 of the SAC.

100. Defendants admit the allegations in paragraph 100 of the SAC.

101. Defendants admit the allegations in paragraph 101 of the SAC.

102. Defendants admit the allegations in paragraph 102 of the SAC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO
SECOND AMENDED COMPLAINT

103.   The FASB Statement of Financial Accounting Concepts No. 8 and SAB 99 speak for themselves.  To the extent the allegations in paragraph 103 of the SAC accurately reflect the contents of those concepts, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the concepts is accurate.  Defendants deny each of the remaining allegations in paragraph 103 of the SAC, including those that attempt to draw a legal conclusion.

104.   The PCAOB Auditing Standard 1001.03 speaks for itself.  To the extent the allegations in paragraph 104 of the SAC accurately reflect the contents of that standard, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standard is accurate.  Defendants deny each of the remaining allegations in paragraph 104 of the SAC, including those that attempt to draw a legal conclusion.

**A.     GAAP and Hanmi's Own Accounting Standard Required Defendants to Disclose the Harrah Loans as Troubled Debt Restructurings And Impair Them**

105.   The GAAP and the ASC provisions speak for themselves.  To the extent the allegations in paragraph 105 of the SAC accurately reflect the contents of those standards and provisions, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate.  Defendants deny each of the remaining allegations in paragraph 105 of the SAC, including those that attempt to draw a legal conclusion.

106.   The GAAP and the ASC provisions speak for themselves.  To the extent the allegations in paragraph 106 of the SAC accurately reflect the contents of those standards and provisions, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate.  Defendants deny each of the remaining allegations in paragraph 106 of the SAC, including those that attempt to draw a legal conclusion.

107.   The GAAP and the ASC provisions speak for themselves.  To the extent the allegations in paragraph 107 of the SAC accurately reflect the contents of

those standards and provisions, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate.  Defendants deny each of the remaining allegations in paragraph 107 of the SAC, including those that attempt to draw a legal conclusion.

108.  The GAAP, Hanmi's accounting policies, and Hanmi's Form 10-Q speak for themselves.  To the extent the allegations in paragraph 108 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate.  Defendants deny each of the remaining allegations in paragraph 108 of the SAC, including those that attempt to draw a legal conclusion.

109.  Defendants admit that Hanmi filed a 2018 Form 10-K with the SEC.  That document speaks for itself.  To the extent the allegations in paragraph 109 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 109 of the SAC.

110.  Defendants admit that Hanmi made quarterly and annual filings with the SEC during the alleged class period.  These documents speaks for themselves.  To the extent the allegations in paragraph 110 of the SAC are based on the contents of those documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 110 of the SAC.

111.  To the extent the allegations in paragraph 111 of the SAC are based on the contents of written documents, Defendants admit that where such allegations

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -

ANSWER TO SECOND AMENDED COMPLAINT

accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 111 of the SAC regarding Harrah's actions or motivations and on that basis deny each of them.  Defendants deny each of the remaining allegations in paragraph 111 of the SAC.

112.  To the extent the allegations in paragraph 112 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 112 of the SAC regarding Harrah's actions or motivations and on that basis deny each of them.  Defendants deny each of the remaining allegations in paragraph 112 of the SAC.

113.  To the extent the allegations in paragraph 113 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 113 of the SAC regarding Harrah's actions or motivations and on that basis deny each of them.  Defendants deny each of the remaining allegations in paragraph 113 of the SAC.

114.  The GAAP and Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 114 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate.  Defendants deny each of the remaining allegations in paragraph 114 of the SAC, including those that attempt to draw a legal conclusion.

115. The GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 115 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 115 of the SAC, including those that attempt to draw a legal conclusion.

**B.      GAAP and Hanmi's Internal Accounting Policies Required Defendants to Take a Specific Allowance and Promptly Charge Off $25 Million of Loan Losses From the Harrah Loans**

116. The GAAP and the ASC provisions speak for themselves. To the extent the allegations in paragraph 116 of the SAC accurately reflect the contents of those standards and provisions, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate. Defendants deny each of the remaining allegations in paragraph 116 of the SAC, including those that attempt to draw a legal conclusion.

117. The GAAP and the ASC provisions speak for themselves. To the extent the allegations in paragraph 117 of the SAC accurately reflect the contents of those standards and provisions, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate. Defendants deny each of the remaining allegations in paragraph 117 of the SAC, including those that attempt to draw a legal conclusion.

118. Hanmi's internal accounting policies speak for themselves. To the extent the allegations in paragraph 118 of the SAC accurately reflect the contents of those policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the policies is accurate. Defendants deny each of the remaining allegations in paragraph 118 of the SAC, including those that attempt to draw a legal conclusion.

119. The GAAP and the ASC provisions speak for themselves. To the extent the allegations in paragraph 119 of the SAC accurately reflect the contents of

those standards and provisions, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate. Defendants deny each of the remaining allegations in paragraph 119 of the SAC, including those that attempt to draw a legal conclusion.

120.   The GAAP and the ASC provisions speak for themselves.  To the extent the allegations in paragraph 120 of the SAC accurately reflect the contents of those standards and provisions, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate. Defendants deny each of the remaining allegations in paragraph 120 of the SAC, including those that attempt to draw a legal conclusion.

121.   Defendants admit that footnote 19 contains a link to Interagency Supervisory Guidance letter on Troubled Debt Restructurings, FIL-50-2013.  The letter speaks for itself.  To the extent the allegations in paragraph 121 of the SAC accurately reflect the contents of that letter, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the letter is accurate. Defendants deny each of the remaining allegations in paragraph 105 of the SAC, including those that attempt to draw a legal conclusion.

122.   The GAAP and Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 122 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 122 of the SAC, including those that attempt to draw a legal conclusion.

123.   GAAP and the ASC provisions speak for themselves. To the extent the allegations in paragraph 123 of the SAC accurately reflect the contents of those standards and provisions, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate.  Defendants

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

deny each of the remaining allegations in paragraph 123 of the SAC, including those that attempt to draw a legal conclusion.

124.   The Interagency Supervisory Guidance letter on Troubled Debt Restructurings, FIL-50-2013, speaks for itself.  To the extent the allegations in paragraph 124 of the SAC accurately reflect the contents of that letter, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the letter is accurate.  Defendants deny each of the remaining allegations in paragraph 124 of the SAC, including those that attempt to draw a legal conclusion.

