Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Daniel Tyre-Karp (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: dtyrekarp@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILLYOUNG OH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANMI FINANCIAL CORPORATION, C. G. KUM, BONITA I. LEE, and ROMOLO C. SANTAROSA,<br><br>Defendants. | Case No. 2:20-cv-02844-FLA-JC<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: July 21, 2023<br>Time: 1:30 p.m.<br>Courtroom: 6B<br>Judge: Fernando L. Aenlle-Rocha |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2:20-cv-02844-FLA-JC

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT.....................................................................1

II.     OVERVIEW OF THE LITIGATION...........................................................2

        A.   Plaintiff's Allegations..................................................................2

        B.   Procedural History and Settlement..............................................3

III.    THE COURT SHOULD CERTIFY THE SETTLEMENT CLASS ..............4

        A.   The Settlement Class Satisfies Rules 23(a)...............................5

             1.   Numerosity................................................................5

             2.   Commonality .............................................................5

             3.   Typicality ..................................................................6

             4.   Adequacy ...................................................................6

        B.   The Settlement Class Satisfies Rule 23(b)(3)............................8

             1.   Predominance..............................................................8

             2.   Superiority..................................................................9

        C.   Ascertainability.........................................................................10

IV.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL..........10

        A.   Plaintiff and Lead Counsel Adequately Represented the Class ...........12

        B.   The Settlement is the Product of Arm's-Length Negotiations.............13

        C.   The Relief Provided to the Class is Adequate....................................13

i

1. The Strength of Plaintiff's Case and the Risk, Expense, Complexity, and Likely Duration of Continued Litigation ..........14

2. Risk of Maintaining Class Action Status Through Trial .............16

D. The Remaining Rule 23(e)(2)(C) Factors Support Approval...............16

1. The Methods of Distributing Relief and Processing Claims ........16

2. Proposed Attorneys' Fees ...........................................................17

3. Other Agreements .......................................................................17

E. The Proposed Settlement Does Not Unjustly Favor Any Settlement Class Member, Including Plaintiff .......................................................17

F. The Remaining Ninth Circuit Factors Favor Approval........................18

1. The Amount Offered in Settlement .............................................18

2. The Extent of Discovery and Stage of Proceedings ....................20

3. Experienced Counsel's Recommendations ..................................21

V. THE COURT SHOULD APPROVE THE NOTICE PLAN.......................21

A. The Notice Plan is Adequate ..............................................................21

B. The Notice is Adequate .......................................................................22

VI. PROPOSED SCHEDULE ........................................................................23

VII. CONCLUSION .......................................................................................24

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997) .................................................................................................8, 9

*Baker v. SeaWorld Ent., Inc.*,
No. 14CV2129-MMA (AGS), 2020 WL 818893 (S.D. Cal. Feb. 19, 2020) ......22

*Booth v. Strategic Realty Tr., Inc.*,
No. 13-CV-04921-JST, 2015 WL 3957746 (N.D. Cal. June 28, 2015) ..............10

*Cheng Jiangchen v. Rentech, Inc.*,
No. CV 17-1490-GW(FFMX), 2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) ...17

*Christine Asia Co. v. Yun Ma*,
No. 115MD02631CMSDA, 2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ........17

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .................................................................... *passim*

*Hefler v. Wells Fargo & Co.*,
No. 16-CV-05479-JST, 2018 WL 4207245 (N.D. Cal. Sept. 4, 2018) ...............18

*Hefler v. Wells Fargo & Co.*,
No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ..............14

*In re "Agent Orange" Prod.* Liab. Litig.,
597 F. Supp. 740 (E.D.N.Y. 1984) ....................................................................19

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
298 F.R.D. 171 (S.D.N.Y. 2014) .......................................................................22

*In re Audioeye, Inc., Sec. Litig.*,
No. CV-15-00163-TUC-DCB, 2017 WL 5514690 (D. Ariz. May 8, 2017) .......17

*In re China Med. Corp. Sec. Litig.*,
  No. 8:11-1061-JST (ANX), 2013 WL 12126754 (C.D. Cal. May 16, 2013)....5, 8

*In re China Med. Corp. Sec. Litig.*,
  No. 8:11-1061 JLS (ANX), 2014 WL 12581781 (C.D. Cal. Jan. 7, 2014) .........13

*In re Cooper Companies Inc. Sec. Litig.*,
  254 F.R.D. 628 (C.D. Cal. 2009) ...........................................................................8

*In re Heritage Bond Litig.*,
  No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ................10

*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019)..............................................................................10

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007).............................................................14

*In re Juniper Networks, Inc. Sec. Litig.*,
  264 F.R.D. 584 (N.D. Cal. 2009)......................................................................5, 6

*In re Marsh & McLennan Companies, Inc. Sec. Litig.*,
  No. 04 CIV. 8144 (CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) ............22

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000)........................................................................ *passim*

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................16, 19

*In re Regulus Therapeutics Inc. Sec. Litig.*,
  No. 3:17-CV-182-BTM-RBB, 2020 WL 6381898 (S.D. Cal. Oct. 30, 2020) ....19

*In re Rent-Way Sec. Litig.*,
  305 F. Supp. 2d 491 (W.D. Pa. 2003)...............................................................16

*In re Silver Wheaton Corp. Sec. Litig.*,
  No. 2:15-cv-05146-CAS-JEMx, 2017 WL 2039171 (C.D. Cal. May 11, 2017) ....
  ...............................................................................................................4, 6, 7

iv

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  535 F. Supp. 2d 249 (D.N.H. 2007) ........................................................................15

