UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILLYOUNG OH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAMNI FINANCIAL<br>CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-02844-FLA (JCx)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [DKT. 80]** |

# RULING

Before the court is Plaintiff Killyoung Oh's ("Plaintiff") Motion for Preliminary Approval of Class Action Settlement (the "Motion"). Dkts. 80 ("Mot."), 81 ("Mot. Br."). Plaintiff moves for preliminary approval of the settlement in this putative class action. Defendants Hamni Financial Corporation ("Hamni"), C.G. Kum, Bonita I. Lee, and Romolo C. Santarosa (collectively, "Defendants") do not oppose the Motion.

On July 17, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for July 21, 2023. Dkt. 84; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion and preliminarily APPROVES the Class Action Settlement.

# BACKGROUND

On March 26, 2020, Plaintiff initiated this action against Defendants, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Dkt. 1 ("Compl."). On July 21, 2020, the court appointed Plaintiff as Lead Plaintiff and The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. Dkt. 24.

On September 17, 2020, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 28. On March 17, 2021, the court granted Defendants' Motion to Dismiss the FAC, with leave to amend. Dkt. 44. Plaintiff thereafter filed a Second Amended Complaint ("SAC"). Dkt. 45 ("SAC"). On August 15, 2022, the court denied Defendants' Motion to Dismiss the SAC. Dkt. 65.

On March 24, 2023, the parties reached an agreement in principle. Mot. Br. at 11.[1] On April 21, 2023, the parties executed a binding term sheet setting forth the material terms and obligations with respect to their settlement. *Id.*

Plaintiff filed the instant Motion on June 23, 2023. Mot. On July 5, 2023,

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

Plaintiff filed a Notice of Non-Opposition as to the Motion. Dkt. 83. The parties' final agreement is set forth in the Stipulation of Settlement. Dkt. 79 ("Settlement").

## SETTLEMENT TERMS

### I.  Proposed Class

The Settlement Class is defined as: "[A]ll persons and entities who purchased publicly-traded Hamni common stock between August 9, 2018 and April 30, 2020, both dates inclusive." Settlement ¶ 1.34 (defining "Settlement Class" and detailing various exclusions therefrom).

### II.  Payment Terms

In full settlement of the claims asserted in this lawsuit, Hamni, on behalf of Defendants, agrees to pay a Settlement Amount of $3,000,000 (three million dollars). Settlement ¶¶ 1.33, 2.1. This Settlement Amount shall form the Settlement Fund. *See id.* ¶ 1.37. The Net Settlement Fund shall be the Settlement Fund, minus: (i) the Fee and Expense Awards;[2] (ii) Administrative Costs;[3] (iii) Taxes and Tax Expenses; (iv) any Award to Plaintiff;[4] and (v) other fees authorized by the court. *Id.* ¶ 1.19. Rosen Law states it will apply for attorney's fees not to exceed one-third of the Settlement, or $1,000,000. Mot. Br. at 24. According to Plaintiff:

> The method for distributing relief to eligible claimants and for processing Settlement Class Members' claims includes standard and effective procedures for processing claims and efficiently distributing the Net Settlement Fund. Plaintiff requests the Court appoint

---

[2] Rosen Law may submit an application for distributions from the Settlement Fund consisting of: (i) an award of attorney's fees from the Settlement Fund; (ii) reimbursement of actual costs and expenses; and (iii) an award to Plaintiff as reimbursement for his time and expenses in connection with the litigation. Settlement ¶ 8.1.

[3] "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class. *See* Settlement ¶ 1.2.

[4] "Award to Plaintiff" means the requested reimbursement to Plaintiff for his reasonable costs and expenses related to his representation of the Settlement Class in this action. Settlement ¶ 1.4.

>Strategic Claim Services ("SCS") as Claims Administrator ... If appointed, SCS will, under [Rosen Law]'s guidance, process claims, allow Claimants an opportunity to cure any deficiencies or request the Court to review a denial of their Claim(s), and pay Authorized Claimants their *pro rata* share of the Net Settlement Fund[.]

