Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Daniel Tyre-Karp (*pro hac vice*)
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: dtyrekarp@rosenlegal.com
Email: philkim@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILLYOUNG OH, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HANMI FINANCIAL CORPORATION, C. G. KUM, BONITA I. LEE, and ROMOLO C. SANTAROSA, <br><br> Defendants. | Case No. 2:20-cv-02844-FLA-JC <br><br> CLASS ACTION <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF** <br><br> Date: September 6, 2024 <br> Time: 1:30 p.m. <br> Courtroom: 6B <br> Judge: Fernando L. Aenlle-Rocha |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   CASE BACKGROUND ...................................................................................... 3

III.  THE COURT SHOULD AWARD ATTORNEYS' FEES OF ONE-THIRD OF THE SETTLEMENT FUND .................................................................................. 3

    A.    Lead Counsel is Entitled to a Fee Award from the Common Fund They Secured for the Settlement Class ............................................................ 3

    B.    The Court Should Award Lead Counsel a Reasonable Percentage of the Common Fund................................................................................... 4

    C.    The Requested Attorneys' Fees are Reasonable and Merited ............... 5

        1.    Lead Counsel Achieved a Fair, Reasonable, and Adequate Result for the Settlement Class ............................................................... 6

        2.    The Risks and Complexity of the Litigation Support the Requested Fee Amount................................................................................. 7

        3.    Lead Counsel Skillfully Managed This Case Against Formidable Adversaries ................................................................................. 9

        4.    Lead Counsel Undertook a Significant Financial Risk .............. 10

        5.    Fee Awards Granted in Similar Cases Further Support an Award of One-Third of the Settlement Fund........................................... 11

        6.    The Settlement Class's Reaction Supports the Requested Fee .. 13

        7.    An Informal Lodestar Crosscheck Confirms the Reasonableness of the Requested Fee Award ......................................................... 15

i

IV.    LEAD COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED .......................... 18

V.    THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFF ......... 20

VI.    CONCLUSION ......................................................................................... 21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
  572 F.3d 221 (5th Cir. 2009) ...................................................................................8

*Arp v. Hohla & Wyss Enterprises, LLC*,
  2020 WL 6498956 (S.D. Ohio Nov. 5, 2020) ........................................................17

*Atlas v. Accredited Home Lenders Holding Co.*,
  2009 WL 3698393 (S.D. Cal. Nov. 4, 2009)............................................................6

*Barbosa v. Cargill Meat Sols. Corp.*,
  297 F.R.D. 431 (E.D. Cal. 2013) ...........................................................................13

*Barnes v. City of Cincinnati*,
  401 F.3d 729 (6th Cir. 2005) .................................................................................16

*Beaver v. Tarsadia Hotels*,
  2017 WL 4310707 (S.D. Cal. Sept. 28, 2017)........................................................12

*Blum v. Stenson*,
  465 U.S. 886 (1984).............................................................................................4, 13

*Boyd v. Bank of Am. Corp.*,
  2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) .......................................................13

*Brown v. China Integrated Energy Inc.*,
  2016 WL 11757878 (C.D. Cal. July 22, 2016)........................................................21

*Buccellato v. AT & T Operations, Inc.*,
  2011 WL 3348055 (N.D. Cal. June 30, 2011)........................................................18

*Burden v. SelectQuote Ins. Servs.*,
  2013 WL 3988771 (N.D. Cal. Aug. 2, 2013) .........................................................12

*Charlebois v. Angels Baseball LP*,
  993 F. Supp. 2d 1109 (C.D. Cal. 2012) .................................................................16

*Chun-Hoon v. McKee Foods Corp.*,
  716 F. Supp. 2d 848 (N.D. Cal. 2010)....................................................................14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

*City of Providence v. Aeropostale, Inc.*,
   2014 WL 1883494 (S.D.N.Y. May 9, 2014) ............................................................. 11

*Craft v. Cnty. of San Bernardino*,
   624 F. Supp. 2d 1113 (C.D. Cal. 2008) .................................................................... 12

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005) ..................................................................................................... 8

*Dyer v. Wells Fargo Bank, N.A.*,
   303 F.R.D. 326 (N.D. Cal. 2014) ............................................................................ 21

*Ellison v. Steven Madden, Ltd.*,
   2013 WL 12124432 (C.D. Cal. May 7, 2013) ............................................................ 4

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .................................................................................... 2

*Feller v. Transamerica Life Ins. Co.*,
   2019 WL 6605886 (C.D. Cal. Feb. 6, 2019) ............................................................ 18

*Fleming v. Impax Lab'ys Inc.*,
   2022 WL 2789496 (N.D. Cal. July 15, 2022) ..................................................... 16, 18

*Fox v. Vice*,
   563 U.S. 826 (2011) ................................................................................................... 15

*Glass v. UBS Fin. Servs., Inc.*,
   331 F. App'x 452 (9th Cir. 2009) ............................................................................... 5

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ........................................................................................ 19

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ..................................................................................................... 6

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005) ................................................... *passim*

*Hope Med. Enters., Inc. v. Fagrgon Compounding Serv., LLC*,
   2022 WL 826903 (C.D. Cal. Mar. 14, 2022) ........................................................... 17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

*Hopkins v. Stryker Sales Corp.*,
2013 WL 496358 (N.D. Cal. Feb. 6, 2013) ............................................................... 18

*In re Activision Sec. Litig.*,
723 F. Supp. 1373 (N.D. Cal. 1989) .................................................................5, 12

*In re Am. Apparel, Inc. S'holder Litig.*,
2014 WL 10212865 (C.D. Cal. July 28, 2014).................................................9, 11, 15

*In re Apollo Grp. Inc. Sec. Litig.*,
2012 WL 1378677 n.2 (D. Ariz. Apr. 20, 2012) ...................................................... 15

*In re Audioeye, Inc., Sec. Litig.*,
2017 WL 5514690 (D. Ariz. May 8, 2017) .............................................................. 12

*In re Banc of California Sec. Litig.*,
2020 WL 1283486 (C.D. Cal. Mar. 16, 2020)........................................................... 12

*In re Biolase, Inc. Sec. Litig.*,
2015 WL 12720318 (C.D. Cal. Oct. 13, 2015) ......................................................... 6

