Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Daniel Tyre-Karp (*pro hac vice*)
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: dtyrekarp@rosenlegal.com
Email: philkim@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILLYOUNG OH, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HANMI FINANCIAL CORPORATION, C. G. KUM, BONITA I. LEE, and ROMOLO C. SANTAROSA, <br><br> Defendants. | Case No. 2:20-cv-02844-FLA-JC <br><br> <u>CLASS ACTION</u> <br> **DECLARATION OF DANIEL TYRE-KARP IN SUPPORT OF LEAD PLAINTIFF'S MOTIONS FOR: (I) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; AND (II) AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF** <br> Date: September 6, 2024 <br> Time: 1:30 p.m. <br> Courtroom: 6B <br> Judge: Fernando L. Aenlle-Rocha |

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

## TABLE OF EXHIBITS TO DECLARATION

| EXHIBIT | TITLE |
|---|---|
| 1 | Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice and Emailing of Long Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections |
| 2 | Declaration of Jed Melnick |
| 3 | Declaration of Killyoung Oh |
| 4 | Declaration of Phillip Kim on Behalf of The Rosen Law Firm, P.A. in Support of Application for Attorneys' Fees and Expenses |
| 5 | Declaration of Kara M. Wolke on Behalf of Glancy Prongay & Murray, LLP in Support of Application for Attorneys' Fees and Expenses |
| 6 | Excerpts from Janeen McIntosh, Laarni T. Bulan, and Laura E. Simmons, *Securities Class Action Settlements: 2022 Review and Analysis* (Cornerstone Research 2023) |
| 7 | Excerpts from Edward Flores and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2022 Full-Year Review,* (NERA Economic Consulting, 2023) |
| 8 | Jury Verdict Form from *In re Tesla, Inc. Securities Litigation,* No. 18-CV-04865-EMC (N.D. Cal.) |

2

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

I, Daniel Tyre-Karp, declare the following, to the best of my knowledge, pursuant to 28 U.S.C. §1746.

1.      I am Counsel at The Rosen Law Firm, P.A. ("Rosen Law"), Court-appointed Lead Counsel for Lead Plaintiff Killyoung Oh ("Lead Plaintiff" or "Plaintiff") in the above-captioned Action.[1] I am an attorney duly licensed to practice law in the State of New York and admitted *pro hac vice* in this Action. I have personal knowledge of the matters set forth herein and, if called upon, I could and would completely testify thereto. I intend nothing in this Declaration to constitute a specific or general waiver of attorney-client privilege or any other applicable privilege or doctrine.

2.      I submit this declaration, together with the attached exhibits, in support of Lead Plaintiff's Motions for: (I) Final Approval of Class Action Settlement and Plan of Allocation; and (II) an Award of Attorneys' Fees and Expenses and Award to Lead Plaintiff. As set forth in the Memorandum of Law in Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation ("Final Approval Memorandum"), Lead Plaintiff seeks final approval of the $3,000,000 Settlement for the benefit of the Settlement Class,[2] as well as final approval of the proposed Plan of Allocation of the Net Settlement Fund to eligible Settlement Class Members.

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement, filed on June 23, 2023 ("Stipulation") (Dkt. 79).

[2] The Settlement Class is defined as all persons and entities who purchased publicly-traded Hanmi common stock between August 9, 2018 and April 30, 2020, both dates inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers, employees, consultants and directors of Hanmi; (iii) siblings, parents, children, spouses, and household members of any person excluded under (i) and (ii); (iv) any entities affiliated with, controlled by, or more than 5% owned by, any person excluded under (i) through (iii); and (v) the legal representatives, heirs, successors or assigns of any person excluded under (i) through (iv). Also excluded from the

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

3.       As set forth in the Memorandum of Law in Support of the Motion for an Award of Attorneys' Fees and Expenses and Award to Lead Plaintiff ("Fee Memorandum"), Lead Counsel seeks an award of attorneys' fees of one-third of the Settlement Fund, or $1,000,000, plus interest, reimbursement of counsel's out-of-pocket litigation expenses incurred in prosecuting this Action in the amount of $65,850.85, and an award to Lead Plaintiff of $10,000 pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the time he devoted to his representation of the Settlement Class.

4.       The purpose of this Declaration is to set forth pertinent facts which do not otherwise appear in documents filed in this case or other public sources. The reasons why the Settlement, Plan of Allocation, fee and expense requests, and award to Lead Plaintiff should be approved are set out in the memoranda of law in support of the Motions.