125.   Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 125 of the SAC accurately reflect the contents of those policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the policies is accurate.  Defendants deny each of the remaining allegations in paragraph 125 of the SAC, including those that attempt to draw a legal conclusion.

126.   Defendants deny each of the allegations in paragraph 126 of the SAC, including those that attempt to draw a legal conclusion.

127.   Defendants deny each of the allegations in paragraph 127 of the SAC, including those that attempt to draw a legal conclusion.

### C.   SEC Rules Requires Hanmi to Disclose Identifying Information About the Harrah Loans

128.   Regulation S-K Item 303(b) speaks for itself.  To the extent the allegations in paragraph 128 of the SAC accurately reflect the contents of that regulation, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the regulation is accurate.  Defendants deny each of the remaining allegations in paragraph 128 of the SAC, including those that attempt to draw a legal conclusion.

129.   Regulation S-K Items 303(b) and (c) speak for themselves.  To the extent the allegations in paragraph 129 of the SAC accurately reflect the contents of

that regulation, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the regulation is accurate. Defendants deny each of the remaining allegations in paragraph 129 of the SAC, including those that attempt to draw a legal conclusion.

130. Defendants deny each of the allegations in paragraph 139 of the SAC.

131. Defendants admit that footnote 20 of paragraph 131 of the SAC contains a link to a comment letter dated September 23, 2011, issued by the SEC to Hanmi. The comment letter speaks for itself. To the extent the allegations in paragraph 131 of the SAC accurately reflect the contents of the comment letter, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the comment letter is accurate. Defendants deny each of the remaining allegations in paragraph 131 of the SAC, including those that attempt to draw a legal conclusion.

132. Defendants admit that on September 23, 2011, the SEC issued a comment letter to Hanmi. The comment letter speaks for itself. To the extent the allegations in paragraph 132 of the SAC accurately reflect the contents of that comment letter, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the comment letter is accurate. Defendants deny each of the remaining allegations in paragraph 132 of the SAC, including those that attempt to draw a legal conclusion.

133. Defendants admit that Hanmi filed correspondence responding to the SEC on December 23, 2011. Hanmi's letter speaks for itself. To the extent the allegations in paragraph 133 of the SAC accurately reflect the contents of that letter, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of Hanmi's letter is accurate. Defendants deny each of the remaining allegations in paragraph 133 of the SAC, including those that attempt to draw a legal conclusion.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 29 -

ANSWER TO
SECOND AMENDED COMPLAINT

134.   Defendants deny each of the allegations in paragraph 134 of the SAC, including on the basis that they are argumentative, vague, and out of context.

135.   Hanmi's Q2 2018 10-Q, Q3 2018 10-Q, 2018 10-K, Q1 2019 10-Q, Q2 2019 10-Q, Q3 2019 10-Q, and 2019 Form 10-K speak for themselves. To the extent the allegations in paragraph 135 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 135 of the SAC.

## VI.   DEFENDANTS' FALSE AND MISLEADING STATEMENTS

### A.   Hanmi's Q2 2018 Financial Results

136.   Defendants admit that Hanmi filed a quarterly report for the quarter ended June 30, 2018 on a Form 10-Q with the SEC ("Q2 2018 10-Q"). Hanmi's Q2 2018 10-Q speaks for itself. To the extent the allegations in paragraph 136 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 136 of the SAC.

137.   Hanmi's Q2 2018 10-Q speaks for itself. To the extent the allegations in paragraph 137 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 137 of the SAC.

138.   Defendants deny each of the allegations in paragraph 138 of the SAC.

139.   Defendants deny each of the allegations in paragraph 139 of the SAC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO
SECOND AMENDED COMPLAINT

140. The loan agreements speak for themselves. To the extent the allegations in paragraph 140 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 140 of the SAC, including those that attempt to draw a legal conclusion.

141. The loan agreements speak for themselves. To the extent the allegations in paragraph 141 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 141 of the SAC, including those that attempt to draw a legal conclusion.

142. Defendants deny each of the allegations in paragraph 142 of the SAC.

143. Defendants admit the allegations in the first sentence of paragraph 143. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 143 of the SAC and on that basis deny each of them.

144. Hanmi's Q2 2018 10-Q speaks for itself. To the extent the allegations in paragraph 144 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 144 of the SAC.

145. Defendants deny each of the allegations in paragraph 145 of the SAC.

146. Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 146 of the SAC accurately reflect the contents of those

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 31 -

ANSWER TO
SECOND AMENDED COMPLAINT

policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the policies is accurate. Defendants deny each of the remaining allegations in paragraph 146 of the SAC, including those that attempt to draw a legal conclusion.

147. Hanmi's Q3 2018 10-Q, GAAP, and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 147 of the SAC accurately reflect the contents of those documents, standards, and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the documents, standards, or policies is accurate. Defendants deny each of the remaining allegations in paragraph 147 of the SAC, including those that attempt to draw a legal conclusion.

148. GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 148 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 148 of the SAC, including those that attempt to draw a legal conclusion.

149. Hanmi's Q2 2018 10-Q speaks for itself. To the extent the allegations in paragraph 149 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 149 of the SAC.

150. Hanmi's Q2 2018 10-Q, GAAP, and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 150 of the SAC accurately reflect the contents of those documents, standards, and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the documents, standards, or policies is accurate. Defendants deny each

of the remaining allegations in paragraph 150 of the SAC, including those that attempt to draw a legal conclusion.

151. Defendants deny each of the allegations in paragraph 151 of the SAC, including those that attempt to draw a legal conclusion.

152. To the extent the allegations in paragraph 152 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 152 of the SAC.

153. Defendants admit the allegations in paragraph 153 of the SAC.

154. Mr. Kum's presentation speaks for itself. To the extent the allegations in paragraph 154 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 154 of the SAC.

155. Defendants deny each of the allegations in paragraph 155 of the SAC.

156. Defendants deny each of the allegations in paragraph 156 of the SAC.

157. Defendants deny each of the allegations in paragraph 157 of the SAC.

**B.    Hanmi's Q3 2018 Financial Results**

158. Defendants admit the allegations in paragraph 158 of the SAC.

159. The press release speaks for itself. To the extent the allegations in paragraph 159 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 139 of the SAC.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 33 -

ANSWER TO
SECOND AMENDED COMPLAINT

160. Defendants deny each of the allegations in paragraph 160 of the SAC.

161. Defendants admit that Hanmi filed its quarterly report for the quarter ended September 30, 2018 on a Form 10-Q with the SEC ("Q3 2018 10-Q"). Hanmi's Q3 2018 10-Q speaks for itself. To the extent the allegations in paragraph 161 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 161 of the SAC.