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. L*iab. Litig.,
  No. 2672 CRB (JSC), 2016 WL 6248426 (N.D. Cal. Oct. 25, 2016) .................20

*In re Wireless Facilities, Inc. Sec. Litig. II*,
  253 F.R.D. 607 (S.D. Cal. 2008) .......................................................................14

*In re Zynga Inc. Sec. Litig.*,
  No. 12-CV-04007-JSC, 2015 WL 6471171 (N.D. Cal. Oct. 27, 2015) ........6, 8, 9

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................7

*Middlesex Cty. Ret. Sys. v. Semtech Corp.*,
  No. 07-cv-7114-CAS-FMOx, 2010 WL 11507255 (C.D. Cal. Aug. 27, 2010) 6, 7

*Mild v. PPG Indus., Inc.*,
  No. 218CV04231RGKJEM, 2019 WL 3345714 (C.D. Cal. July 25, 2019) .......12

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .......................................................................21

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
  238 F.R.D. 482 (C.D. Cal. 2006) .........................................................................8

*O'Connor v. Boeing N. Am., Inc.*,
  184 F.R.D. 311 (C.D. Cal. 1998) .......................................................................10

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) ....................................................................... *passim*

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ..............................................................................22

*Salazar v. Midwest Servicing Grp., Inc.*,
  No. 17-CV-0137-PSG-KS, 2018 WL 3031503 (C.D. Cal. June 4, 2018)..........15

v

*Satchell v. Fed. Express Corp.*,
   No. C 03 2878 SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) .......................13

*Turocy v. El Pollo Loco Holdings, Inc.*,
   No. 15-cv-1343-DOC-KESx, 2018 WL 3343493 (C.D. Cal. July 3, 2018)..........4

*Vikram v. First Student Mgmt., LLC*,
   No. 17-CV-04656-KAW, 2019 WL 1084169 (N.D. Cal. Mar. 7, 2019) ............19

*Vinh Nguyen v. Radient Pharms. Corp.*,
   287 F.R.D. 563 (C.D. Cal. 2012) ........................................................................5

*Vinh Nguyen v. Radient Pharms. Corp.*,
   No. SACV 11-00406 DOC, 2014 WL 1802293 (C.D. Cal. May 6, 2014)......7, 18

*Wong v. Arlo Techs., Inc.*,
   No. 5:19-CV-00372-BLF, 2021 WL 1531171 (N.D. Cal. Apr. 19, 2021)..........13

**Statutes**

15 U.S.C. § 78u-4(a)(7)(A)-(F) ...............................................................................23

28 U.S.C. §1715.......................................................................................................22

**Rules**

Fed. R. Civ. P. 23.................................................................................... *passim*

vi

Lead Plaintiff Killyoung Oh ("Plaintiff") submits this memorandum in support of the Motion for Preliminary Approval of Class Action Settlement. Plaintiff requests that the Court: (1) preliminarily certify the Settlement Class and appoint class representative and class counsel; (2) preliminarily approve the Settlement on the terms set forth in the Stipulation of Settlement dated June 23, 2023 ("Stipulation"), filed herewith; (3) approve the proposed form and method of notice to the Settlement Class; and (4) schedule a Settlement Hearing to consider final approval of the Settlement and related matters.[1]

## I.   PRELIMINARY STATEMENT

The Parties reached a settlement to resolve the claims in the above-captioned securities class action ("Action") for $3,000,000 ("Settlement"). The Settlement provides a fair, reasonable, and adequate result despite significant risk. Plaintiff now seeks preliminary approval of the Settlement. Preliminary approval does not require the Court to determine whether it should grant final approval of the Settlement. Rather, the Court need only determine whether the Settlement is *approvable*, in that it falls within the range that the Court reasonably could approve. If the Court grants preliminary approval, Plaintiff will provide notice to the Settlement Class, soliciting claims, objections to, and exclusions from, the Settlement. At the Settlement Hearing, with the Settlement Class Members' reactions in hand, the Court will determine whether to grant final approval of the Settlement.

If litigation continued, Plaintiff faced several obstacles including disputes over the amount of potentially recoverable damages, the availability of proof, Defendants' potential defenses, the risks of prosecuting this litigation through trial,

---

[1] All capitalized terms not otherwise defined shall have the same meanings ascribed to them in the Stipulation.

1

and the real danger that Plaintiff would not be able to obtain a larger sum. Fully informed, the Parties engaged in arm's-length settlement discussions guided by an experienced mediator, resulting in the Settlement.

The Court must also preliminarily certify the Settlement Class to allow for notice to be distributed to Settlement Class Members. Certification of a settlement class is nearly automatic in securities class actions, and this case is no outlier.

Lastly, the Court must approve how notice of the settlement will be communicated to Settlement Class Members ("Notice Plan") and the proposed documents that Plaintiff will use to communicate notice – the Long Notice, Summary Notice, and Postcard Notice (together, "Notice").[2] Here, the Notice and the Notice Plan closely track the forms and methods routinely used to communicate notice in securities class actions, and they satisfy the requirements of Rule 23. For these reasons the Court should preliminarily certify the Settlement Class and preliminarily approve the Settlement, Notice, and Notice Plan.