*Id.* at 23. The Settlement states the parties executed a standard supplemental agreement providing that if Settlement Class Members opt out, such that the number of shares held by those opting out reaches a certain threshold, Hamni may terminate the Settlement. Settlement ¶ 10.3. The terms of the supplemental agreement are kept confidential to avoid incentivizing Settlement Class Members to opt out solely to leverage the threshold to exact an individual settlement. Mot. Br. at 24.

**III.  Notice to Settlement Class**

The proposed Notice Plan includes: (i) email messaging links to the Long Notice and Claim form (or, if no email address can be obtained, mailing through postcard notice) to Settlement Class Members who can be identified with reasonable effort; (ii) posting the Long Notice, Claim Form, and Stipulation on a Settlement website maintained by SCS;[5] (iii) allowing Settlement Class Members to submit their claims electronically at the Settlement website; (iv) upon request, mailing copies of the Long Notice and/or Claim Form; and (v) publishing the Summary Notice over *GlobeNewswire* and in print in *Investor's Business Daily*. Mot. Br. at 28–29.

## DISCUSSION

The court must first address whether the class may be preliminarily certified for settlement purposes only, before evaluating the fairness, adequacy, and reasonableness of the proposed Settlement, and reviewing the adequacy of the proposed notice.

/ / /

/ / /

---

[5] Plaintiff does not state the precise length of time that SCS will maintain the website. Pursuant to this Order, the court hereby ORDERS Plaintiff to maintain the website containing the notice information and claim form for a minimum of six months.

I.  **Class Certification**

Class certification is a prerequisite to preliminary settlement approval. *See Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016). Class certification is appropriate only if each of the four requirements of Fed. R. Civ. P. 23(a) ("Rule 23(a)") and at least one of the requirements of Rule 23(b) are met. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Under Rule 23(a), the plaintiff must show: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

A.  **Rule 23(a) Requirements**

The proposed class meets each of the Rule 23(a) factors for purposes of the instant Motion. First, the proposed class is sufficiently numerous. While "[n]o exact numerical cut-off is required," "numerosity is presumed where the plaintiff class contains forty or more members." *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009). Plaintiff represents the Settlement Class is comprised of "purchasers of Hamni, which traded on NASDAQ during the Class Period" and "[a]s of May 1, 2020, the day after the Settlement Class Period, there were over 30.6 million shares outstanding." Mot. Br. at 12. Numerosity is satisfied. *See Vinh Nguyen v. Radient Pharms. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012) (in a securities fraud case involving nationally traded stocks, where "the exact size of the proposed class is unknown, but general knowledge and common sense indicate it is large, the numerosity requirement is satisfied.")

Second, the claims appear to involve questions of fact and law common to the class. The "commonality" requirement of Rule 23(a)(2) is minimal and "only requires a single significant question of law or fact" common to putative class members. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012), *overruled on*

*other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n. 31 (9th Cir. 2022). Commonality requires the plaintiff to demonstrate that the class members' claims depend upon a common contention that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "What matters to class certification … is not the raising of common 'questions' … but, rather, the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (italics in original).

Here, the claims of the Class Members involve several common questions of law and fact, including whether Defendants made false or misleading public statements or omissions or Defendants' misrepresentations artificially inflated the market price of Hamni common stock. *See* Mot. Br. at 13; SAC. Accordingly, the court preliminarily finds Defendants' alleged acts establish significant common questions of law and fact sufficient to satisfy commonality.

Third, Plaintiff meets the typicality requirement. Typicality in this context means that the representative's claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. 338 (2011), *as recognized in In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 975 F.3d 770, 777–78 (9th Cir. 2020). Here, Plaintiff's claims arise from the same act as other members of the class—the purchase of Hamni common stock—and the same alleged misconduct by Defendants. *See* Mot. Br. at 13; SAC. These claims are based on the same facts and allege the same legal theories applicable to the rest of the Class Members. Accordingly, the court preliminarily finds typicality is satisfied.