*In re BP p.l.c. Sec. Litig.*,
852 F. Supp. 2d 767 (S.D. Tex. 2012)..................................................................... 8

*In re Brooktree Sec. Litig.*,
915 F. Supp. 193 (S.D. Cal. 1996)......................................................................... 4

*In re Facebook, Inc. IPO Sec. & Deriv. Litig.*,
2015 WL 6971424 (S.D.N.Y. Nov. 9, 2015).......................................................... 18

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010).......................................................7, 11

*In re Heritage Bond Litig.*,
2005 WL 1594389 (C.D. Cal. June 10, 2005).......................................................7, 10

*In re Hi-Crush Partners L.P. Sec. Litig.*,
2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014) ......................................................... 16

*In re HP Inkjet Printer Litig.*,
716 F.3d 1173 (9th Cir. 2013) .............................................................................. 6

v

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007) ......................................................14, 19, 21

*In re IsoRay, Inc. Sec. Litig.*,
  2017 WL 11461073 (E.D. Wash. Mar. 7, 2017) ....................................................12

*In re K12 Inc. Sec. Litig.*,
  2019 WL 3766420 (N.D. Cal. July 10, 2019) ........................................................12

*In re LJ Int'l, Inc. Sec. Litig.*,
  2009 WL 10669955 (C.D. Cal. Oct. 19, 2009) ....................................................6, 8

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) .................................................................................12

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008)..........................................................*passim*

*In re Oracle Corp. Sec. Litig.*,
  2009 WL 1709050 (N.D. Cal. June 16, 2009).......................................................10

*In re Pac. Enterprises Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) .................................................................................7, 11

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) .....................................................................................5

*In re Sumitomo Copper Litig.*,
  189 F.R.D. 274 (S.D.N.Y. 1999) ...........................................................................14

*In re Tesla, Inc. Sec. Litig.*,
  2022 WL 1497559 (N.D. Cal. Apr. 1, 2022)..........................................................10

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  535 F. Supp. 2d 249 (D.N.H. 2007) .......................................................................15

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
  2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) .......................................................17

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ............................................................................*passim*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

*In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*,
    364 F. Supp. 2d 980 (D. Minn. 2005)......................................................................21

*Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*,
    2012 WL 5199742 (D. Nev. Oct. 19, 2012) ..............................................................6

*Jenson, v. First Tr. Corp.*,
    2008 WL 11338161 (C.D. Cal. June 9, 2008)....................................................20, 21

*Jiangchen v. Rentech, Inc.*,
    2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) .............................................9, 12, 19

*Johnson v. US Auto Parts Network, Inc.*,
    2008 WL 11343481 (C.D. Cal. Oct. 9, 2008) ...........................................................7

*Katz v. China Century Dragon Media, Inc.*,
    2013 WL 11237202 (C.D. Cal. Oct. 10, 2013) ................................................13, 19

*Kendall v. Odonate Therapeutics, Inc.*,
    2022 WL 1997530 (S.D. Cal. June 6, 2022) ........................................................6, 12

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ....................................................................9

*Lopez v. Youngblood*,
    2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) .........................................................5

*Luna v. Marvell Tech. Grp.*,
    2018 WL 1900150 (N.D. Cal. Apr. 20, 2018)........................................................19

*McPhail v. First Command Fin. Plan., Inc.*,
    2009 WL 839841 (S.D. Cal. Mar. 30, 2009) ............................................................6

*Millan v. Cascade Water Servs., Inc.*,
    2016 WL 3077710 (E.D. Cal. May 31, 2016) .........................................................13

*Missouri v. Jenkins*,
    491 U.S. 274 (1989)...............................................................................................16

*Morris v. Lifescan, Inc.*,
    54 F. App'x 663 (9th Cir. 2003)..............................................................................13

vii

*Ontiveros v. Zamora*,
   303 F.R.D. 356 (E.D. Cal. 2014) ................................................................. 18

*Pace v. Quintanilla*,
   2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) .............................................. 9

*Parker v. Vulcan Materials Co. Long Term Disability Plan*,
   2012 WL 843623 (C.D. Cal. Feb. 16, 2012) ............................................... 17

*Parkinson v. Hyundai Motor Am.*,
   796 F. Supp. 2d 1160 (C.D. Cal. 2010) ...................................................... 16

*Patel v. Axesstel, Inc.*,
   2015 WL 6458073 (S.D. Cal. Oct. 23, 2015) .............................................. 12

*Paul, Johnson, Alston & Hunt v. Graulty*,
   886 F.2d 268 (9th Cir. 1989) ................................................................. 3, 15

*Pearlstein v. BlackBerry Ltd.*,
   2022 WL 4554858 (S.D.N.Y. Sept. 29, 2022) ............................................ 17

*Purple Mountain Tr. v. Wells Fargo & Co.*,
   2023 WL 11872699 (N.D. Cal. Sept. 26, 2023) .......................................... 16

*Rausch v. Hartford Fin. Servs. Grp.*,
   2007 WL 671334 (D. Or. Feb. 26, 2007) .................................................... 13

*Razilov v. Nationwide Mut. Ins. Co.*,
   2006 WL 3312024 (D. Or. Nov. 13, 2006) ................................................. 21

*Redwen v. Sino Clean Energy, Inc.*,
   2013 WL 12303367 (C.D. Cal. July 9, 2013) ............................................... 7

*Robbins v. Koger Properties, Inc.*,
   116 F.3d 1441 (11th Cir. 1997) ................................................................. 10

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) .................................................................... 20

*Romero v. Producers Dairy Foods, Inc.*,
   2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ............................................ 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

*Sawant v. Ramsey*,
2012 WL 3265020 (D. Conn. Aug. 9, 2012) ..........................................................10

*Singer v. Becton Dickinson & Co.*,
2010 WL 2196104 (S.D. Cal. June 1, 2010) ..........................................................12

*Spann v. J.C. Penney Corp.*,
211 F. Supp. 3d 1244 (C.D. Cal. 2016) ..................................................................18

*Stanger v. China Elec. Motor, Inc.*,
812 F.3d 734 (9th Cir. 2016) ..................................................................................16

*Steiner v. Am. Broad. Co.*,
248 F. App'x 780 (9th Cir. 2007) ...........................................................................18

*Szymborski v. Ormat Techs., Inc.*,
2012 WL 4960098 (D. Nev. Oct. 16, 2012) ...........................................................12