**The Litigation, the Bases for the Settlement and the Plan of Allocation, and the Settlement Class Members' Reaction to the Settlement and Plan of Allocation**

5.       Lead Plaintiff and Lead Counsel initiated this Action in March 2020.

6.       Only Lead Plaintiff moved to be appointed lead plaintiff and for his counsel to appointed as lead counsel.

7.       Lead Plaintiff filed an amended complaint, but the Court granted Defendants' motion to dismiss.

8.       For the Second Amended Class Action Complaint for the Violations of the Federal Securities Laws ("SAC"), Lead Plaintiff and Lead Counsel sought to uncover the reasons for Defendants' allegedly misleading statements about Hanmi's operations and positive statement of its asset quality. To draft the SAC, Lead Counsel:

---

Settlement Class are those persons or entities who do not have compensatory losses and those who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order. Stipulation ¶1.34.

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

(i) reviewed and analyzed Hanmi's SEC filings, press releases, and other public statements; (ii) reviewed and analyzed documents, reports, announcements, and news articles concerning Hanmi; (iii) retained an accounting expert; (iv) retained an investigator to interview former Hanmi employees; and (v) reviewed filings from the actions *Hanmi Bank v. Harrah, et. al.*, Case No. 20STCV39589 and *Hanmi Bank v. Caribou Ind.*, Case No. 20STCV39491 pending in Los Angeles County Superior Court ("State Actions"), as the State Actions concerned the specific underperforming loans at issue in this Action.

9. On August 19, 2022, the Court denied the motion to dismiss the SAC. Defendant subsequently filed their Answer on September 29, 2022.

10. Thereafter, the Parties decided to explore mediation, retaining Jed Melnick of JAMS. Mr. Melnick is a well-respected mediator with experience mediating securities class actions. Prior to the mediation, the Parties exchanged detailed mediation statements.

11. The Parties participated in the mediation on March 2, 2023. Although this mediation session was unsuccessful, the Parties continued negotiations with Mr. Melnick's assistance over the following weeks. Eventually, on March 24, 2023, the Parties reached an agreement in principle. The Parties then executed a binding Term Sheet setting forth the material terms of the Settlement.

12. With Mr. Melnick's assistance, the Parties engaged in zealous, hard-fought negotiations, with counsel on both sides advocating forcefully for their clients. Defendants are represented by Manatt, Phelps & Phillips, LLP and Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C, skilled and experienced securities practitioners. Defense Counsel was well-informed about the case.

13. Given my firm's experience in litigating securities class actions and with discussions with Lead Plaintiff during settlement negotiations, Lead Plaintiff and Lead

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

Counsel did not agree to a settlement until we thought it was a fair and reasonable result.

14. After the settlement in principle, the Parties negotiated various Settlement and Notice documents, including the Stipulation and exhibits. Plaintiff submitted the Settlement documentation to the Court on June 23, 2023, including a memorandum of law explaining the reasons the Settlement warranted preliminary approval and the provision of Notice to potential Settlement Class Members of a hearing to approve it and enter a final judgment in the Action. In association with the Settlement, Lead Counsel engaged Strategic Claims Services ("SCS") as the Claims Administrator. On March 19, 2024, the Court entered the Order Granting Motion for Preliminary Approval of Class Action Settlement [Dkt. 80] ("Order") (Dkt. 88).

15. The $3,000,000 Settlement is a favorable result, representing approximately 11.86% of the Settlement Class's best-case, maximum recoverable damages estimate. Under Lead Plaintiff's best-case scenario – assuming Lead Plaintiff overcame all of the litigation obstacles and Defendants do not prevail on any of their arguments – Lead Plaintiff's expert estimated that maximum potentially recoverable class wide damages are approximately $25,300,000.

16. If the Court grants final approval of the Settlement, Lead Plaintiff and all Settlement Class Members who remain in the Settlement Class will forever release their claims that were alleged or could have been alleged against Defendants in this Action.

17. There was much risk if litigation continued as a larger verdict for Settlement Class Members would require that Lead Plaintiff: certify a class; defeat a motion for summary judgment; and succeed at trial in proving to a jury that 100% of Hanmi's price declines were caused by the revelation of fraud. Each of the pre-trial steps in the litigation posed significant risk that Lead Plaintiff's claims substantially

reduced in size and scope. Jury trials are always uncertain as to which side's proof and expert testimony will be credited.