162. Hanmi's Q3 2018 10-Q speaks for itself. To the extent the allegations in paragraph 162 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 162 of the SAC.

163. Defendants deny each of the allegations in paragraph 163 of the SAC.

164. Defendants deny each of the allegations in paragraph 164 of the SAC.

165. Paragraph 165 is a duplicate of paragraph 140. The loan agreements speak for themselves. To the extent the allegations in paragraph 165 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 165 of the SAC, including those that attempt to draw a legal conclusion.

166. The loan agreements speak for themselves. To the extent the allegations in paragraph 166 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the

contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 166 of the SAC, including those that attempt to draw a legal conclusion.

167.   The loan agreements speak for themselves.  o the extent the allegations in paragraph 167 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 167 of the SAC, including those that attempt to draw a legal conclusion.

168.   Defendants admit that Hanmi reported $19.2 million in NPAs and a 0.35% NPA Ratio.  Defendants deny each of the remaining allegations in paragraph 168 of the SAC including those that attempt to draw a legal conclusion.

169.   Defendants admit the allegations in the first sentence of paragraph 169. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 169 of the SAC and on that basis deny each of them.

170.   Hanmi's Q3 2018 10-Q speaks for itself. To the extent the allegations in paragraph 170 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 170 of the SAC.

171.   Defendants deny each of the allegations in paragraph 171 of the SAC.

172.   Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 172 of the SAC accurately reflect the contents of those policies, Defendants admit them.  Defendants deny that Plaintiff's characterization

- 35 -

and framing of the policies is accurate.  Defendants deny each of the remaining allegations in paragraph 172 of the SAC, including those that attempt to draw a legal conclusion.

173.   Hanmi's Q3 2018 10-Q, GAAP, and Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 173 of the SAC accurately reflect the contents of those documents, standards, and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the documents, standards, or policies is accurate.  Defendants deny each of the remaining allegations in paragraph 173 of the SAC, including those that attempt to draw a legal conclusion.

174.   GAAP and Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 174 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 174 of the SAC, including those that attempt to draw a legal conclusion.

175.   Hanmi's Q2 2018 10-Q speaks for itself.  To the extent the allegations in paragraph 175 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 175 of the SAC.

176.   Hanmi's Form 10-Qs, GAAP, and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 176 of the SAC accurately reflect the contents of those documents, standards, and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the documents, standards, or policies is accurate.  Defendants deny each

of the remaining allegations in paragraph 176 of the SAC, including those that attempt to draw a legal conclusion.

177. Defendants admit that Hanmi reported $22.3 million in pre-tax income. Defendants deny each of the remaining allegations in paragraph 177 of the SAC.

178. To the extent the allegations in paragraph 178 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 178 of the SAC.

179. Hanmi's Q3 2019 10-Q speaks for itself. To the extent the allegations in paragraph 179 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 179 of the SAC.

180. Hanmi's Q3 2019 10-Q speaks for itself. To the extent the allegations in paragraph 180 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 180 of the SAC.

181. Defendants admit that on October 3, 2018, Hanmi agreed to extend the maturity date of the Broadway Loan from September 15, 2018 to November 2, 2018. The loan agreements speak for themselves. To the extent the allegations in paragraph 181 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such

statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 181 of the SAC, including those that attempt to draw a legal conclusion.

182. Defendants admit the allegations in paragraph 182 of the SAC.

183. Mr. Kum's presentation speaks for itself. To the extent the allegations in paragraph 183 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 183 of the SAC.

184. Defendants admit that Mr. Kum's presentation stated a 0.30% NPA Ratio. Defendants deny each of the remaining allegations in paragraph 184 of the SAC.

185. Defendants deny each of the allegations in paragraph 185 of the SAC.

**C.  Hanmi's Fiscal Year 2018 Financial Results**

186. Defendants admit the allegations in paragraph 186 of the SAC.

187. The press release speaks for itself. To the extent the allegations in paragraph 187 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 187 of the SAC.

188. The press release speaks for itself. To the extent the allegations in paragraph 188 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's

characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 188 of the SAC.

189. Defendants admit that Hanmi hosted an investor call on January 15, 2019, and that Mr. Kum, Mr. Santarosa, and Ms. Lee participated. The transcript of that call speaks for itself. To the extent the allegations in paragraph 189 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 189 of the SAC.

190. Defendants deny each of the allegations in paragraph 190 of the SAC.

191. Defendants admit that Hanmi hosted an investor call on January 15, 2019, and that Mr. Kum, Mr. Santarosa, and Ms. Lee participated. The transcript of that call speaks for itself. To the extent the allegations in paragraph 191 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 191 of the SAC.

192. Defendants deny each of the allegations in paragraph 192 of the SAC.

193. Defendants admit that on March 1, 2019, Hanmi filed its annual report for the year ended December 31, 2018 on a Form 10-K with the SEC ("2018 Form 10-K"). Hanmi's 2018 Form 10-K speaks for itself. To the extent the allegations in paragraph 193 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 193 of the SAC.

194.   Hanmi's 2018 Form 10-K speaks for itself.  To the extent the allegations in paragraph 194 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 194 of the SAC.

195.   Defendants deny each of the allegations in paragraph 195 of the SAC, including on the basis that they are argumentative, out-of-context and attempt to draw legal conclusions.

196.   Defendants deny each of the allegations in paragraph 196 of the SAC.

197.   Defendants admit that on October 3, 2018, Hanmi entered into an agreement to extend the maturity of the Broadway Loan from September 15, 2018 to November 2, 2018.  The agreement speaks for itself.  To the extent the allegations in paragraph 197 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 197 and on that basis deny each of them.  Defendants deny each of the remaining allegations in paragraph 197 of the SAC, including on the basis that they are argumentative, vague, and out of context.

198.   Defendants admit that on December 24, 2018, Hanmi entered into an agreement to extend the maturity of the Broadway Loan from November 2, 2018, to January 31, 2019.  The agreement speaks for itself.  To the extent the allegations in paragraph 198 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 198 and on that basis deny each of them. Defendants deny each of the remaining allegations in paragraph 198 of the SAC, including on the basis that they are argumentative, vague, and out of context.