## II.   OVERVIEW OF THE LITIGATION

### A.   Plaintiff's Allegations

Hanmi is a bank holding company. Plaintiff alleges that Hanmi's financial statements throughout the Settlement Class Period materially overstated its income by concealing over $40 million in nonperforming loans and over $25 million in loan losses that were required to be disclosed under Generally Accepted Accounting Principles. The loans in question were to developer Michael Harrah, who defaulted multiple times and for who Hanmi continually restructured the loans and accepted collateral worth less than the principal of the loans. Plaintiff further alleges that while they knew these important loans were not being met, Defendants touted

---

[2] Proposed versions of the Long Notice, Summary Notice, and Postcard Notice are attached as Exhibits A-1, A-3, and A-4, respectively, to the Stipulation.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2:20-cv-02844-FLA-JC

Hanmi's "excellent" asset quality and claimed that its asset quality metrics were superior to those of peer banks.

Plaintiff alleges that Hanmi investors only began to learn about the massive underperforming loans in August 2019 when Hanmi's banking examiners forced Defendants to disclose them. Defendants, however, did not come clean immediately but continued to mislead investors for another eight months. Plaintiff alleges that the full truth emerged on April 30, 2020, causing Hanmi's share price to fall 14.3% and about 60% during the Settlement Class Period.

**B.    Procedural History and Settlement**

On March 26, 2020, Plaintiff initiated the action, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. On May 26, 2020, Plaintiff filed a motion seeking appointment as lead plaintiff and approval of lead counsel. On July 21, 2020, Judge Andre Birotte, Jr. appointed Plaintiff as Lead Plaintiff and The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

On September 17, 2020, Plaintiff filed an amended complaint. In response, Defendants filed their motion to dismiss the amended complaint, which was fully briefed on January 15, 2021. On December 30, 2020, the Action was transferred to Judge Fernando L. Aenlle-Rocha. On March 17, 2021, the Court granted the motion to dismiss the amended complaint, permitting Plaintiff leave to amend. Plaintiff timely filed the operative Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC"). On April 15, 2021, the Parties submitted a Joint Rule 26(f) Report. On May 21, 2021, Defendants filed their motion to dismiss the SAC, which was fully briefed on July 21, 2021. On July 23, 2021, Defendants filed a notice of errata and an updated reply. On August 19, 2022, the Court denied the motion to dismiss the SAC.

3

On September 19, 2022, the Court modified the scheduling order. On September 29, 2022, Defendants filed their Answer. The Parties then began to initiate discovery.

In early 2023, the Parties decided to engage in mediation, retaining Jed Melnick of JAMS, a well-respected mediator with experience mediating securities class actions. Prior to the mediation, the Parties exchanged detailed mediation statements. Although the March 2, 2023 mediation session was unsuccessful, the Parties continued negotiations with Mr. Melnick's assistance during the next several weeks. Eventually, on March 24, 2023, the Parties reached an agreement in principle. On April 21, 2023, the Parties executed a binding Term Sheet that set forth the material terms and obligations with respect to the Settlement.

On April 28, 2023, the Parties notified the Court that they reached a settlement in principle, asking that the case be stayed for 30 days in order to document the Settlement, which the Court granted. On June 2, 2023, the Court granted the Parties' request for an additional 21 days to finalize the Settlement documents.

## III.    THE COURT SHOULD CERTIFY THE SETTLEMENT CLASS

In preliminarily approving the proposed Settlement, the Court must consider whether to certify the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3). Plaintiff requests that the Court preliminarily certify a Settlement Class consisting of "all persons and entities who purchased publicly-traded Hanmi common stock between August 9, 2018 and April 30, 2020, both dates inclusive." Stipulation ¶1.34 (defining "Settlement Class" and detailing various exclusions therefrom).

Courts in the Ninth Circuit and within this District routinely certify securities class actions such as this one. *See, e.g., Turocy v. El Pollo Loco Holdings, Inc.*, No. 15-cv-1343-DOC-KESx, 2018 WL 3343493 (C.D. Cal. July 3, 2018); *In re Silver Wheaton Corp. Sec. Litig.*, No. 2:15-cv-05146-CAS-JEMx, 2017 WL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2:20-cv-02844-FLA-JC

2039171 (C.D. Cal. May 11, 2017). The Court should preliminarily certify the Settlement Class to permit notice to Settlement Class Members.

### A.  The Settlement Class Satisfies Rules 23(a)

Rule 23 governs class certification and requires that: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative party are typical of those of the class ("typicality"); and (4) the representative party will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a).

#### 1.  Numerosity

For numerosity purposes, "classes of forty or more are considered sufficiently numerous." *In re China Med. Corp. Sec. Litig.*, No. 8:11-1061-JST (ANX), 2013 WL 12126754, at *2 (C.D. Cal. May 16, 2013). In securities fraud cases involving nationally traded stocks where, as here, "the exact size of the proposed class is unknown, but general knowledge and common sense indicate it is large, the numerosity requirement is satisfied." *Vinh Nguyen v. Radient Pharms. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012); *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 588 (N.D. Cal. 2009) ("Some courts have assumed that the numerosity requirement is met in securities fraud suits involving nationally traded stocks"). The Settlement Class is comprised of purchasers of Hanmi, which traded on NASDAQ during the Class Period. As of May 1, 2020, the day after the Settlement Class Period, there were over 30.6 million shares outstanding. Declaration of Phillip Kim ("Kim Decl."), Ex. 1. Thus, the Settlement Class satisfies numerosity.

#### 2.  Commonality

The "commonality requirement is generally construed liberally," and even one significant common issue of law or fact may suffice to show commonality.