Finally, Plaintiff and Rosen Law satisfy the adequacy requirement for representing absent class members. This requirement is met where the named plaintiff

6

and class counsel do not have conflicts of interest with other class members and will vigorously prosecute the interests of the class. *Hanlon*, 150 F.3d at 1020. Here, Plaintiff's interests appear to be coextensive with the interests of the class, and there is no evidence to suggest Plaintiff or Rosen Law have any conflict of interest with other class members. *See* Mot. Br. at 13–14, 19. Plaintiff has submitted a certification consistent with the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *Id.* at 13–14. Counsel has been diligent in pursuing this action since filing the Complaint. *See* Compl.; Mot. Br. at 14–15. Accordingly, adequacy of representation is met for purposes of the instant Motion.

### B. Rule 23(b)(3) Requirements

Next, Plaintiff seeks certification under Rule 23(b)(3), which requires the court to find "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The requirement is satisfied if a plaintiff establishes that a 'common nucleus of facts and potential legal remedies dominates' the litigation." *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468, 473 (E.D. Cal. 2009) (quoting *Hanlon*, 150 F.3d at 1022).

As stated, questions of law and fact common to the putative Class Members predominate over individualized inquiries. All claims concern the same alleged misconduct, including whether Defendants made false or misleading public statements or omissions or Defendants' misrepresentations artificially inflated the market price of Hamni common stock. These common questions represent a common nucleus and can be resolved for all Class Members in a single adjudication. Further, a class action appears to be a far superior method of adjudicating the claims, as it would be inefficient for all potential members to bring individual actions and needlessly costly for each class member to bring these actions alone. Accordingly, the court finds that Rule 23(b)(3) is satisfied for purposes of the instant Motion.

### C. Conclusion Regarding Class Certification

As each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met, the court GRANTS certification of the proposed class for settlement purposes.

## II. Preliminary Approval of the Proposed Class Settlement

The court next considers whether the proposed settlement warrants preliminary approval. Under Rule 23(e)(2), the court must find the proposal fair, reasonable, and adequate after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>    (i) the costs, risks, and delay of trial and appeal;
>    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>    (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>    (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

### A. Adequacy of Representations and Arm's Length Negotiations

Settlement was reached after counsel vigorously litigated this matter, with the Complaint having been filed nearly four years ago. *See* Compl. In that time, counsel has conducted a pre-filing investigation, filed an initial complaint, retained an investigator and experts, filed amended complaints, opposed two motions to dismiss, propounded discovery, participated in and prepared for mediation, formalized the settlement, and filed the instant Motion. Mot. Br. at 14. The course of the proceedings indicates Plaintiff and Rosen Law have adequately represented the class in this action and that the settlement agreement was the product of "serious, informed, non-collusive negotiations." *See Spann*, 314 F.R.D. at 319.

Accordingly, these two factors weigh in favor of preliminary approval. *See*

Fed. R. Civ. P. 23(e)(2)(A)–(B).

### B. Adequacy of Relief

The settlement and relief provided appear adequate considering the factors set forth by Rule 23(e)(2)(C). First, as with litigation generally, there is a risk to both parties in continuing toward trial. "[I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is [thus] not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 624 (9th Cir. 1982). "Even a fractional recovery of the possible maximum recovery amount may be fair and adequate in light of the uncertainties of trial and difficulties in proving the case." *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 611 (E.D. Cal. 2015). Here, the parties reached settlement after almost four years of litigation. The additional litigation costs, risks, and delay of trial and appeal favor preliminary approval. *See* Mot. Br. at 21–22.

Next, the proposed method of relief of distribution is straightforward and effective. The Class Members that do not opt-out timely will receive a pro rata share of the net settlement amount relative to their losses—no other action needs to be taken by class members, and there is no risk of unjustified claims. *See* Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes ("Often it will be important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims.").