*Tawfilis v. Allergan, Inc.*,
2018 WL 4849716 (C.D. Cal. Aug. 27, 2018) .......................................................13

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007).................................................................................................3

*Todd v. STAAR Surgical Co.*,
2017 WL 4877417 (C.D. Cal. Oct. 24, 2017) ........................................................21

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
669 F.3d 632 (5th Cir. 2012) ...................................................................................5

*Vandervort v. Balboa Cap. Corp.*,
8 F. Supp. 3d 1200 (C.D. Cal. 2014) .....................................................................13

*Vasquez v. Coast Valley Roofing, Inc.*,
266 F.R.D. 482 (E.D. Cal. 2010) ...........................................................................13

*Vincent v. Hughes Air W., Inc.*,
557 F.2d 759 (9th Cir. 1977) ...................................................................................3

*Vinh Nguyen v. Radient Pharm. Corp.*,
2014 WL 1802293 (C.D. Cal. May 6, 2014) .......................................................4, 9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) ............................................................................*passim*

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005) ...........................................................................................4

*Yedlowski v. Roka Bioscience, Inc.*,
2016 WL 6661336 (D.N.J. Nov. 10, 2016) .............................................................8, 9

**Statutes**

15 U.S.C. § 78u-4(a)(4) .............................................................................................20

15 U.S.C. § 78u-4(a)(6) ...............................................................................................5

**Other Authorities**

H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ......................................20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

Lead Plaintiff Killyoung Oh ("Plaintiff") respectfully submits this memorandum in support of his motion for an award of attorneys' fees, reimbursement of expenses, and award to Plaintiff.[1]

## I.      INTRODUCTION

The Parties reached the Settlement to resolve this Action for $3,000,000. The Settlement is a highly favorable result for the Settlement Class, recovering approximately 11.86% of the maximum estimated damages of $25,300,000 under Plaintiff's best-case scenario, as estimated by Plaintiff's damages expert. Having achieved this substantial recovery for the Settlement Class despite facing significant obstacles and risks in this litigation, Lead Counsel seeks an award of attorneys' fees of one-third of the Settlement Amount, or $1,000,000, reimbursement of expenses incurred of $65,850.85, and an award to Plaintiff of $10,000, to be paid from the Settlement Fund.

Litigants who create a common fund for the benefit of a class are entitled to an award of attorneys' fees and reimbursement of expenses from the common fund. In the Ninth Circuit, courts typically determine attorneys' fees as a percentage of the common fund. The main factors courts consider in setting the percentage award are the quality of the result, the risk undertaken, and the reaction of the settlement class. Courts also cross-check the award against the time and effort counsel expended. Here, each of these factors weighs in favor of awarding Lead Counsel attorneys' fees of one-third of the Settlement Amount. Indeed, in the Order Granting Motion for Preliminary Approval

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement ("Settlement") (Dkt. 79). Internal case citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Tyre-Karp Decl." or "¶__" are to the Declaration of Daniel Tyre-Karp, filed herewith. Citations to "Ex. __" are exhibits to the Tyre-Karp Decl. Citations to "Craig Decl." are to the Declaration of Margery Craig (Ex. 1). Citations to "Final Approval Brief" are to the Memorandum of Points and Authorities in support of Plaintiff's motion for final approval of the Settlement.

of Class Action Settlement [Dkt. 80] ("Order") (Dkt. 88), the Court stated that the "requested attorney's fee award appears reasonable" and "appropriate." Order, 9:23, 10:5-6. Plaintiff elaborates upon this request herein in support of the Court's previous findings.

The Parties reached the Settlement after informed, arm's-length negotiations with the aid of mediator Jed Melnick of JAMS. This Settlement is a very favorable result for Settlement Class Members in light of several obstacles Plaintiff faced, including the availability of evidence, Defendants' potential defenses, and the risk that that Plaintiff would not be able to obtain a larger sum or to collect a judgment if litigation were to continue.

In obtaining this result, Lead Counsel took on substantial risk. In fact, no other counsel sought leadership positions in this Action. The Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes several procedural obstacles to alleging securities fraud, and its pleading standards in particular are "not [] easy [] to comply with," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Despite the risks this litigation entailed, Lead Counsel was able to secure a favorable and prompt recovery for the Settlement Class.

The Settlement Class appears to approve of Lead Counsel's work. Objections are not due until August 16, 2024, but to date, no Settlement Class Member has objected to the Settlement or the fee request, as previewed in the notice sent to potential Settlement Class Members. There have been no requests for exclusion. ¶23; Craig Decl., ¶¶13-14.

Lead Counsel also seeks reimbursement of out-of-pocket litigation expenses incurred in connection with the prosecution of this Action in the amount of $65,850.85. These expenses, including court filings fees, expert fees, investigator fees, mediation fees, travel expenses, and administrative expenses, were reasonable and necessary for the successful prosecution of the Action.

2

Finally, Plaintiff seeks an award of $10,000, for his time spent carrying out his obligations as a representative plaintiff. This request is reasonable in light of the time Plaintiff spent in connection with this Action on behalf of the Settlement Class and is in line with awards granted in similar actions.

## II.    CASE BACKGROUND

A summary of Plaintiff's allegations and the procedural history of this Action are set forth in the Final Approval Brief, Section II.

## III.    THE COURT SHOULD AWARD ATTORNEYS' FEES OF ONE-THIRD OF THE SETTLEMENT FUND

### A.    Lead Counsel is Entitled to a Fee Award from the Common Fund They Secured for the Settlement Class

"[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). The purpose of this doctrine is to avoid unjust enrichment. "[T]hose who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*"). "The amount of such a reward is that which is deemed 'reasonable' under the circumstances." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

Reasonable fee awards are necessary in securities class actions. The Supreme Court has "long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions brought [] by the Department of Justice and the Securities and Exchange Commission." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007); *Halliburton Co. v. Erica P. John Fund, Inc.*, No. 13-317, Brief for the United States as Amicus Curiae Supporting Respondent, at 1-2. *Tellabs* and *Halliburton* were both class actions alleging securities fraud. Attorneys' fee awards were deemed

3

necessary there to provide incentives for private lawyers to file those actions, and an award is necessary and appropriate here for the same reasons.

**B.     The Court Should Award Lead Counsel a Reasonable Percentage of the Common Fund**

Under the "common fund doctrine" a reasonable fee is based on "a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). Courts in the Ninth Circuit have discretion to award fees in common fund cases based on either the percentage-of-the-fund method or the "lodestar/multiplier" method. *WPPSS*, 19 F.3d at 1295-96. "Despite this discretion, use of the percentage method in common fund cases appears to be dominant." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008); *Ellison v. Steven Madden, Ltd.*, 2013 WL 12124432, at *8 (C.D. Cal. May 7, 2013) (finding "use of the percentage method" to be the "dominant approach in common fund cases"). As the Court previously recognized, courts commonly use the percentage method and adjust the results if needed. Order, 9:23-28.

Among other benefits, the percentage-of-the-fund method "aligns the interests of class counsel and the class, rather than rewarding attorneys for hours spent on cases, as the lodestar method does." *In re Brooktree Sec. Litig.*, 915 F. Supp. 193, 196 (S.D. Cal. 1996); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050, n.5 (9th Cir. 2002) (disfavoring lodestar for incentivizing lawyers to generate more hours and not to settle early); *Vinh Nguyen v. Radient Pharm. Corp.*, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) ("There are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving the highest award for the class members, and reducing the burden on the courts that a complex lodestar calculation requires.").

The percentage method also "provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A.,*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

*Inc.*, 396 F.3d 96, 122 (2d Cir. 2005). The percentage method also preserves judicial resources by sidestepping time-consuming lodestar analysis while saving the Settlement Class from the delays necessitated by the Court's review. *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989); *Lopez v. Youngblood*, 2011 WL 10483569, at *4 (E.D. Cal. Sept. 2, 2011) ("the lodestar method is difficult to apply [and] time consuming to administer.").

Finally, the PSLRA provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount" recovered for the class. 15 U.S.C. § 78u-4(a)(6). "Part of the reason behind the near-universal adoption of the percentage method in securities cases is that the PSLRA contemplates such a calculation." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005).

For these reasons the Court should award attorneys' fees based on the percentage-of-recovery method. The Court should use an informal lodestar cross-check only to assess the reasonableness of the percentage award. *Vizcaino*, 290 F.3d at 1050, n.5 (using lodestar as "a cross-check on the reasonableness of a percentage figure"); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) ("the district court properly performed an informal lodestar cross-check").

### C.   The Requested Attorneys' Fees are Reasonable and Merited

Factors that courts use to determine whether the requested percentage is fair and reasonable include: (1) the results achieved; (2) the risk and complexity of the litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; (6) awards made in similar cases; (7) the reaction of the class; and (8) the lodestar cross-check. *Vizcaino*, 290 F.3d at 1047; *Omnivision*, 559 F. Supp. 2d at 1046. Of course, "[t]he relative degree of importance to be attached to any particular factor will depend upon ... the nature of the claim(s)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Atlas v. Accredited Home Lenders Holding Co.*, 2009 WL 3698393, at *3 (S.D. Cal. Nov. 4, 2009). Here, each of these factors supports awarding Lead Counsel attorneys' fees of one-third of the Settlement Amount.

### 1.    Lead Counsel Achieved a Fair, Reasonable, and Adequate Result for the Settlement Class

Courts consistently recognize that the ultimate result achieved is a major factor to be considered in making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (finding the "most critical factor is the degree of success obtained"); *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2013) (tethering fee award "to the value of the class recovery").

The Settlement recovers approximately 11.86% of Plaintiff's maximum estimated damages of $25,300,000. This is a highly favorable result, particularly in light of the considerable risks of litigation presented here. As a percentage of the total estimated damages, the Settlement Amount is well above the percentage of investor losses recovered in typical securities class action settlements. *Omnivision*, 559 F. Supp. 2d at 1042 (9%); *Kendall v. Odonate Therapeutics, Inc.*, 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022) (3.49%); *In re Biolase, Inc. Sec. Litig.*, 2015 WL 12720318, at *4 (C.D. Cal. Oct. 13, 2015) (8%); *In re LJ Int'l, Inc. Sec. Litig.*, 2009 WL 10669955, at *3 (C.D. Cal. Oct. 19, 2009) (4.5%); *Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (3.5% and noting that the amount is within the median recovery in securities class actions settled in the last few years); *McPhail v. First Command Fin. Plan., Inc.*, 2009 WL 839841, at *5 (S.D. Cal. Mar. 30, 2009) (7%).

The Settlement's recovery is larger than those in securities class actions involving damages of similar magnitude. According to Cornerstone Research, the median recovery in cases such as this one alleging Rule 10b-5 claims with

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

$25,000,000-$74,000,000 in maximum estimated damages was approximately 8.5% of estimated damages in 2022, and 7.4% between 2013-2023. (Ex. 6, Fig. 5). Between 2019-2023, securities class actions that settled after a ruling on a motion to dismiss, but before a class certification motion was filed recovered a median of 4.7% of estimated damages. *Id.*, Fig. 13. Additionally, NERA Economic Consulting concluded that between January 2013 and December 2022, for cases with losses between $20,000,000-$49,000,000, the median settlement value as a percentage of losses was 5.2%. (Ex.7, Fig. 18). [2] In 2022 the median recovery in securities class actions was approximately 1.8%. *Id.*, Fig. 19. Thus, the recovery here compares favorably to recoveries in similar securities class action settlements, supporting the requested fee.

### 2.   The Risks and Complexity of the Litigation Support the Requested Fee Amount

The risks and complexity of the litigation are important factors in determining a fee award. *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (fees justified "because of the complexity of the issues and the risks."); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance"); *WPPSS*, 19 F.3d at 1299-1301. Securities class actions are often complex, difficult to prove, and risky. *In re Heritage Bond Litig.*, 2005 WL 1594389, at *6 (C.D. Cal. June 10, 2005); *Redwen v. Sino Clean Energy, Inc.*, 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013) ("Courts experienced with securities fraud litigation, routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.") (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *17 (S.D.N.Y. Nov. 8, 2010)); *Johnson v. US Auto Parts Network, Inc.*, 2008 WL 11343481, at *3 (C.D. Cal. Oct. 9, 2008) ("a number of courts have commented on the difficulty and uncertainty of maintaining a securities class action."). "[T]o be successful, a securities class-action

---

[2] The Cornerstone and NERA reports published in 2023 are cited as the Settlement was reached in 2023.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

plaintiff must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).

Plaintiff faced significant legal and practical risks if litigation were to continue. Plaintiff's claims were subject to the PSLRA's stringent pleading standard. The skill needed to defeat the motion to dismiss should be noted. As a court observed in dismissing securities claims brought against BP following the Deepwater Horizon disaster, "[t]he Court is acutely aware that federal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable challenges to successful pleading." *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012). "Legal precedents are continually making it more difficult to plead securities class actions," so courts have awarded higher fees in securities actions. *Yedlowski v. Roka Bioscience, Inc.*, 2016 WL 6661336, at *21 (D.N.J. Nov. 10, 2016).

Although the SAC survived a motion to dismiss, Defendants would have continued to assert challenges to falsity, scienter, loss causation, and damages. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005) (the elements of a Rule 10b-5 claim are falsity, materiality, scienter, reliance, loss causation and damages). Under the PSLRA, the element of scienter is particularly difficult to prove. *LJ Int'l,* 2009 WL 10669955, at *3. Plaintiff would then have to marshal evidence to *prove* each element of his claim.

Plaintiff also faced significant risks of continued litigation beyond the pleading stage, such as obtaining class certification, conducting lengthy and expensive fact and expert discovery, surviving anticipated motions for summary judgment, winning at trial, defeating any post-trial motions or appeals, and enforcing a judgment. *See* Final Approval Brief, Section IV(C).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

### 3. Lead Counsel Skillfully Managed This Case Against Formidable Adversaries

The skill required to litigate the case and the quality of work performed support the requested fee award. "The prosecution and management of a complex national class action requires unique legal skills and abilities. This is particularly true in securities cases because the Private Securities Litigation Reform Act makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019); *In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014) (similar).

Court-appointed Lead Counsel, The Rosen Law Firm, P.A. ("Rosen Law"), has amassed the skills and experience needed to prosecute this case through their considerable experience litigating and settling similar actions. ¶13; Ex. 4-F (firm resume). *Radient Pharms.*, 2014 WL 1802293 at *9 (noting that Rosen Law "took on significant risk in this case, working thoroughly and enthusiastically through extensive litigation that required significant expert involvement" to secure eve-of-trial settlement); *Pace v. Quintanilla*, 2014 WL 4180766, at *3 (C.D. Cal. Aug. 19, 2014) ("The Rosen Law Firm has appeared before this Court several times before, and the Court is confident that it has the necessary skill and knowledge to effectively prosecute this action"); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) ("The Rosen Law Firm is "highly qualified [and] experienced" in securities class actions"); *Yedlowski*, 2016 WL 6661336, at *21 (Rosen Law "is highly experienced in the complex field of securities fraud class action litigation."). Rosen Law applied the same skill, experience, and determination in litigating this Action to a favorable resolution for the Settlement Class.

"[T]he quality of opposing counsel is [also] important in evaluating the quality of Plaintiff's counsel's work." *In re Heritage Bond Litig.*, 2005 WL 1594403, at *20 (C.D. Cal. June 10, 2005). Here, Defendants retained skilled and experienced practitioners at Manatt, Phelps & Phillips, LLP and Bird, Marella, Boxer, Wolpert,

Nessim, Drooks, Lincenberg & Rhow, P.C. Defense Counsel advocated forcefully for their clients through all stages of the litigation up through the documentation of the settlement negotiations. ¶12. That Lead Counsel achieved a favorable Settlement in the face of impressive opposition weighs in favor of the requested fee.

### 4.    Lead Counsel Undertook a Significant Financial Risk

The risk of receiving little or no recovery is a major factor in awarding attorneys' fees. *WPPSS*, 19 F.3d at 1299; *Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").

Contingency fee risk is not illusory. In many cases, plaintiffs' attorneys invest hundreds or thousands of hours only to end up with nothing. Since the PSLRA was enacted, a high percentage of securities cases have been dismissed at the pleading stage. The risks do not end, however, at the motion to dismiss stage. *In re Tesla, Inc. Sec. Litig.*, 2022 WL 1497559, at *21 (N.D. Cal. Apr. 1, 2022) (although summary judgment entered in plaintiffs' favor on the elements of falsity and scienter finding misrepresentations had been made with knowledge of their falsity, a jury found defendant not liable) (Ex. 8); *In re Oracle Corp. Sec. Litig.*, 2009 WL 1709050 (N.D. Cal. June 16, 2009), *aff'd* 627 F.3d 376 (9th Cir. 2010) (summary judgment to defendants after eight years of litigation and plaintiff's counsel incurred over $6,000,000 in expenses and worked over 100,000 hours, representing lodestar of approximately $48,000,000); *Robbins v. Koger Properties, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81,000,000 for plaintiffs reversed on appeal on loss causation grounds and judgment entered for defendant). Even when a plaintiff is successful at trial, payment is not guaranteed. In fact, Rosen Law has personal experience as in *Sawant v. Ramsey*, 2012 WL 3265020 (D. Conn. Aug. 9, 2012), Rosen Law spent thousands of hours securing a trial verdict only to find it impossible to collect on the judgment.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

The risks in this case were no different. Lead Counsel's fee was entirely contingent, so the only certainty was that there would be no fee without a successful result and that such a result would only be realized after significant amounts of time, effort and expense had been expended. Lead Counsel risked non-payment of hundreds of hours of professional time, as well as incurring expenses of $65,850.85, over several years to bring this case to a successful conclusion. ¶29; Ex.4-E. "This type of 'substantial outlay, when there is a risk that [no money] will be recovered, further supports the award of the requested fees.'" *Am. Apparel*, 2014 WL 10212865, at *22; *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *14 (S.D.N.Y. May 9, 2014) ("the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis"); *Flag Telecom*, 2010 WL 4537550, at *27 ("[u]nlike counsel for Defendants, who are paid substantial hourly rates and reimbursed for their expenses on a regular basis, [Plaintiff's Counsel] have not been compensated for any time or expenses since this case began….").

### 5. Fee Awards Granted in Similar Cases Further Support an Award of One-Third of the Settlement Fund

Although the Ninth Circuit established a 25% benchmark for attorneys' fees in common fund cases, as the Court recognized in the Order, 9:26-10:10, the Court may adjust upwards or downwards for special circumstances. *Pac. Enterprises*, 47 F.3d at 379 (affirming fee of one-third of settlement fund); *Heritage Bond*, 2005 WL 1594403, at *18 (one-third fee). Courts in the Ninth Circuit have recognized that fee award commonly exceed the benchmark and that "this is particularly true in securities class actions." *Am. Apparel*, 2014 WL 10212865, at *23; *Omnivision*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award exceeds [the] benchmark."); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (approving a fee award of 33% of the common fund, noting that "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery").

Courts in this Circuit frequently award fees above the 25% benchmark in securities class actions with settlements under $10,000,000. *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Cases of under $10 Million will often result in result in fees above 25%"). *See e.g, In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming fee of one-third of $1,725,000 settlement); *Rentech,* 2019 WL 5173771, at *11 (one-third of $2,050,000 settlement); *Burden v. SelectQuote Ins. Servs.*, 2013 WL 3988771, at *5 (N.D. Cal. Aug. 2, 2013) (one-third of $750,000 settlement); *In re Audioeye, Inc., Sec. Litig.*, 2017 WL 5514690, at *4 (D. Ariz. May 8, 2017) (one-third of $1,525,000 settlement); *In re K12 Inc. Sec. Litig.*, 2019 WL 3766420, at *1 (N.D. Cal. July 10, 2019) (33% of $3,500,000 settlement); *In re IsoRay, Inc. Sec. Litig.*, 2017 WL 11461073, at *1 (E.D. Wash. Mar. 7, 2017) (30% of $3,537,500 settlement); *Szymborski v. Ormat Techs., Inc.*, 2012 WL 4960098, at *4 (D. Nev. Oct. 16, 2012) (30% of $3,100,000 settlement); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *8 (S.D. Cal. Oct. 23, 2015) (30% of $1,250,000 settlement); *Activision*, 723 F. Supp. at 1377 (surveying securities cases nationwide, awarding 32.8% fee from $3,500,000 fund, and noting, "[t]his court's review of recent reported cases discloses that nearly all common fund awards range around 30%[.]")).[3]

Similarly, courts in the Ninth Circuit also award attorneys' fees above the benchmark in non-securities, common fund actions. *Beaver v. Tarsadia Hotels*, 2017 WL 4310707, at *10 (S.D. Cal. Sept. 28, 2017) (listing cases within the Ninth Circuit that approved a fee award of one-third the common fund); *Singer v. Becton Dickinson & Co.*, 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (one-third of common fund and collecting cases noting that "the request for attorneys' fees in the amount of 33.33%

---

[3] Courts in the Ninth Circuit also award fees above the benchmark in larger settlements. *Kendall*, 2022 WL 1997530, at *6 (one-third of $12,750,000 settlement); *In re Banc of California Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (one-third of $19,750,000 settlement); *Heritage Bond*, 2005 WL 1594403, at *19 (one-third of $27,783,000 settlement and collecting cases awarding one-third of funds).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

of the common fund falls within the typical range of 20% to 50% awarded in similar cases."); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33% fee); *Boyd v. Bank of Am. Corp.*, 2014 WL 6473804, at *12 (C.D. Cal. Nov. 18, 2014) (awarding one-third); *Tawfilis v. Allergan, Inc*., 2018 WL 4849716, at *7 (C.D. Cal. Aug. 27, 2018) (awarding 33.33%); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (awarding 33.3%); *Vasquez v. Coast Valley Roofing, Inc*., 266 F.R.D. 482, 491 (E.D. Cal. 2010) (awarding 33.3%); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33%); *Millan v. Cascade Water Servs., Inc.*, 2016 WL 3077710, at *11–12 (E.D. Cal. May 31, 2016) (same); *Rausch v. Hartford Fin. Servs. Grp.*, 2007 WL 671334, at *2 (D. Or. Feb. 26, 2007) (awarding 30%).

The requested attorneys' fees is also lower than contingent fees in individual cases, which typically range from 30% to 40% of the recovery. *Blum*, 465 U.S. at 903 n.20 ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers."); *Katz v. China Century Dragon Media, Inc.*, 2013 WL 11237202, at *8 (C.D. Cal. Oct. 10, 2013) ("[C]ontingency fee arrangements generally range from 30% to 40% of final recovery.").

The guiding principle in this Circuit is that a fee award be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1296. Here, in view of the result obtained, the unique risks avoided in achieving a substantial recovery, the contingent fee risk, and the fees awarded in similar securities class actions in this Circuit, an award of one-third of the Settlement Amount obtained for the Settlement Class is reasonable. Thus, Plaintiff respectfully encourages the Court follow its previous determination and find this request reasonable. *See* Order, 10:4-10.

### 6. The Settlement Class's Reaction Supports the Requested Fee

Presently, there are no objections to the requested attorneys' fees or any aspect of the Settlement. ¶23; Craig Decl., ¶14. "The existence or absence of objectors to the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

requested attorneys' fee is a factor in determining the appropriate fee award." *Heritage Bond*, 2005 WL 1594403, at \*21; *Omnivision*, 559 F. Supp. 2d at 1048. To date, 13,667 potential Settlement Class Members were notified about the Settlement by mailed Postcard Notices and/or emailed links to the Long Notice and Claim Form. Craig Decl., ¶9. SCS also published the Summary Notice on *GlobeNewswire* and in *Investor's Business Daily*. *Id.*, ¶10. The Postcard Notice and Summary Notice each directed potential Settlement Class Members to where they could access the Long Notice, which was posted on a Settlement-specific website. *Id.*, ¶12. The Notice informed Settlement Class Members that Counsel would seek: attorneys' fees of up to one-third of the Settlement Amount; litigation expenses in an amount not to exceed $80,000; and an Award to Plaintiff up to $10,000. Craig Decl., Exs. A (Long Notice), C (Postcard Notice). The Notice also advised Settlement Class Members of their right to object to these requests for relief or to request exclusion from the Settlement, and explained how to do so.

The deadline for potential Settlement Class Members to submit objections and requests for exclusion is August 16, 2024. To date, no Settlement Class Member has objected to the Settlement or to the requested attorneys' fees or reimbursement of expenses. ¶23; Craig Decl., ¶14. The lack of objections strongly supports the fee request. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). Moreover, SCS has received no exclusion requests. Craig Decl., ¶13. The lack of requests for exclusion further demonstrates the positive reaction of the Settlement Class, which supports the requested fee. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("overwhelming positive reaction of the class members" including 16 exclusion request representing 4.86% of class supported approval of the settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (reaction of class supported settlement when two large traders and

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

small number of other class members representing under 1% of class opted-out of the settlement).

### 7. An Informal Lodestar Crosscheck Confirms the Reasonableness of the Requested Fee Award

"In cases where courts apply the percentage-of-the-fund method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award." *Am. Apparel*, 2014 WL 10212865, at *20; *Vizcaino*, 290 F.3d at 1050 ("the lodestar may provide a useful perspective on the reasonableness of a given percentage award"). Courts calculate lodestar "by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary, to account for the risks associated with the representation." *Paul, Johnson,* 886 F.2d at 272. "In securities class actions, it is common for a counsel's [lodestar] figure to be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the complexity of the case, and the risks assumed by counsel." *Heritage Bond*, 2005 WL 1594403, at *22.

When using the lodestar to calculate attorney fee awards, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). When the lodestar is merely used as a cross-check, "the focus is not on the necessity and reasonableness of every hour of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 270 (D.N.H. 2007). Thus, "an itemized statement of legal services is not necessary for an appropriate lodestar cross-check." *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *7 n.2 (D. Ariz. Apr. 20, 2012). Here, an informal lodestar cross-check on the percentage of the Settlement Amount requested further supports the reasonableness of the requested fee.

15

Plaintiff respectfully requests that the Court apply current billing rates when conducting a lodestar cross-check. This Action has been pending for over four years without any compensation. The Ninth Circuit has held that "[a]ttorneys in common fund cases must be compensated for any delay in payment[.]" *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 740 (9th Cir. 2016). To account for the delay in payment, "(1) the court may apply the attorneys' current rates to all hours billed during the course of the litigation; or (2) the court may use the attorneys' historical rates and add a prime rate enhancement." *Id.* Courts in this Circuit and around the country routinely apply current rates when performing a lodestar analysis, the Court should follow suit. *Purple Mountain Tr. v. Wells Fargo & Co.*, 2023 WL 11872699, at *5 (N.D. Cal. Sept. 26, 2023) (noting its use of "current rates" for lodestar); *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1119 n.6 (C.D. Cal. 2012) ("[F]or the fee award to be reasonable, it must be based on current, rather than historic, hourly rates") citing *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989); *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) ("The district court used the current market rate in calculating plaintiff's attorneys' reasonable hourly rate because the litigation had been ongoing for nearly six years."); *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *15 (S.D.N.Y. Dec. 19, 2014) ("The use of current rates to calculate the lodestar figure has been endorsed repeatedly by the Supreme Court, the Second Circuit and district courts within the Second Circuit as a means of accounting for the delay in payment inherent in class actions and for inflation").

"Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010). Rosen Law's hourly rates for attorneys who worked on this case are consistent with those of other attorneys engaged in similar litigation in this Circuit and throughout the country. *Fleming v. Impax Lab's Inc.,* 2022 WL 2789496, at *9 (N.D. Cal. July 15,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

2022) (approving hourly rates of $760 to $1,325 for partners, $895 to $1,150 for counsel, and $175 to $520 for associates, finding these "billing rates in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation"); *Hope Med. Enters., Inc. v. Fagrgon Compounding Serv., LLC*, 2022 WL 826903, at *3 (C.D. Cal. Mar. 14, 2022) (finding "rates of $895 to $1,295 per hour for partners and counsel, and between $565 and $985 for associates" to be reasonable); *Pearlstein v. BlackBerry Ltd.*, 2022 WL 4554858, at *10 (S.D.N.Y. Sept. 29, 2022) (finding hourly rates which "ranged from $500 (associates) to $1,200 (senior partners)… are comparable to peer plaintiffs and defense firms litigating matters of similar magnitude and complexity"); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving fee award following a lodestar cross-check with "billing rates ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals"). Moreover, the Court should be mindful that "[i]t is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time, or to keep up with the increasing cost of maintaining a practice." *Parker v. Vulcan Materials Co. Long Term Disability Plan*, 2012 WL 843623, at *7 (C.D. Cal. Feb. 16, 2012).

Here, Plaintiff's Counsel[4] dedicated 1,232.55 hours of professional time prosecuting this litigation. ¶¶30-31. Plaintiff's Counsel will spend additional time preparing Plaintiff's reply, attending the final approval hearing, directing the claims administration process, and filing a motion for final distribution. *Arp v. Hohla & Wyss Enterprises, LLC*, 2020 WL 6498956, at *7 (S.D. Ohio Nov. 5, 2020) ("Class Counsel frequently spend additional time, sometimes significant time, dealing with class members' inquiries, administration issues, and other post-approval matters."). Lead

---

[4] As discussed further in the Tyre-Karp Declaration, Glancy Prongay & Murray LLP assisted in the prosecution of this Action.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

Counsel will not seek additional compensation for this work. ¶33. *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 2015 WL 6971424, at *10 (S.D.N.Y. Nov. 9, 2015) (awarding 33% as attorneys' fees, considering time and effort expended already and remaining work to oversee claims process and distribution), *aff'd,* 674 F. App'x 37 (2d Cir. 2016).

Plaintiff's Counsel's lodestar using currently hourly rates is $1,070,670. ¶31. An award of one-third of the Settlement Fund, or $1,000,000, results in a fractional lodestar multiplier of approximately 0.93. ¶32. When using historical rates at the time the work was performed, Plaintiff's Counsel's lodestar is $955,952.50 with a lodestar multiplier of 1.05. *Id*. These multipliers are considerably lower than lodestar multipliers that are found to be reasonable in the Ninth Circuit. *E.g., Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) ("this multiplier [of 6.85] falls well within the range of multipliers that courts have allowed"); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1265 (C.D. Cal. 2016) ("Counsel's lodestar yields a 3.07 multiplier, which is well within the range for reasonable multipliers."); *Feller v. Transamerica Life Ins. Co.*, 2019 WL 6605886, at *13 (C.D. Cal. Feb. 6, 2019) (2.97 multiplier "well-within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit."); *Fleming*, 2022 WL 2789496, at *9 (2.6 multiplier); *Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases."); *Buccellato v. AT & T Operations, Inc.*, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (4.3 multiplier). The lodestar crosscheck, therefore, supports Plaintiff's request for one-third of the Settlement Amount in attorney's fees.

## IV.    LEAD COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED

"[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014); *Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

paying clients in non-contingency matters."). The Notice informed potential Settlement Class Members that Lead Counsel would seek reimbursement of expenses in an amount not to exceed $80,000. Craig Decl., Exs. A, C. Lead Counsel requests reimbursement of $65,850.85. ¶29. These expenses are the types that are routinely charged to fee-paying clients. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *Immune Response*, 497 F. Supp. 2d at 1177.

Lead Counsel pursued this litigation knowing that it could recover its expenses only if it secures a recovery for Plaintiff and the putative Class. Lead Counsel had no incentive to incur, and did not incur, unnecessary expenses. The requested expenses were reasonably incurred and necessary for the prosecution of this litigation. ¶29; Ex. 4. The bulk of Lead Counsel's expenses consisted of fees for a financial expert, mediator fees, investigator fees, and notice to class members. *Id*. The financial expert was needed to analyze potential damages so Lead Counsel could properly evaluate and negotiate the Settlement. An investigator was needed to interview witnesses and an accounting expert assisted in evaluating Hanmi's financial statements. The remainder of Lead Counsel's expenses consisted primarily of court filing fees, *pro hac vice* fees, online legal research fees, travel fees, and other miscellaneous expenses. *Id*. Courts have held that these and similar types of expenses are properly charged to the Settlement Class. *Rentech,* 2019 WL 5173771, at *11 (it is "appropriate to reimburse Lead Plaintiffs for their reasonable costs and expenses" which included expenses such as court filings fees, mediation fees, expert fees, investigator fees, and online legal and factual research fees); *Katz,* 2013 WL 11237202, at *8; *Luna v. Marvell Tech. Grp.*, 2018 WL 1900150, at *4 (N.D. Cal. Apr. 20, 2018) (reimbursement for experts, investigators, travel, filing costs, photocopies, and online legal and factual research granted as they were all reasonable and necessary). The categories of expenses for which Lead Counsel seeks reimbursement are the type routinely billed to hourly clients and, therefore, should be paid out of the common fund.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

## V.     THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFF

The Court should also award Plaintiff $10,000, as compensation for the time he spent representing the Settlement Class. The Notice informed Settlement Class Members that Plaintiff would seek an award this award. Craig Decl., Exs. A, C. To date, no objections have been raised in response to this request. *Id*., ¶14; ¶23.

The PSLRA empowers courts to grant awards to reimburse plaintiffs for reasonable costs and expenses related to the representation of the class. *See* 15 U.S.C. § 78u-4(a)(4); H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ("The Conference Committee recognizes that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages, and grants the courts discretion to award fees accordingly."). Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-9 (9th Cir. 2009); *Jenson, v. First Tr. Corp.*, 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) ("Courts across the country embrace incentive awards in light of the enormous benefits created by the class representatives.").

Throughout this litigation, Plaintiff was available to Lead Counsel as needed and performed his duties diligently, including: (i) initiating this action in March 2020 that included reviewing and filing the initial complaint; (ii) learning about the role of the lead plaintiff and volunteering to file a motion; (iii) reviewing information about Hanmi and discussing finding with counsel; (iv) producing documents to his counsel; (v) reviewing significant filings in the Action including the complaints and motions to dismiss briefing; (vi) consulting with counsel about case strategy and settlement negotiations; and (vii) evaluating and approving the Settlement. Oh Decl., ¶¶4-5 (Ex. 3). Plaintiff was actively involved in the case and dutifully carried out his fiduciary

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

duties to the Settlement Class. These are the kinds of activities that warrant reimbursement for the time and effort Plaintiff expended on the Settlement Class's behalf.

Courts in this Circuit routinely award representative plaintiffs similar amounts to what Plaintiff requests here. *Brown v. China Integrated Energy Inc.*, 2016 WL 11757878, at *14 (C.D. Cal. July 22, 2016) ($10,000 each); *Jenson,* 2008 WL 11338161, at *16 ($20,000); *Todd v. STAAR Surgical Co.*, 2017 WL 4877417, at *6 (C.D. Cal. Oct. 24, 2017) ($10,000); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) ($10,000); *Razilov v. Nationwide Mut. Ins. Co.*, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) ($10,000); *Immune Response*, 497 F. Supp. 2d at 1173-74 (awarding $40,000 to lead plaintiff pursuant to PSLRA). Moreover, there is an "important policy role [plaintiffs] play in the enforcement of the federal securities laws on behalf of persons other than themselves." *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 1000 (D. Minn. 2005) (awarding eight plaintiffs a total of $100,000). Plaintiff dedicated his own time, faithfully representing the Settlement Class. Here, the requested PLSRA award to Plaintiff is reasonable and thus, the Court should award this requested amount.

## VI.    CONCLUSION

For the foregoing reasons, the Court should award: (i) attorneys' fees of one-third of the Settlement Amount together with interest thereon; (ii) reimbursement of expenses of $65,850.85, with interest; and (iii) $10,000 to Plaintiff.

Dated: August 9, 2024                    Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         */s/ Daniel Tyre-Karp*
                                         Laurence M. Rosen (SBN 219683)
                                         355 South Grand Avenue, Suite 2450
                                         Los Angeles, CA 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Daniel Tyre-Karp (*pro hac vice*)
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: dtyrekarp@rosenlegal.com
Email: philkim@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke (SBN 241521)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: kwolke@glancylaw.com

*Additional Counsel for Lead Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LR 11-6.2

The undersigned, counsel of record for Lead Plaintiff, certifies that this brief contains 6,981 words, which complies with the word limit of L.R. 11-6.1.

August 9, 2024

/s/ Daniel Tyre-Karp
Daniel Tyre-Karp

22
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF; 2:20-cv-02844-FLA-JC

**<u>CERTIFICATE OF SERVICE</u>**

I, Daniel Tyre-Karp, hereby declare under penalty of perjury as follows:

I am Counsel at The Rosen Law Firm, P.A., with offices at 275 Madison Avenue, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On August 9, 2024, I electronically filed the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on August 9, 2024.

*/s/Daniel Tyre-Karp*

23