18.    After years of litigation Lead Plaintiff and Lead Counsel had become quite knowledgeable about the strengths of the claims as well as the real risks of continued litigation which could potentially result in no recovery for Hanmi investors. In particular, Lead Counsel:

    a.  conducted extensive legal research and investigation of the factual allegations and claims of Lead Plaintiff and the putative class, which included: (a) hiring an investigator to interview witnesses including former Hanmi employees; (b) retaining an accounting expert to assist in pleading Hanmi's alleged accounting fraud; (c) reviewing Hanmi's SEC filings, press releases, and earnings calls, numerous analyst reports issued about Hanmi, and a variety of interviews and industry publications; (d) retaining a damage expert; and (e) reviewing filings in the State Actions;

    b.  drafted and filed initial complaint, an amended complaint, and the SAC;

    c.  conducted legal and factual research in opposing two motions to dismiss;

    d.  negotiated a discovery schedule and document production protocols;

    e.  issued and responded to document requests and interrogatories as well as issued third-party subpoenas;

    f.  participated in a mediation session and extended negotiations after the mediation;

    g.  negotiated and finalized the Settlement;

    h.  successfully moved for preliminary approval of the Settlement; and

    i.  oversaw the Court-approved notice program

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

19.     Throughout all stages of the litigation, Lead Counsel gave periodic updates to Lead Plaintiff about the status of the Action and discussed each step of the case with Lead Plaintiff. As set forth in his declaration, by the time the Settlement was reached, Lead Plaintiff was in a position to evaluate the risks and benefits of continued litigation and authorize approval of the Settlement. Declaration of Killyoung Oh ("Oh Decl.") (Ex. 3), ¶5.

20.     Once a Settlement had been reached, Lead Counsel formulated the Plan of Allocation with the assistance of the Claims Administrator and a damages expert. The Plan of Allocation closely tracks Plaintiff's theory of the case and allegations in the SAC. The Plan of Allocation allocates funds on a *pro rata* basis to claimants based upon the timing of their purchases and sales. The Plan of Allocation does not compensate losses resulting from "in and out" transactions, *i.e.*, losses from sales made prior to the alleged partial or final revelation of the truth. The Plan of Allocation establishes a formula that determines authorized claimants' recognized losses and calculates Settlement Class Members' *pro rata* share of the Settlement Fund (*i.e.*, Settlement Amount less attorneys' fees and expenses, and award to Lead Plaintiff).

21.     In my view, based upon my experience prosecuting securities class actions, the Plan of Allocation provides a fair, reasonable, and rational method of allocating the Settlement Funds to Authorized Claimants.

22.     As set forth in the Declaration of Margery Craig (Ex. 1), in addition to the electronic and print publication of Summary Notice, individual Notice by mailed Postcard Notice and/or emailed links to the Long Notice and Claim Form was sent to 13,667 potential Settlement Class Members. Craig Decl., ¶¶6-9.

23.     Objections to and requests for exclusion from the Settlement must be received by August 16, 2024. Neither Lead Counsel nor the Claims Administrator have received any objections to any aspect of the Settlement nor are there any objections on

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

the Court's docket. Neither Lead Counsel nor the Claims Administrator have received any requests exclusion. *Id.* at ¶¶13-14.

24. The Long Notice describes the Plan of Allocation in full detail. Craig Decl., Ex. A at 5-8.

**Attorneys' Fees Request and Expenses**

25. Lead Counsel requests a fee of one-third of the Settlement Amount, or $1,000,000, and reimbursement of out-of-pocket litigation expenses of $65,850.85 in total, as well as interest on both.

26. In addition to Rosen Law, the firm Glancy Prongay & Murray, LLP ("GPM"), assisted in prosecuting this action. As Rosen Law was investigating the claims in the Action, GPM approached my firm indicating that they had also been investigating and developing the claims. As GPM shared their findings with Rosen Law, which was useful information that could contribute to the litigation, we arranged to have GPM assist with the Action under Rosen Law's direction.

27. Attached as Exhibit 4 is the Declaration of Phillip Kim ("Kim Fee Declaration") that details the hours each Rosen Law professional spent on litigating this Action. Pursuant to Section 7(e) of the Court's Initial Standing Order ("Standing Order"), attached to the Kim Fee Declaration are several charts containing summaries of the hours Rosen Law performed in this Action. These charts include: (i) Exhibit A - each attorneys' hours multiplied by current hourly rates; (ii) Exhibit B - each attorneys' hours multiplied by historical hourly rates at the time the work was performed; (iii) Exhibit C – each attorney's time organized by task with historical hourly rates at the time the work was performed rates; and (iv) Exhibit D – each attorney's time organized each task that the attorney undertook with historical hourly rates at the time the work was performed.

28. Attached as Exhibit 5 is the Declaration of Kara M. Wolke ("Wolke Fee Declaration") that details the hours each GPM professional spent on litigating this

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

Action. Pursuant to the Standing Order, attached to the Wolke Fee Declaration are the several charts containing summaries of the hours GPM performed in this Action. These charts include: (i) Exhibit A - each attorneys' hours multiplied by current hourly rates; (ii) Exhibit B - each attorneys' hours multiplied by historical hourly rates at the time the work was performed; (iii) Exhibit C – each attorney's time organized by task with historical hourly rates at the time the work was performed rates; and (iv) Exhibit D – each attorney's time organized each task that the attorney undertook with historical hourly rates at the time the work was performed.

29.    Additionally, Rosen Law expended a total of $65,850.85 in un-reimbursed expenses in connection with the prosecution of the Action. These expenses included, investigator fees, expert fees, mediation fees, online legal research fees, and notice to class member fees. More specifics of the expense are listed in Exhibit E to the Kim Fee Declaration. Lead Counsel seeks reimbursement of those reasonable and necessary expenses incurred in prosecuting this Action. To date, Lead Counsel have received neither compensation for their efforts nor reimbursement of necessary out-of-pocket expenses on behalf of Plaintiff and the Settlement Class.

30.    As set forth herein and in the attached Kim Fee Declaration and Wolke Fee Declaration, Plaintiff's Counsel have incurred the following fees and expenses in prosecuting the Action on a fully contingent basis:

| **Firm** | **Hours** | **Lodestar Based on Current Rates** | **Lodestar Based on Historical Rates** | **Expenses** |
|---|---|---|---|---|
| The Rosen Law Firm, P.A. | 1,104.25 | $960,272.50 | $869,342.50 | $65,850.85 |
| Glancy Prongay & Murray LLP | 128.3 | $110,397.50 | $86,610.00 | N/A |
| **Total:** | **1,232.55** | **$1,070,670.00** | **$955,952.50** | **$65,850.85** |

31. Plaintiff's Counsel worked diligently to achieve the Settlement, expending 1,232.55 hours in total for a combined lodestar of $1,070,670.00 when using current hourly rates. When using historical rates at the time the work was performed, Plaintiff's Counsel's lodestar is $955,952.50.

32. The $1,000,000 in attorneys' fees that Plaintiff's Counsel requests represent a fractional lodestar multiplier of approximately 0.93 when applying Plaintiff's Counsel's lodestar with current hourly rates. If the lodestar calculated using historical rates when the task was performed is applied, the lodestar multiplier is approximately 1.05.

33. Lead Counsel's work will not end with final approval of the Settlement. Lead Counsel will spend more time and resources drafting and filing replies in support of its motions for final approval and for attorneys' fees, preparing for and appearing at the Settlement Fairness Hearing, overseeing the claims process, filing a motion for distribution of the Net Settlement Fund, and overseeing the distribution of the Net Settlement Fund to eligible Settlement Class Members. Plaintiff's Counsel will not seek additional compensation for these tasks.

34. From the outset, Plaintiff's Counsel embarked on a difficult, expensive, and likely lengthy litigation with no guarantee of being compensated for the investment of time and resources on behalf of Plaintiff and the Settlement Class. In undertaking that responsibility, Plaintiff's Counsel dedicated sufficient resources to the Action, making funds available to compensate staff and to cover the expenses the Action required.

### The Requested Award to Lead Plaintiff is Justified

35. For over four years, Lead Plaintiff has led the Action on behalf of the Settlement Class, communicating with Lead Counsel regarding the litigation and the Settlement. Lead Plaintiff spent approximately 36 hours on this litigation for the Settlement Class's benefit. Oh Decl., at ¶9. As demonstrated in his declaration, Mr.

11

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

Oh: (i) initiated this action in March 2020 that included reviewing and filing the initial complaint; (ii) learned about the role of the lead plaintiff and volunteered to file a motion; (iii) reviewed information about Hanmi and discussed his finding with counsel; (iv) produced documents to his counsel; (v) reviewed significant filings in the Action including the complaints and motion to dismiss briefing; (vi) consulted with counsel about case strategy and settlement negotiations; and (vii) evaluated and approved the Settlement. Oh Decl., ¶¶4-5

36.     Given his involvement in spearheading the litigation, Mr. Oh believes the Settlement is fair and reasonable, representing a very favorable result for Hanmi investors. *Id.*, at ¶5.

37.     For his considerable time and effort, Lead Plaintiff requests an award of $10,000.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 9, 2024.

*/s/Daniel Tyre-Karp*

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC

## **CERTIFICATE OF SERVICE**

I, Daniel Tyre-Karp, hereby declare under penalty of perjury as follows:

I am Counsel at The Rosen Law Firm, P.A., with offices at 275 Madison Avenue, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On August 9, 2024, I electronically filed the foregoing DECLARATION OF DANIEL TYRE-KARP IN SUPPORT OF LEAD PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; AND (2) AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFF with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on August 9, 2024.

*/s/Daniel Tyre-Karp*

DECLARATION OF DANIEL TYRE-KARP; 2:20-cv-02844-FLA-JC