199. Defendants admit that as part of the Fourth Broadway Restructuring, Hanmi added Caribou as an additional debtor by lending Caribou money to pay off a portion of the Broadway Loan. The GAAP and the ASC provisions speak for themselves. To the extent the allegations in paragraph 199 of the SAC accurately reflect the contents of those standards and provisions, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate. Defendants deny each of the remaining allegations in paragraph 199 of the SAC, including those that attempt to draw a legal conclusion.

200. Defendants admit that Hanmi reported $16.2 million in NPAs and a 0.29% NPA Ratio. Defendants deny each of the remaining allegations in paragraph 200 of the SAC, including on the basis that they are argumentative and attempt to draw legal conclusions.

201. Defendants admit the allegations in the first sentence of paragraph 201. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 201 of the SAC and on that basis deny each of them.

202. Hanmi's 2018 Form 10-K speaks for itself. To the extent the allegations in paragraph 202 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 202 of the SAC.

203. Defendants deny each of the allegations in paragraph 203 of the SAC.

204. The GAAP, Hanmi's accounting policies, and Hanmi's Form 2018 10-K speak for themselves. To the extent the allegations in paragraph 204 of the SAC

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO
SECOND AMENDED COMPLAINT

accurately reflect the contents of those standards, policies, and documents, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate. Defendants deny each of the remaining allegations in paragraph 204 of the SAC, including those that attempt to draw a legal conclusion.

205. GAAP, Hanmi's accounting policies, and Hanmi's Form 2018 10-K speak for themselves. To the extent the allegations in paragraph 205 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate. Defendants deny each of the remaining allegations in paragraph 205 of the SAC, including those that attempt to draw a legal conclusion.

206. GAAP, Hanmi's accounting policies, and Hanmi's Form 2018 10-K speak for themselves. To the extent the allegations in paragraph 206 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate. Defendants deny each of the remaining allegations in paragraph 206 of the SAC, including those that attempt to draw a legal conclusion.

207. GAAP, Hanmi's accounting policies, and Hanmi's Form 2018 10-K speak for themselves. To the extent the allegations in paragraph 207 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate. Defendants deny each of the remaining allegations in paragraph 207 of the SAC, including those that attempt to draw a legal conclusion.

208. Hanmi's 2018 Form 10-K speaks for itself. To the extent the allegations in paragraph 208 of the SAC are based on the contents of that document,

Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 208 of the SAC.

209.   GAAP, Hanmi's accounting policies, and Hanmi's Form 2018 10-K speak for themselves.  To the extent the allegations in paragraph 209 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate.  Defendants deny each of the remaining allegations in paragraph 209 of the SAC, including those that attempt to draw a legal conclusion.

210.   Defendants deny each of the allegations in paragraph 210 of the SAC, including those that attempt to draw a legal conclusion.

211.   To the extent the allegations in paragraph 211 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 211 of the SAC.

212.   Hanmi's 2018 Form 10-K speaks for itself.  To the extent the allegations in paragraph 212 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 212 of the SAC.

213.   Defendants deny each of the allegations in paragraph 213 of the SAC, including on the basis that they are argumentative and attempt to draw legal conclusions.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 43 -

ANSWER TO
SECOND AMENDED COMPLAINT

214.   Defendants admit that Hanmi issued the Caribou Loan on December 26, 2018.  Defendants deny each of the remaining allegations in paragraph 214 of the SAC, including on the basis that they are argumentative and attempt to draw legal conclusions.

215.   Defendants admit that Harrah's collection of cars served as collateral for the Caribou Loan.  Defendants further admit that Hanmi received a letter dated October 18, 2018, from Custom Auto Service.  The Custom Auto Service letter speaks for itself.  To the extent the allegations in paragraph 215 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 215 of the SAC, including on the basis that they are argumentative, vague, and out of context.

216.   Paragraph 216 is a duplicate of paragraph 62.  The Custom Auto Service letter speaks for itself.  To the extent the allegations in paragraph 216 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 216 of the SAC, including on the basis that they are argumentative, vague, and out of context.

217.   The Declaration of Matthew D. Fuhr speaks for itself.  To the extent the allegations in paragraph 217 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in paragraph 217 of the SAC and on that basis deny each them, including those that attempt to draw legal conclusions.

218. Defendants admit the allegations in paragraph 218 of the SAC.

219. Mr. Kum's presentation speaks for itself. To the extent the allegations in paragraph 219 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 219 of the SAC.

220. Mr. Kum's presentation speaks for itself. To the extent the allegations in paragraph 220 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 220 of the SAC.

221. Mr. Kum's presentation speaks for itself. To the extent the allegations in paragraph 221 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 221 of the SAC.

**D.    Hanmi's Q1 2019 Financial Results**

222. Defendants admit that on April 23, 2019, Hanmi filed a Form 8-K with the SEC attaching a press release for the quarter ended March 31, 2019. The press release speaks for itself. To the extent the allegations in paragraph 222 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing

of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 222 of the SAC.

223.  Defendants admit the allegations in the first two sentences of paragraph 223.  The transcript of the April 23, 2019, investor call speaks for itself.  To the extent the allegations in paragraph 223 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 223 of the SAC.

224.  Defendants deny each of the allegations in paragraph 224 of the SAC, including those that attempt to draw a legal conclusion.

225.  Defendants admit that Hanmi filed its quarterly report for the quarter ended March 31, 2019 on a Form 10-Q with the SEC ("Q1 2019 10-Q").  Hanmi's Q1 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 225 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 225 of the SAC.

226.  Hanmi's Q1 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 226 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 226 of the SAC.

227.  Defendants deny each of the allegations in paragraph 227 of the SAC.

228.  Defendants deny each of the allegations in paragraph 228 of the SAC.

229. Defendants admit that on February 22, 2019, Hanmi entered into an agreement to extend the maturity of the Broadway Loan. That agreement speaks for itself. To the extent the allegations in paragraph 229 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 229 of the SAC, including on the basis that they are argumentative, vague, and out of context.

230. Defendants admit that on February 25, 2019, Hanmi entered into an agreement to modify the Caribou Loan. That agreement speaks for itself. To the extent the allegations in paragraph 230 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 230 of the SAC, including on the basis that they are argumentative, vague, and out of context.

231. Defendants admit that Hanmi reported $40.7 million in NPAs and a 0.73% NPA Ratio. Defendants deny each of the remaining allegations in paragraph 231 of the SAC, including on the basis that they are argumentative and attempt to draw a legal conclusion.

232. Defendants admit the allegations in the first sentence of paragraph 232. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 232 of the SAC and on that basis deny each of them.

233. Defendants admit the allegations in the first sentence of paragraph 233. Defendants deny each of the allegations in paragraph 233 of the SAC.

234.   Defendants admit that Hanmi received a letter from Custom Auto Service that was accompanied by a booklet.  These documents speak for themselves.  To the extent the allegations in paragraph 234 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 234 of the SAC and on that basis deny each them.

235.   Hanmi's Q2 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 235 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 235 of the SAC.

236.   Defendants admit that Hanmi reported $25.1 million in impaired loans.  Defendants deny each of the remaining allegations in paragraph 236 of the SAC.

237.   Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 237 of the SAC accurately reflect the contents of those policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the policies is accurate.  Defendants deny each of the remaining allegations in paragraph 237 of the SAC, including those that attempt to draw a legal conclusion.

238.   Hanmi's Q1 2019 10-Q, GAAP, and Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 238 of the SAC accurately reflect the contents of those documents, standards, and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the documents, standards, or policies is accurate.  Defendants deny each

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 48 -

ANSWER TO
SECOND AMENDED COMPLAINT

of the remaining allegations in paragraph 238 of the SAC, including those that attempt to draw a legal conclusion.

239.   GAAP and Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 239 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate.  Defendants deny each of the remaining allegations in paragraph 239 of the SAC, including those that attempt to draw a legal conclusion.

240.   GAAP and Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 240 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate.  Defendants deny each of the remaining allegations in paragraph 240 of the SAC, including those that attempt to draw a legal conclusion.

241.   Hanmi's Q2 2018 10-Q speaks for itself.  To the extent the allegations in paragraph 241 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 241 of the SAC.

242.   Hanmi's Q2 2018 Form 10-Q, GAAP, and Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 242 of the SAC accurately reflect the contents of those documents, standards, and policies, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the documents, standards, or policies is accurate.  Defendants deny each of the remaining allegations in paragraph 242 of the SAC, including those that attempt to draw a legal conclusion.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 49 -

ANSWER TO
SECOND AMENDED COMPLAINT

243.   Hanmi's Q2 2018 10-Q speaks for itself.  To the extent the allegations in paragraph 243 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 243 of the SAC.

244.   To the extent the allegations in paragraph 244 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 244 of the SAC.

245.   Hanmi's Q1 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 245 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 245 of the SAC.

246.   Defendants deny each of the allegations in paragraph 246 of the SAC.

247.   Defendants deny each of the allegations in paragraph 247 of the SAC.

248.   Paragraph 248 is a duplicate of paragraph 215.  Defendants admit that Harrah's collection of cars served as collateral for the Caribou Loan.  Defendants further admit that Hanmi received a letter dated October 18, 2018, from Custom Auto Service.  The Custom Auto Service letter speaks for itself.  To the extent the allegations in paragraph 248 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 50 -

ANSWER TO
SECOND AMENDED COMPLAINT

Defendants deny each of the remaining allegations in paragraph 248 of the SAC, including on the basis that they are argumentative, vague, and out of context.

249. Paragraph 249 is a duplicate of paragraphs 216 and 62. The Custom Auto Service letter speaks for itself. To the extent the allegations in paragraph 249 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 249 of the SAC, including on the basis that they are argumentative, vague, and out of context.

250. Paragraph 250 is a duplicate of paragraph 217. The Declaration of Matthew D. Fuhr speaks for itself. To the extent the allegations in paragraph 250 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 250 of the SAC and on that basis deny each them, including those that attempt to draw legal conclusions.

**E. Hanmi's Q2 2019 Financial Results**

251. Defendants admit that on October 4, 2019, Hanmi filed its quarterly report for the quarter ended June 30, 2019 on a Form 10-Q with the SEC ("Q2 2019 10-Q"). Hanmi's Q2 2019 10-Q speaks for itself. To the extent the allegations in paragraph 251 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 251 of the SAC.

252. Hanmi's Q2 2019 10-Q speaks for itself. To the extent the allegations in paragraph 252 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 252 of the SAC.

253. Hanmi's Q2 2019 10-Q speaks for itself. To the extent the allegations in paragraph 253 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 253 of the SAC.

254. Defendants deny each of the allegations in the first sentence of paragraph 254 of the SAC. The GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 254 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 254 of the SAC, including those that attempt to draw a legal conclusion.

255. GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 255 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 255 of the SAC, including those that attempt to draw a legal conclusion.

256. Defendants deny each of the allegations in the first two sentences of paragraph 256 of the SAC. Defendants lack knowledge or information sufficient to

form a belief as to the remaining allegations in paragraph 256 of the SAC and on that basis deny each of them.

257. Hanmi's Q2 2019 10-Q, GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 257 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 257 of the SAC, including those that attempt to draw a legal conclusion.

258. GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 258 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 258 of the SAC, including those that attempt to draw a legal conclusion.

259. Hanmi's Q2 2019 10-Q speaks for itself. To the extent the allegations in paragraph 259 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 259 of the SAC.

260. The GAAP, Hanmi's accounting policies, and Hanmi's Q2 2019 10-Q speak for themselves. To the extent the allegations in paragraph 260 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate. Defendants deny each of the remaining allegations in paragraph 260 of the SAC, including those that attempt to draw a legal conclusion.

261.   The GAAP, Hanmi's accounting policies, and Hanmi's Q2 2019 10-Q speak for themselves.  To the extent the allegations in paragraph 261 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate.  Defendants deny each of the remaining allegations in paragraph 261 of the SAC, including those that attempt to draw a legal conclusion.

262.   Hanmi's 2Q 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 262 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 262 of the SAC.

263.   Hanmi's 2Q 2019 10-Q speaks for itself. To the extent the allegations in paragraph 263 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 263 of the SAC.

264.   Hanmi's 2Q 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 264 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants admit that Hanmi extended the maturity of the Broadway Loan several times.  Defendants otherwise deny each of the remaining allegations in paragraph 264 of the SAC.

265.   Hanmi's 2Q 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 265 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants admit that Hanmi extended the maturity of the Broadway Loan several times.  Defendants otherwise deny each of the remaining allegations in paragraph 265 of the SAC.

266.   Hanmi's 2Q 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 266 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 266 of the SAC, including on the basis that they are argumentative and attempt to draw a legal conclusion.

F.    **Hanmi's Q3 2019 Financial Results**

267.   Defendants admit that on November 12, 2019, Hanmi filed its quarterly report for the quarter ended September 30, 2019 on a Form 10-Q with the SEC ("Q3 2019 10-Q").  The Q3 2019 10-Q speaks for itself. To the extent the allegations in paragraph 267 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 267 of the SAC, including those that attempt to draw legal conclusions.

268.   The Q3 2019 10-Q speaks for itself.  To the extent the allegations in paragraph 268 of the SAC are based on the contents of that document, Defendants

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO
SECOND AMENDED COMPLAINT

admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 268 of the SAC, including those that attempt to draw legal conclusions.

269. Paragraph 269 is a duplicate of paragraph 254. Defendants deny each of the allegations in the first sentence of paragraph 269 of the SAC. The GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 269 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 269 of the SAC, including those that attempt to draw a legal conclusion.

270. Paragraph 270 is a duplicate of paragraph 255. The GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 270 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 270 of the SAC, including those that attempt to draw a legal conclusion.

271. Paragraph 271 is a duplicate of paragraph 256 . Defendants deny each of the allegations in the first two sentences of paragraph 271 of the SAC. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 271 of the SAC and on that basis deny each of them.

272. Defendants deny each of the allegations in the first sentence of paragraph 272 of the SAC. The GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 272 of the SAC accurately

reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 272 of the SAC, including those that attempt to draw a legal conclusion.

273. GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 273 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 273 of the SAC, including those that attempt to draw a legal conclusion.

274. Hanmi's Q3 2019 10-Q speaks for itself. To the extent the allegations in paragraph 274 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 274 of the SAC.

275. GAAP, Hanmi's accounting policies, and Hanmi's Q3 2019 10-Q speak for themselves. To the extent the allegations in paragraph 275 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate. Defendants deny each of the remaining allegations in paragraph 275 of the SAC, including those that attempt to draw a legal conclusion.

276. GAAP, Hanmi's accounting policies, and Hanmi's Q3 2019 10-Q speak for themselves. To the extent the allegations in paragraph 276 of the SAC accurately reflect the contents of those standards, policies, and documents, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards, policies, or documents is accurate. Defendants deny each

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO
SECOND AMENDED COMPLAINT

of the remaining allegations in paragraph 276 of the SAC, including those that attempt to draw a legal conclusion.

### G.   Hanmi's Fiscal Year 2019 Financial Results

277.   Defendants admit the allegations in paragraph 277 of the SAC.

278.   The press release attached to Hanmi's Form 8-K filed on January 28, 2020, speaks for itself.  To the extent the allegations in paragraph 278 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 278 of the SAC.

279.   Defendants admit that Hanmi hosted a conference call on January 28, 2020.  The transcript of that call speaks for itself.  To the extent the allegations in paragraph 279 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 279 of the SAC.

280.   Defendants admit that Hanmi hosted a conference call on January 28, 2020. The transcript of that call speaks for itself. To the extent the allegations in paragraph 280 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 280 of the SAC.

281.   Paragraph 281 is a duplicate of paragraph 234.  Defendants admit that Hanmi received a letter from Custom Auto Service that was accompanied by a booklet.  These documents speak for themselves.  To the extent the allegations in

paragraph 281 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 281 of the SAC and on that basis deny each them.

282. Defendants admit that Hanmi hosted a conference call on January 28, 2020. The transcript of that call speaks for itself. To the extent the allegations in paragraph 282 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 282 of the SAC.

283. To the extent the allegations in paragraph 283 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 283 of the SAC, and on that basis deny each of them.

284. Defendants deny each of the allegations in paragraph 284 of the SAC.

285. Defendants admit that on March 2, 2020, Hanmi filed its annual report for the year ended December 31, 2019 on a Form 10-K with the SEC (the "2019 10-K"). That document speaks for itself. To the extent the allegations in paragraph 285 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization

- 59 -

ANSWER TO
SECOND AMENDED COMPLAINT

and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 285 of the SAC.

286. Hanmi's 2019 10-K speaks for itself. To the extent the allegations in paragraph 286 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 286 of the SAC.

287. Hanmi's 2019 10-K speaks for itself. To the extent the allegations in paragraph 287 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 287 of the SAC.

288. Paragraph 288 duplicates paragraph 254. Defendants deny each of the allegations in the first sentence of paragraph 288. The GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 288 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the remaining allegations in paragraph 288 of the SAC, including those that attempt to draw a legal conclusion.

289. Paragraph 289 duplicates paragraph 255. The GAAP and Hanmi's accounting policies speak for themselves. To the extent the allegations in paragraph 289 of the SAC accurately reflect the contents of those standards and policies, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the standards or policies is accurate. Defendants deny each of the

remaining allegations in paragraph 289 of the SAC, including those that attempt to draw a legal conclusion.

290.   Paragraph 290 duplicates paragraph 256.  Defendants deny each of the allegations in the first two sentences of paragraph 290 of the SAC.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 290 of the SAC, and on that basis deny each of them.

## VII.   ADDITIONAL ALLEGATIONS SUPPORTING SCIENTER

### A.   The Harrah Loans Were Critical to Hanmi's Core Operations

291.   Defendants deny each of the allegations in paragraph 291 of the SAC, including on the basis that they are argumentative, vague, and out of context.

292.   Defendants deny each of the allegations in the first sentence of paragraph 292 of the SAC.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 292 and on that basis deny each of them.

293.   Defendants deny each of the allegations in the first sentence of paragraph 293 of the SAC.  Defendants admit that Hanmi made financial statements.  These documents speak for themselves.  To the extent the remaining allegations in paragraph 293 of the SAC are based on the contents of these documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 293 of the SAC.

294.   Defendants deny each of the allegations in paragraph 294 of the SAC.

295.   Defendants admit that Fuhr is the Chief Credit Administration Officer of Hanmi and is one of Hanmi's five executive officers along with the CEO, COO, CFO, and CRO.  Defendants further admit that Kum went to view the cars and that Harrah filed a declaration stating so.  Defendants deny each of the remaining

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES
- 61 -
ANSWER TO
SECOND AMENDED COMPLAINT

allegations in paragraph 295 of the SAC, including those that attempt to draw a legal conclusion.

### B. The Accounting Principles and Policies Defendants Violated Were Simple, Straightforward, and Essential to Hanmi's Operations as a Bank

296. To the extent the allegations in paragraph 296 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 296 of the SAC.

297. The Interagency Statement speaks for itself. To the extent the allegations in paragraph 297 of the SAC accurately reflect the contents of the Interagency Statement, Defendants admit them. Defendants deny that Plaintiff's characterization and framing of the Interagency Statement is accurate. Defendants deny each of the remaining allegations in paragraph 297 of the SAC, including those that attempt to draw a legal conclusion.

298. Defendants admit that Hanmi issued a press release on July 19, 2019. The press release speaks for itself. To the extent the allegations in paragraph 298 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants deny each of the remaining allegations in paragraph 298 of the SAC.

299. Defendants deny each of the allegations in paragraph 299 of the SAC, including on the basis that they are argumentative, vague, out of context, and attempt to draw legal conclusions.

300. The GAAP and the ASC provisions speak for themselves. To the extent the allegations in paragraph 300 of the SAC accurately reflect the contents of

those standards and provisions, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the standards or provisions is accurate. Defendants deny each of the remaining allegations in paragraph 300 of the SAC, including those that attempt to draw a legal conclusion.

301.  The Interagency Statement speaks for itself.  To the extent the allegations in paragraph 301 of the SAC accurately reflect the contents of the Interagency Statement, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the Interagency Statement is accurate.  Defendants deny each of the remaining allegations in paragraph 301 of the SAC, including those that attempt to draw a legal conclusion.

302.  Hanmi's financial statements and the Interagency Statement speak for themselves.  To the extent the allegations in paragraph 302 of the SAC accurately reflect the contents of these documents, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of these documents is accurate. Defendants deny each of the remaining allegations in paragraph 302 of the SAC, including those that attempt to draw a legal conclusion.

303.  Defendants deny each of the allegations in paragraph 303 of the SAC, including on the basis that they are argumentative, vague, out of context, and attempt to draw legal conclusions.

304.  The Interagency Statement and publications by the SEC speak for themselves.  To the extent the allegations in paragraph 304 of the SAC accurately reflect the contents of these documents, Defendants admit them.  Defendants deny that Plaintiff's characterization and framing of the documents is accurate. Defendants deny each of the remaining allegations in paragraph 304 of the SAC, including those that attempt to draw a legal conclusion.

305.  Hanmi's accounting policies speak for themselves.  To the extent the allegations in paragraph 305 of the SAC accurately reflect the contents of those policies, Defendants admit them.  Defendants deny that Plaintiff's characterization

and framing of the policies is accurate.  Defendants deny each of the remaining allegations in paragraph 305 of the SAC, including those that attempt to draw a legal conclusion.

### C.   The High Volume of Suspicious Personnel Decisions Supports a Strong Inference of Scienter

306.   Defendants deny each of the allegations in the first sentence of paragraph 306 of the SAC.  Defendants admit that on April 12, 2019, Hanmi filed a Proxy Statement.  Hanmi's Proxy Statement speaks for itself.  To the extent the allegations in paragraph 306 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate. Defendants admit that on May 22, 2019, investors voted to ratify the appointment of KPMG by a vote of 27,743,487 to 731,601.  Defendants deny each of the remaining allegations in paragraph 306 of the SAC.

307.   To the extent the allegations in paragraph 307 of the SAC are based on the contents of Hanmi's written statements, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the written statements or their contents is accurate. Defendants admit that Hanmi had engaged Crowe for several different consulting, tax, and auditing services from 2014 through 2018, but deny that such engagements interfered with Crowe's independent status. Defendants deny each of the remaining allegations in paragraph 307 of the SAC.

308.   To the extent the allegations in paragraph 308 of the SAC are based on the contents of Hanmi's written statements, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing

of the written statements or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 308 of the SAC.

309.   To the extent the allegations in paragraph 309 of the SAC are based on the contents of Hanmi's written statements, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the written statements or their contents is accurate.  Defendants deny each of the remaining allegations in paragraph 309 of the SAC.

310.   Defendants admit the allegations in paragraph 310 of the SAC.

**D.     Defendants' Financial Motivation to Conceal Losses From the Harrah Loans Support a Strong Inference of Scienter**

311.   Defendants deny each of the allegations in paragraph 311 of the SAC.

312.   Hanmi's 2020 Proxy Statement speaks for itself.  To the extent the allegations in paragraph 312 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 312 of the SAC.

313.   Hanmi's 2019 Proxy Statement speaks for itself.  To the extent the allegations in paragraph 313 of the SAC are based on the contents of that document, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them.  Defendants deny that Plaintiff's characterization and framing of the document or its contents is accurate.  Defendants deny each of the remaining allegations in paragraph 313 of the SAC.

**E.     Defendants' Attempts to Conceal Basic Information About the Harrah Loans Demonstrates Their Intent To Hide The Loans From Investors**

314.   To the extent the allegations in paragraph 314 of the SAC are based on the contents of written documents, Defendants admit that where such allegations

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 65 -

ANSWER TO
SECOND AMENDED COMPLAINT

accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 314 of the SAC.

315. To the extent the allegations in paragraph 315 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 315 of the SAC.

316. To the extent the allegations in paragraph 316 of the SAC are based on the contents of written documents, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants deny each of the remaining allegations in paragraph 316 of the SAC.

F.    **Hanmi's Attempt to Use Price-Inflated Shares as Merger Currency Creates an Inference of Scienter**

317. Defendants admit that on May 21, 2018, Hanmi announced that it had entered into an agreement to acquire SWNB, Bancorp. ("SWNB"), which is on information and belief a privately-held bank holding company for Southwester National Bank. Hanmi's May 21, 2018 announcement speaks for itself. To the extent the allegations in paragraph 317 of the SAC are based on the contents of that announcement, Defendants admit that where such allegations accurately reflect the contents, such statements exist, but Defendants otherwise deny them. Defendants deny that Plaintiff's characterization and framing of the documents or their contents is accurate. Defendants admit that Hanmi's closing stock price per share was

$28.65 on May 18, 2018.  Defendants deny each of the remaining allegations in paragraph 317 of the SAC.

318.   Defendants deny each of the allegations in paragraph 318 of the SAC.

319.   Defendants admit that Hanmi's share price was $25.65 on August 8, 2018 and that Hanmi made a new offer based on 70% Hanmi stock and 30% cash. Defendants deny each of the remaining allegations in paragraph 319 of the SAC.

## VIII.  PLAINTIFF'S CLASS ACTION ALLEGATIONS

320.   Defendants admit that Plaintiff purports to bring this action as a class action on behalf of a putative class as defined in paragraph 320 of the SAC. Defendants deny each of the remaining allegations in paragraph 320 of the SAC.

321.   Defendants admit that throughout the alleged Class Period, Hanmi securities were actively traded on the Nasdaq.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 321 of the SAC and on that basis deny each of them, including those that attempt to draw legal conclusions.

322.   Defendants deny each of the allegations in paragraph 322 of the SAC, including those that attempt to draw legal conclusions.

323.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 323 of the SAC and on that basis deny each of them, including those that attempt to draw legal conclusions.

324.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 324 of the SAC and on that basis deny each of them, including those that attempt to draw legal conclusions.

325.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325 of the SAC and on that basis deny each of them, including those that attempt to draw legal conclusions.

326.   On information and belief, Defendants admit that Plaintiff will make the arguments stated in paragraph 326 of the SAC but denies each of the remaining

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 67 -

ANSWER TO
SECOND AMENDED COMPLAINT

allegations in paragraph 326, including those that attempt to draw legal conclusions.

327. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 327 of the SAC and on that basis deny each of them, including those that attempt to draw legal conclusions.

328. Defendants deny each of the allegations in paragraph 328 of the SAC, including those that attempt to draw legal conclusions.

## IX. CAUSES OF ACTION

### COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5 Against All Defendants

329. Defendants repeat and incorporate by reference each and every response set forth above as if fully set forth herein.

330. Defendants admit that the SAC asserts claims under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, but deny liability for those claims and otherwise deny each of the remaining allegations in paragraph 330 of the SAC.

331. Defendants deny each of the allegations in paragraph 331 of the SAC, including those that attempt to draw legal conclusions.

332. Defendants deny each of the allegations in paragraph 332 of the SAC, including those that attempt to draw legal conclusions.

333. Defendants deny each of the allegations in paragraph 333 of the SAC, including those that attempt to draw legal conclusions.

334. Defendants deny each of the allegations in paragraph 334 of the SAC, including those that attempt to draw legal conclusions.

335. Defendants deny each of the allegations in paragraph 335 of the SAC, including those that attempt to draw legal conclusions.

336. Defendants deny each of the allegations in paragraph 336 of the SAC, including those that attempt to draw legal conclusions.

337. Defendants deny each of the allegations in paragraph 337 of the SAC, including those that attempt to draw legal conclusions.

338. Defendants deny each of the allegations in paragraph 338 of the SAC, including those that attempt to draw legal conclusions.

## COUNT II

### Violation of Section 20(a) of The Exchange Act Against The Individual Defendants

339. Defendants repeat and incorporate by reference each and every response set forth above as if fully set forth herein.

340. Defendants admit that the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Defendants deny each of the remaining allegations in paragraph 340 of the SAC, including those that attempt to draw legal conclusions.

341. Defendants admit the allegations in paragraph 341 of the SAC.

342. Defendants deny each of the allegations in paragraph 342 of the SAC, including those that attempt to draw legal conclusions.

343. Defendants deny each of the allegations in paragraph 343 of the SAC, including those that attempt to draw legal conclusions.

344. Defendants deny each of the allegations in paragraph 344 of the SAC, including those that attempt to draw legal conclusions.

## X.    PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested in Section X of the SAC or to any other relief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the SAC as a whole, and to each claim for relief set forth therein, and without shifting the burden of proof as to any of them, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

The SAC, and each claim for relief set forth therein, is barred because Defendants' actions were at all times reasonable and were taken in the good faith exercise of its reasonable professional and business judgment.  Moreover, Defendants at all relevant times exercised due care and acted in good faith regarding all acts alleged in the SAC.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

The SAC, and each claim for relief set forth therein, is barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (No Damages)

The SAC, and each claim for relief set forth therein, is barred by Plaintiff's failure to establish any loss, injury, or damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

The SAC, and each claim for relief set forth therein, is barred by Plaintiff's failure to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

The SAC, and each claim for relief set forth therein, is barred by the doctrine of waiver.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO
SECOND AMENDED COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The SAC, and each claim for relief set forth therein, is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The SAC, and each and every claim or cause of action stated therein, is barred because Plaintiff would be unjustly enriched if allowed to recover anything from Defendants under the Complaint.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently has insufficient knowledge or information upon which to form a belief as to whether there may be other as yet unstated defenses available to it and therefore expressly reserves the right to:  (a) amend or supplement its Answer, defenses, and all other pleadings; and (b ) assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1.     That Plaintiff take nothing by way of its SAC;

2.     That Defendants be dismissed from this action with prejudice and that judgment thereon be entered in favor of Defendants on all of Plaintiff's claims; and

///

///

///

///

///

///

///

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO
SECOND AMENDED COMPLAINT

3.    For such other and further relief as the Court may deem just and proper.

DATED:  September 29, 2022    Naeun Rim
MANATT, PHELPS & PHILLIPS, LLP


By:    _/s/ Naeun Rim_
            Naeun Rim


Ekwan E. Rhow
Darren L. Patrick
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C


By:    _/s/ Ekwan E. Rhow_
            Ekwan E. Rhow

Attorneys for Defendants Hanmi Financial Corporation, Bonita I. Lee, Romolo C. Santarosa, and C.G. Kum

## DEMAND FOR TRIAL BY JURY

Defendants Hanmi Financial Corporation, Bonita I. Lee, Romolo C. Santarosa, and C. G. Kum (collectively, "Defendants") hereby demand a trial by jury.

DATED:  September 29, 2022    Naeun Rim
MANATT, PHELPS & PHILLIPS, LLP


By:    _/s/ Naeun Rim_
            Naeun Rim

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 72 -

ANSWER TO
SECOND AMENDED COMPLAINT

Ekwan E. Rhow
Darren L. Patrick
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C


By:      /s/ Ekwan E. Rhow
                 Ekwan E. Rhow


Attorneys for Defendants Hanmi Financial Corporation, Bonita I. Lee, Romolo C. Santarosa, and C.G. Kum

## ATTESTATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer attests that all signatories listed, and on whose behalf this filing is submitted, concur in its content and have authorized the filing.


DATED:  September 29, 2022      Naeun Rim
                                MANATT, PHELPS & PHILLIPS, LLP


By:      /s/ Naeun Rim
                 Naeun Rim

Manatt, Phelps & Phillips, LLP
Attorneys at Law
Los Angeles

- 73 -

ANSWER TO
SECOND AMENDED COMPLAINT