5

*Middlesex Cty. Ret. Sys. v. Semtech Corp.*, No. 07-cv-7114-CAS-FMOx, 2010 WL 11507255, at *3 (C.D. Cal. Aug. 27, 2010). This case involves several common questions of law and fact, including whether: (1) Defendants made false or misleading public statements or omissions during the Class Period; (2) Defendants acted with scienter; (3) Defendants' misrepresentations artificially inflated the market price of Hanmi common stock during the Settlement Class Period; and (4) Settlement Class Members were damaged by Defendants' statements and omissions. Commonality is satisfied even though the amount to which each class member is entitled will differ. *See In re Zynga Inc. Sec. Litig.*, No. 12-CV-04007-JSC, 2015 WL 6471171, at *6 (N.D. Cal. Oct. 27, 2015); *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 588 (N.D. Cal. 2009) ("misrepresentations by a company to its stockholders satisfy the commonality requirement of Rule 23(a)(2)"). Thus, the Settlement Class satisfies commonality.

### 3.  Typicality

"[T]ypicality is satisfied if the plaintiff's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Silver Wheaton*, 2017 WL 2039171 at *7. Where plaintiffs allege that they purchased the security in question and suffered damages as a result of defendants' misstatements or omissions, their claims are typical of the class. *Id.* Plaintiff purchased Hanmi common stock during the Settlement Class Period and suffered losses thereby. *See* Dkt. Nos. 1-1, 13-2. There is no indication that Plaintiff's claims are atypical of those of the Settlement Class, or that unique defenses apply to Plaintiff's claims. *See Semtech*, 2010 WL 11507255 at *4-5. Thus, Plaintiff satisfies the typicality requirement.

### 4.  Adequacy

Representative plaintiffs are adequate if they have no conflicts of interest with the class and show that they and their counsel will prosecute the action

6

vigorously on behalf of the class. *Semtech*, 2010 WL 11507255 at *5. Plaintiff has submitted a certification consistent with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), indicating that he reviewed the complaint and is willing to represent the Class. Dkt. Nos. 1-1, 13-2. There is no indication of any conflict of interest between Plaintiff and the Settlement Class, thus Plaintiff is an adequate class representative. *Silver Wheaton*, 2017 WL 2039171 at *7-8.

As to the adequacy of Lead Counsel, the Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Lead Counsel have been involved in this action from the beginning, conducting a pre-filing investigation, filing an initial complaint, retaining an investigator and an accounting expert, filing the amended complaint and operative SAC, opposing two motions to dismiss, retaining a damages expert to evaluate the case, propounding discovery, preparing a mediation statement, participating in a mediation and subsequent settlement discussions, formalizing the settlement, and filing the instant motion for preliminary approval. Lead Counsel are experienced securities class action attorneys who are knowledgeable and capable of evaluating cases. Courts in this District and around the country have consistently found Rosen Law to be well-suited as class counsel in securities class actions. *E.g., Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) ("The Rosen Law Firm is 'highly qualified [and] experienced' in securities class actions"); *Vinh Nguyen v. Radient Pharms. Corp.*, No. SACV 11-00406 DOC, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) (noting that Rosen Law "took on significant risk in this case, working thoroughly and enthusiastically through extensive litigation that required significant expert involvement" to secure

7

eve-of-trial settlement). Lead Counsel will adequately represent the Settlement Class.

### B.    The Settlement Class Satisfies Rule 23(b)(3)

The Court should preliminarily certify the Settlement Class under Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members ["predominance"], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy ["superiority]." Fed. R. Civ. P. 23(b)(3).

### 1.    Predominance

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," and is "readily met" in securities class actions. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) and 625 (1997). Here, issues surrounding Defendants' alleged misconduct, such as whether their statements were false or misleading, whether they acted with requisite scienter, and whether their conduct caused damages to Plaintiff and the Settlement Class, are common to each member of the Settlement Class. Predominance is satisfied where plaintiffs allege that, as here, "many purchasers have been defrauded over time by similar misrepresentations." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 492 (C.D. Cal. 2006).

Allegations arising under the federal securities laws typically support a finding of predominance as they arise out of common questions and issues. *China Med.*, 2013 WL 12126754, at *5 ("Plaintiff's claims under federal securities laws entail nothing but common questions and issues for the class."); *Zynga*, 2015 WL 6471171, at *7. While the amount of damages may differ among members of the Settlement Class, Plaintiff contends that liability and the proper measure of damages can be determined on a class-wide basis. *In re Cooper Companies Inc.*

8

*Sec. Litig.*, 254 F.R.D. 628, 640 (C.D. Cal. 2009) ("[T]he critical questions of what Defendants said, what they knew, what they withheld, and with what intent they acted, are central to all class members' claims. … Issues such as certain members' damages, timing of sales and purchases, or standing to file suit, do not have the same primacy"). Thus the Settlement Class satisfies predominance.

### 2. Superiority

For a settlement class, superiority is more easily established. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial.").

Other superiority factors also support certification. As the Supreme Court has recognized, "the policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem*, 521 U.S. at 617. Many of the Settlement Class Members are individuals for whom prosecution of a costly individual action for relatively minor damages is not a realistic or efficient alternative. No Settlement Class Members have brought separate claims, which would likely be consolidated into this Action anyway. A class action avoids the duplication of efforts and inconsistent rulings. *Zynga*, 2015 WL 6471171, at *7 (if shareholders "each brought individual actions, they would each be required to prove the same wrongdoing to establish Defendants' liability. Different courts could interpret the claims different, resulting in inconsistent rulings or unfair results."). By efficiently resolving the claims of the entire Settlement Class at once, this Action satisfies the superiority requirement.

The Court should preliminarily certify the Settlement Class as this Action satisfies each of the Rule 23(a) and (b)(3) requirements.

9

## C.    Ascertainability

The Ninth Circuit recognized that certification of settlement classes requires "heightened attention to the definition of the class." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556–57 (9th Cir. 2019). A class definition is approvable "if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). Rarely are there definitional issues for securities class actions settlements as proposed classes for these actions and settlements are definite and ascertainable. Here, the proposed class is clearly defined as investors who purchased publicly traded Hanmi common stock during the Settlement Class Period. *Booth v. Strategic Realty Tr., Inc.*, No. 13-CV-04921-JST, 2015 WL 3957746, at *3 (N.D. Cal. June 28, 2015) (finding the class definition "satisfies the ascertainability requirement, as the class consists of individuals who purchased [company] stock within a discrete time period."). Thus, the Settlement Class definition is suitable for certification and satisfies ascertainability.

## IV.    THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Public policy strongly favors settlements to resolve disputes, "particularly where complex class action litigation is concerned." *Hyundai*, 926 F.3d at 556; *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *2 (C.D. Cal. June 10, 2005) ("the Ninth Circuit has a strong judicial policy that favors [approving] settlements, particularly where complex class action litigation is concerned") (citing *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ("voluntary conciliation and settlement are the preferred means of dispute resolution.")).

Judicial approval is required to settle claims brought as a class action. The issue at preliminary approval turns on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2:20-cv-02844-FLA-JC

judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2) governs final approval and requires courts to determine if a proposed settlement is fair, reasonable, and adequate, in that:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In addition, the Ninth Circuit uses the following factors for preliminary approval, some of which overlap with Rule 23(e)(2): "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).[3]

A preview of the factors courts consider in granting final approval demonstrates that this Settlement is well within the range of possible approval. The proposed Settlement easily satisfies each of the factors identified under Rule

---

[3] Before notice of the Settlement is disseminated, it is not possible to gauge the reaction of the class. Plaintiff, however, supports the Settlement.

23(e)(2), as well as the applicable Ninth Circuit factors. The Court will likely be able to approve the Settlement as fair, reasonable and adequate.

### A.    Plaintiff and Lead Counsel Adequately Represented the Class

Courts must consider whether the "class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). The Ninth Circuit requires courts to resolve two questions to determine adequacy: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[;] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Plaintiff and Lead Counsel have adequately represented the Settlement Class throughout this Action. Plaintiff has no antagonistic interests to other class members, Plaintiff's claims are typical of Settlement Class Members' claims, and Plaintiff shares an interest with the other Settlement Class Members in obtaining the largest possible recovery for the Settlement Class. *Mild v. PPG Indus., Inc.*, No. 218CV04231RGKJEM, 2019 WL 3345714, at *3 (C.D. Cal. July 25, 2019) ("Because Plaintiff's claims are typical of and coextensive with the claims of the Settlement Class, his interest in obtaining the largest possible recovery is aligned with the interests of the rest of the Settlement Class members."). Further, Plaintiff has worked closely with Lead Counsel throughout the pendency of this Action from its initiation to achieve the best possible result for himself and the Settlement Class.

As discussed above, Plaintiff retained highly experienced counsel with a successful track record of representing investors in similar securities cases. *Supra*, Section III(A)(4); *see also* Dkt. No. 13-4 (Firm Resume). Lead Counsel has vigorously prosecuted the Action and will continue to do so through the final settlement approval and distribution process.

12

**B.      The Settlement is the Product of Arm's-Length Negotiations**

Rule 23(e)(2)(B) addresses whether "the [settlement] proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). The use of an experienced mediator further supports satisfaction of this factor. *Satchell v. Fed. Express Corp.*, No. C 03 2878 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

The proposed Settlement followed hard-fought litigation and arm's-length negotiations. These discussions were at all times adversarial, producing a result that the Parties believe to be in their respective best interests. The arm's-length nature of the negotiations and Mr. Melnick's involvement support the conclusion that the Settlement is fair and was achieved free of collusion. *See In re China Med. Corp. Sec. Litig.*, No. 8:11-1061 JLS (ANX), 2014 WL 12581781, at *4 (C.D. Cal. Jan. 7, 2014) (settlement reached as a result of mediation before Mr. Melnick weighs in favor of approval). Thus, the Settlement is procedurally fair.

**C.      The Relief Provided to the Class is Adequate**

The Court must also consider whether "the relief provided for the class is adequate, taking into account . . . the costs, risks, and delay of trial and appeal" along with other relevant factors. Fed. R. Civ. P. 23(e)(2)(C)(i). This requirement incorporates three of the traditional *Hanlon* factors: the strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; and the risk of maintaining class action status through the trial. *Wong v. Arlo Techs., Inc.*, No. 5:19-CV-00372-BLF, 2021 WL 1531171, at *8 (N.D. Cal. Apr. 19, 2021) (*citing Hanlon*, 150 F.3d at 1026). These factors support preliminary approval of the Settlement.

13

### 1.    The Strength of Plaintiff's Case and the Risk, Expense, Complexity, and Likely Duration of Continued Litigation

In assessing whether the Settlement is fair, reasonable, and adequate, the Court must balance the continuing risks of litigation, including the strengths and weaknesses of the case, and the complexity, expense, and likely duration of continued litigation, against the benefits afforded to the Settlement Class, including the immediacy and certainty of a financial recovery. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458, 459 (9th Cir. 2000), *as amended* (June 19, 2000); *Officers for Justice*, 688 F.2d at 625. The risks of continued litigation here are considerable.

Although the SAC survived Defendants' dismissal motion, there are risks to protracted litigation. *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983, at *13 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) ("Courts have recognized that, in general, securities actions are highly complex and that securities class litigation is notably difficult and notoriously uncertain."). Defendants deny any wrongdoing and would present a multi-pronged defense including asserting that Plaintiff misconstrued proper account procedures and as such, there were no material misstatements or omissions and Plaintiff would not be able to prove scienter, loss causation, or damages.

Plaintiff and Lead Counsel believe that the case has merit, but they recognize the significant risk and expense that would be necessary to prosecute Plaintiff's claims successfully through class certification, extensive discovery, summary judgment, trial, and subsequent appeals, as well as the inherent difficulties and delays complex litigation like this entails. *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 612 (S.D. Cal. 2008) (preliminarily approving settlement where "[l]iability remains uncertain" as "it appears to the Court that plaintiffs have a viable claim regarding the alleged securities fraud and Defendants have a viable defense against such claims"); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007) (approving settlement and noting that "the Court also

14

recognizes that the issues of scienter and causation are complex and difficult to establish at trial."). Proving loss causation and damages would also be risky, complicated, and uncertain, involving conflicting expert testimony. *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 260–61 (D.N.H. 2007) ("Proving loss causation would be complex and difficult. Moreover, even if the jury agreed to impose liability, the trial would likely involve a confusing 'battle of the experts' over damages."); *Salazar v. Midwest Servicing Grp., Inc.*, No. 17-CV-0137-PSG-KS, 2018 WL 3031503, at *6 (C.D. Cal. June 4, 2018) (a settlement agreement's elimination of risk, delay, and further expenses weighs in favor of approval).

Additionally, continued litigation would be uncertain, costly, and lengthy. Further litigation would likely require extensive document discovery, depositions of numerous witnesses, submitting expert reports and testimony, overcoming motions for summary judgment, and an expensive and risky trial. Any favorable judgment for the Settlement Class would be subject to post-trial motions and appeal, which could prolong the case for years without certainty of the outcome. By contrast, the Settlement provides a favorable, immediate recovery and eliminates the risk, delay, and expense of continued litigation. While a greater recovery might be a theoretical possibility, evaluating the benefits of settlement must be tempered by recognizing that any compromise involves concessions on the part of all parties. "The very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624.

The Settlement resulted from balancing the risks, costs, and delay inherent in complex cases. Thus, the benefits created by the Settlement weigh heavily in favor of granting the motion for preliminary approval. Considering the risks of continued litigation and the time and expense that would be incurred to prosecute the Action through a trial, the $3,000,000 Settlement is a reasonable and adequate recovery that is in the Settlement Class's best interests.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2:20-cv-02844-FLA-JC

**2.      Risk of Maintaining Class Action Status Through Trial**

The Settlement was reached before Plaintiff moved for class certification. While Plaintiff believes that class certification would be appropriate (*see* Section III), it cannot be assured, and Defendants could attempt to alter or amend a class certification order. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("there is no guarantee the [class] certification would survive through trial, as Defendants might have sought decertification or modification of the class"). "While this may not be a particularly weighty factor, on balance it somewhat favors approval of the proposed Settlement." *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 506–07 (W.D. Pa. 2003).

**D.      The Remaining Rule 23(e)(2)(C) Factors Support Approval**

Rule 23(e)(2)(C)(ii)-(iv) requires courts to consider whether the relief provided for the class is adequate. These factors support approving the Settlement.

**1.      The Methods of Distributing Relief and Processing Claims**

The method for distributing relief to eligible claimants and for processing Settlement Class Members' claims includes standard and effective procedures for processing claims and efficiently distributing the Net Settlement Fund. Plaintiff requests that the Court appoint Strategic Claims Services ("SCS") as Claims Administrator. SCS has substantial experience administering similar settlements. If appointed, SCS will, under Lead Counsel's guidance, process claims, allow Claimants an opportunity to cure any deficiencies or request the Court to review a denial of their Claim(s), and pay Authorized Claimants their *pro rata* share of the Net Settlement Fund pursuant to the Plan of Allocation (the "Plan") set forth in the Long Notice. The method proposed here is both effective and necessary, as neither Plaintiff nor Defendants possess the individual investor trading data required for a process to distribute the Net Settlement Fund.

## 2.     Proposed Attorneys' Fees

The Notice explains that Lead Counsel will apply for attorneys' fees not to exceed one-third of the Settlement, or $1,000,000. An award of attorneys' fees of up to one-third of the Settlement Amount is reasonable and consistent with the fees awarded in similar actions in this Circuit. *E.g., Mego*, 213 F.3d at 463 (affirming fee award of one-third of $1.725 million settlement); *Cheng Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMX), 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) (awarding one-third of $2,050,000 settlement fund where settlement was reached as a motion to dismiss was still pending); *In re Audioeye, Inc., Sec. Litig.*, No. CV-15-00163-TUC-DCB, 2017 WL 5514690, at *4 (D. Ariz. May 8, 2017) (awarding fees of one-third of $1,525,000 settlement). Lead Counsel will receive no payment, and have not, until after the Court issues an order awarding attorneys' fees following the Settlement Hearing.

## 3.     Other Agreements

The Parties executed a standard supplemental agreement providing that if Settlement Class Members opt out such that the number of shares held by those opting out reaches a certain threshold, Hanmi may terminate the Settlement. Stipulation ¶10.3. The terms of the supplemental agreement are kept confidential to avoid incentivizing Settlement Class Members to opt out solely to leverage the threshold to exact an individual settlement, and does not detract from the fairness of the Settlement. *Christine Asia Co. v. Yun Ma*, No. 115MD02631CMSDA, 2019 WL 5257534, at *15 (S.D.N.Y. Oct. 16, 2019) ("This type of agreement is standard in securities class action settlements and has no negative impact on the fairness of the Settlement.").

### E.     The Proposed Settlement Does Not Unjustly Favor Any Settlement Class Member, Including Plaintiff

Courts must also evaluate whether the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(2)(D). The Settlement does

17

not offer preferential treatment to any Settlement Class Member, including Plaintiff. The Plan proposed in the Long Notice provides for distribution of the Net Settlement Fund to Authorized Claimants who suffered losses on their transactions in Hanmi common stock during the Settlement Class Period, based on when each investor purchased, acquired, and/or sold Hanmi common stock. The Plan was developed by Lead Counsel after consulting with the Claims Administrator and Plaintiff's damages expert. All Settlement Class Members' recoveries will be based upon the relative losses they sustained.

Plaintiff will receive a *pro rata* distribution from the Net Settlement Fund per the Plan, just like all other Settlement Class Members. *Vinh Nguyen*, 2014 WL 1802293, at *5 ("A settlement in a securities class action case can be reasonable if it 'fairly treats class members by awarding a pro rata share to every Authorized Claimant, but also sensibly makes interclass distinctions based upon, *inter alia*, the relative strengths and weaknesses of class members' individual claims and the timing of purchases of the securities at issue.'").

Plaintiff will also seek reimbursement of costs incurred representing the Settlement Class, as authorized by the PSLRA. *Mego*, 213 F.3d at 454 (affirming reimbursement to class representative in securities class action settlement).

### F.    The Remaining Ninth Circuit Factors Favor Approval

In *Hanlon*, 150 F.3d 1011, the Ninth Circuit identified additional factors not co-extensive with Rule 23(e)(2). These factors support preliminary approval.

#### 1.    The Amount Offered in Settlement

"To evaluate the adequacy of the settlement amount, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 4207245, at *9 (N.D. Cal. Sept. 4, 2018). The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all

18

possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987); *Vikram v. First Student Mgmt., LLC*, No. 17-CV-04656-KAW, 2019 WL 1084169, at *3 (N.D. Cal. Mar. 7, 2019) ("This determination requires evaluating the relative strengths and weaknesses of the plaintiffs' case"). Evaluation of a settlement must recognize that parties must make compromises to reach an agreement. *Officers for Justice*, 688 F.2d at 624.

The $3,000,000 Settlement Amount is reasonable and warrants preliminary approval. The Settlement recovers approximately 11.86% of the maximum estimated damages of $25,300,000 under Plaintiff's best-case scenario, as estimated by Plaintiff's damages expert. This best-case scenario assumes that: (i) Plaintiff is able to succeed at summary judgment and at trial; (ii) the Court certifies the same class period as the Settlement Class Period; and (iii) the Court and jury accept Plaintiff's damages theory, including proof of loss causation. Anything less than a complete victory would decrease, or potentially eliminate, recoverable damages.

The percentage of maximum damages recovered here evinces a highly favorable result for the class, well above the range of other securities class action settlements with similar total damages. *Omnivision*, 559 F. Supp. 2d at 1042 (approving 9% recovery); *In re Regulus Therapeutics Inc. Sec. Litig.*, No. 3:17-CV-182-BTM-RBB, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) (approving 1.99% recovery); *Officers for Justice*, 688 F.2d at 628 ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair."). According to Cornerstone Research, the median recovery in cases alleging Rule 10b-5 claims with estimated damages between $25,000,000 and $74,000,000 was approximately 8.5% of estimated damages in 2022, and 7.4% between 2013-2021. (Kim Decl., Ex. 2).

19

Further, according to NERA Economic consulting, in 2022 the median recovery in securities class actions was approximately 1.8%. (Kim Decl., Ex. 3).

### 2.      The Extent of Discovery and Stage of Proceedings

In considering a class action settlement, courts look for indications that the parties carefully investigated the claims before reaching a resolution. *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6248426, at *13-*14 (N.D. Cal. Oct. 25, 2016) (discovery is "not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement").

Lead Counsel conducted an extensive investigation of the claims asserted in this Action, including: (i) reviewing Hanmi's SEC filings, press releases, conference calls, and other public statements during the Settlement Class Period; (ii) reviewing public documents, reports, announcements, and news articles concerning Hanmi including research reports by securities and financial analysts; (iii) retaining an investigator and accounting expert; (iv) reviewing and incorporating into the SAC the pleadings and filings from the actions *Hanmi Bank v. Harrah, et. al*., Case No. 20STCV39589 and *Hanmi Bank v. Caribou Ind*., Case No. 20STCV39491, both pending in Los Angeles County Superior Court ("State Actions"), that concern the specific underperforming loans at issue in this Action; (v) researching and drafting several amended complaints including the SAC; and (vi) briefing and successfully opposing motions to dismiss.

Formal discovery had just begun when the Settlement was reached. Although discovery was not yet completed, Plaintiff was in a position to evaluate the strength of the Settlement Class's claims and Defendants' defenses when he agreed to the Settlement. *Mego.*, 213 F.3d at 459 ("[I]n the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement.").

20

Plaintiff had the benefit of the Court's dismissal opinion, Defendants' mediation statement, the filings in the State Actions, and some discovery to assess the Settlement. As a result, Plaintiff and Lead Counsel had an ample understanding of the merits and weaknesses of this Action and the reasonableness of the Settlement.

### 3. Experienced Counsel's Recommendations

Courts also give weight to the opinion of experienced and informed counsel supporting the settlement. *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation"). Lead Counsel have extensive securities litigation experience and obtained a thorough understanding of the merits and risks of the Action. Lead Counsel's support for the reasonableness of this Settlement supports preliminary approval. Defendants are represented by experienced and skilled securities practitioners at Manatt, Phelps & Phillips, LLP and Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., who were at least as well-informed regarding the case, and their representation of Defendants was equally vigorous. The fact that experienced and informed counsel recommended the Settlement supports preliminary approval.

## V. THE COURT SHOULD APPROVE THE NOTICE PLAN

### A. The Notice Plan is Adequate

Rule 23(e) requires that notice of the Settlement be provided to Settlement Class Members in such manner as the Court directs. The proposed Notice Plan includes: (1) emailing links to the Long Notice and Claim Form, or if no email address can be obtained, mailing the Postcard Notice, to Settlement Class Members who can be identified with reasonable effort; (2) posting the Long Notice, Claim Form, and Stipulation on a Settlement website maintained by SCS; (3) allowing Settlement Class Members to submit their claims electronically at the

Settlement website; (4) upon request, mailing copies of the Long Notice and/or Claim Form; and (5) publishing the Summary Notice over *GlobeNewswire* and in print in *Investor's Business Daily.*

Courts routinely find these methods of notice sufficient. "The use of a combination of a mailed post card directing class members to a more detailed online notice has been approved by courts." *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 183 n.3 (S.D.N.Y. 2014) (citing cases); *Baker v. SeaWorld Ent., Inc.*, No. 14CV2129-MMA (AGS), 2020 WL 818893, at *2–*3 (S.D. Cal. Feb. 19, 2020) (approving similar notice program). Defendants will also provide notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 *et seq*. Stipulation ¶5.5.

### B.      The Notice is Adequate

Required by Rule 23(c)(2), the Notice will inform Settlement Class Members of the claims alleged in the Action, the terms of the Settlement, and the right of Settlement Class Members to opt out or object to the Settlement, Plan, and/or the proposed attorneys' fees and expenses. The Ninth Circuit has held that "[n]otice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009). Moreover, the proposed notice program satisfies due process because it includes both individual notice and general publication. *See, e.g., In re Marsh & McLennan Companies, Inc. Sec. Litig.*, No. 04 CIV. 8144 (CM), 2009 WL 5178546, at *23–24 (S.D.N.Y. Dec. 23, 2009).

The proposed Long Notice includes all of the information required by the PSLRA, Federal Rules of Civil Procedure, and due process. The proposed Long Notice provides, in plain English: (a) the rights of Settlement Class Members, including the manner in which they may lodge objections or request exclusion and instructions on how to complete and submit a Claim Form to the Claims

Administrator; (b) the nature, history, progress, and status of the litigation; (c) the proposed Settlement; (d) the process for filing a Claim Form; (e) a description of the proposed Plan; (f) the maximum attorneys' fees and expenses and award to Plaintiff to be sought by Lead Counsel; (g) the definition of the Settlement Class; (h) the reasons the Parties have proposed the Settlement; (i) the estimated distribution per damaged share; (j) the Settlement Class's claims and issues; (k) the Parties' disagreement over damages and liability; (l) contact information for all counsel and the Court; and (m) the time, date, and location of the Settlement Hearing. *See* 15 U.S.C. § 78u-4(a)(7)(A)-(F).

Fed. R. Civ. P. 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." The Notice alerts Settlement Class Members that Lead Counsel will apply to the Court for attorneys' fees of up to one-third of the Settlement Amount, reimbursement of expenses of up to $80,000 and an award to Plaintiff of up to $10,000 to be paid from the Settlement Fund. Accordingly, the Notice Plan and the Notice satisfy the requirements of the Federal Rules of Civil Procedure, the PSLRA, and due process.

## VI.   PROPOSED SCHEDULE

Plaintiff proposes the following schedule as set forth in the Preliminary Approval Order, paragraphs of which are referenced in the chart:

| Event | Deadline for Compliance |
|---|---|
| Settlement Hearing. | At least 100 days from Preliminary Approval Order (¶6) |
| Emailing link to Settlement Webpage/Mailing the Postcard Notice | Within 20 days following Preliminary Approval Order (¶14) |
| Posting Documents on Settlement Website | Within 16 days following entry of the Preliminary Approval Order (¶17) |

| Summary Notice Publication | Within 10 days from emailing link to Long Notice/Mailing Postcard (¶18) |
|---|---|
| Deadline for Motions in Support of: Settlement; and Fees and Expenses | No later than 28 days prior to Settlement Hearing (¶29) |
| Exclusion Requests and Objections Deadline | No later than 21 days prior to Settlement Hearing (¶¶22, 26) |
| Claims Deadline | No later than 30 days prior to Settlement Hearing (¶20(a)) |
| Deadline for Reply Papers in Support of Motions for: Settlement; and Fees and Expenses | No later than 7 days prior to Settlement Hearing (¶30) |

## VII.  CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court: (a) preliminarily certify the Settlement Class; (b) preliminarily approve the Settlement; (c) approve the form and manner of Notice; and (d) set a Settlement Hearing.


Dated: June 23, 2023                                  **THE ROSEN LAW FIRM, P.A.**

*/s/Phillip Kim*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Daniel Tyre-Karp (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: dtyrekarp@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

24

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2:20-cv-02844-FLA-JC

**CERTIFICATE OF COMPLIANCE WITH LR 11-6.2**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 6,998 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 23, 2023                               */s/Phillip Kim*
                                                            Phillip Kim

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2:20-cv-02844-FLA-JC

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am a Partner at The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On June 23, 2023, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 23, 2023.

                              */s/Phillip Kim*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 2:20-cv-02844-FLA-JC