Further, the requested attorney's fee award appears reasonable. The district court has discretion to choose either percentage-of-the-fund or the lodestar method to determine what constitutes a reasonable fee. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). In class actions, courts routinely award a percentage of the common fund, with a benchmark of 25% that may be adjusted when circumstances indicate a higher or lower percentage would be appropriate. *In re Pac. Enters. Sec.*

9

*Litig.*, 47 F.3d 373, 379 (9th Cir. 1995).  However, "[c]ases of under $10 Million will often ... result in fees above 25%."  *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008).

Plaintiff intends to apply for attorney's fees in an amount not to exceed one-third of the Settlement Amount, or $1,000,000.  Mot. Br. at 24.  The court finds these terms appropriate.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming fee award of one-third of settlement); *Cheng Jiangchen v. Rentech, Inc.*, Case No. 2:17-cv-01490-GW (FFMx), 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) (same).  This factor weighs in favor of preliminary approval.[6]  *See* Fed. R. Civ. P. 23(e)(2)(C).

### C. Equitable Treatment

Next, the court finds the settlement does not provide improperly preferential treatment to any Class Members.  The settlement tailors the appointment of relief among Class Members based on when each investor purchased, acquired, and/or sold Hamni common stock.  Mot. Br. at 25.  This means that each Class Member who does not opt out timely will receive a pro rata share of the Net Settlement Fund based upon the relative loss that Class Member suffered.  *Id.*  The Settlement additionally provides Plaintiff may apply to the court for an award of up to $10,000.  *Id.* at 30.  This final factor weighs in favor of preliminary approval.  *See* Fed. R. Civ. P. 23(e)(2)(D).

### D. Conclusion Regarding Preliminary Approval

As each of the Rule 23(e)(2) factors weighs in favor of approval, the court GRANTS preliminary approval of the class action settlement.

---

[6] The court must also evaluate any agreement made in connection with the proposed settlement.  *See* Fed. R. Civ. P. 23(e)(2)(C)(iv), (e)(3).  Plaintiff states there is no agreement made outside of the settlement agreement itself, except for the agreement that Hamni may terminate the Settlement should a certain number of Settlement Class Members opt out.  *See* Settlement ¶ 10.3; Mot. Br. at 24.

III. **Sufficiency of Notice**

Under Rule 23, "the court must direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Class notice must state "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii). Notice is satisfactory if it "generally describe[s] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotation marks omitted). It "does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." *Id.*

Here, the proposed Notice contains the information required under Rule 23(c)(2)(B) and the PSLRA. *See* Settlement, Exs. A-1–A-4. Plaintiff's proposed Long Notice provides: (i) the rights of Settlement Class members, including the manner in which they may lodge objections or opt out; (ii) the nature and history of the litigation; (iii) the proposed Settlement; (iv) the process for filing a claim; (v) a description of the proposed Plan; (vi) the attorney's fees being sought by Rosen Law; (vii) the Settlement Class definition; (viii) the reasons the parties have proposed settlement; (ix) the estimated distribution per share; (x) the Settlement Class' claims and issues; (xi) the parties' disagreements; (xii) contact information for counsel and the court; and (xiii) the time, date, and location of the Settlement Hearing. Mot. Br. at 29–30; Settlement, Exs. A-1–A-4.

The court finds this notice plan sufficient and practical. *See* Fed. R. Civ. P. 23(c)(2)(B).

/ / /

**CONCLUSION**

For the aforementioned reasons, the court GRANTS Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The court GRANTS preliminary approval of the settlement, preliminarily CERTIFIES the class for settlement purposes, and APPROVES the proposed notice. The court also APPROVES class counsel, the class representative, and SCS as claims administrator.

The final approval hearing will be held on September 6, 2024, at 1:30 p.m., in Courtroom 6B of the United States Courthouse, located at 350 West First Street, Los Angeles, California 90012.

IT IS SO ORDERED.

Dated: March 19, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge