JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILLYOUNG OH,<br><br>    Plaintiff,<br><br>    v.<br><br>HANMI FINANCIAL CORPORATION, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-02844-FLA (JCx)<br><br>**JUDGMENT AND ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS [DKT. 90]** |

Before the court is Plaintiff Killyoung Oh's ("Plaintiff") Motion for Final Approval of Settlement and Plan of Allocation, and Final Certification of Settlement Class ("Motion"). Dkt. 90. On September 6, 2024, the court held a hearing regarding the Motion to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated June 23, 2023 ("Stipulation") (Dkt. 79) are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants (as defined in the Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (5) whether and in what amount to approve an award to the Plaintiff.

The court, having considered the Motion and the information submitted at the hearing, and it appearing from the record that the Notice, substantially in the form approved by the court in its Order Granting Motion for Preliminary Approval of Class Action Settlement, dated March 19, 2024 ("Preliminary Approval Order"), was disseminated to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the court, hereby FINDS, ORDERS, and ADJUDGES as follows:

/ / /
/ / /
/ / /

|   |   |
|---|---|
| 1 | 1.     All capitalized terms used herein have the same meanings as set forth |
| 2 | and defined in the Stipulation. |
| 3 | 2.     For purposes of this Settlement, the court has jurisdiction over the |
| 4 | subject matter of the Action, Plaintiff, all Settlement Class Members, and |
| 5 | Defendants. |
| 6 | 3.     The court FINDS the prerequisites for a class action under Fed. R. |
| 7 | Civ. P. ("Rule") 23(a) and (b)(3) have been satisfied in that: (a) the number of |
| 8 | Settlement Class Members is so numerous that joinder of all members thereof is |
| 9 | impracticable; (b) there are questions of law and fact common to the Settlement |
| 10 | Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class they |
| 11 | seek to represent; (d) Plaintiff fairly and adequately represents the interests of the |
| 12 | Settlement Class; (e) questions of law and fact common to the members of the |
| 13 | Settlement Class predominate over any questions affecting only individual |
| 14 | members of the Settlement Class; and (f) a class action is superior to other |
| 15 | available methods for the fair and efficient adjudication of this Action.  The |
| 16 | Settlement Class is being certified for settlement purposes only. |
| 17 | 4.     The court hereby finally CERTIFIES this action as a class action for |
| 18 | purposes of the Settlement, pursuant to Rule 23(a) and (b)(3), on behalf of all |
| 19 | Persons who purchased publicly traded Hanmi Financial Corporation ("Hanmi") |
| 20 | common stock during the period from August 9, 2018 and April 30, 2020, both |
| 21 | dates inclusive ("Settlement Class Period"), except that excluded from the |
| 22 | Settlement Class are: (i) Defendants; (ii) current and former officers, employees, |
| 23 | consultants, and directors of Hanmi; (iii) siblings, parents, children, spouses, and |
| 24 | household members of any person excluded under (i) and (ii); (iv) any entities |
| 25 | affiliated with, controlled by, or more than 5% owned by, any person excluded |
| 26 | under (i) through (iii); and (v) the legal representatives, heirs, successors, or |
| 27 | assigns of any person excluded under (i) through (iv).  Also excluded from the |
| 28 |  |

1  Settlement Class are those persons or entities who do not have compensatory
2  losses.  Pursuant to Rule 23, Plaintiff is CERTIFIED as the class representative on
3  behalf of the Settlement Class ("Class Representative") and Lead Counsel,
4  previously selected by Plaintiff and appointed by the court, are hereby
5  APPOINTED as Class Counsel for the Settlement Class ("Class Counsel").
6      5.   In accordance with the court's Preliminary Approval Order, the court
7  hereby FINDS the form and method of notifying the Settlement Class of the
8  Settlement and its terms and conditions: (1) met the requirements of due process,
9  Rule 23, and § 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as
10 amended by the Private Securities Litigation Reform Act of 1995; (2) constituted
11 the best notice practicable under the circumstances; and (3) constituted due and
12 sufficient notice of these proceedings and the matters set forth herein, including
13 the Settlement and Plan of Allocation, to all persons and entities entitled to such
14 notice.  No Settlement Class Member is relieved from the terms and conditions of
15 the Settlement, including the releases provided for in the Stipulation, based upon
16 the contention or proof that such Settlement Class Member failed to receive actual
17 or adequate notice.  A full opportunity has been offered to the Settlement Class
18 Members to object to the proposed Settlement and to participate in the hearing
19 thereon.  Thus, it is hereby DETERMINED that all Settlement Class Members are
20 bound by this Final Judgment.
21     6.   The Settlement is APPROVED as fair, reasonable, and adequate, and
22 in the best interests of the Settlement Class.  This court further FINDS that the
23 Settlement set forth in the Stipulation is the result of good faith, arm's-length
24 negotiations between experienced counsel representing the interests of the Class
25 Representative, Settlement Class Members, and Defendants.  The Parties are
26 DIRECTED to consummate the Settlement in accordance with the terms and
27 provisions of the Stipulation.
28

1    7.    The Action and all claims contained therein, as well as all Released Claims as defined in the Stipulation, are DISMISSED with prejudice as against each and all Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

     8.    Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever compromised, settled, resolved, released, relinquished, waived, dismissed and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to any and all Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. For the avoidance of doubt, Defendants are released from any and all claims for contribution or indemnity, as would otherwise be allowed by § 21D of the Exchange Act, 15 U.S.C. § 78u-4(f)(7). Nothing contained herein, however, shall bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment. Nor shall anything contained herein limit or release any claims Defendants may have with regard to insurance coverage that may be available to them under any applicable policy. This release shall not apply to any Settlement Class Members who timely and properly exclude themselves from the Settlement Class.

5

9. With respect to any and all Released Claims, the Releasing Parties shall waive, shall be deemed to have waived, and by operation of this Final Judgment shall have waived, the provisions, rights, and benefits of Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10. With respect to any and all Released Claims, the Releasing Parties shall waive, shall be deemed to have waived, and by operation of this Final Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542.  The Releasing Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Released Claims, but the Releasing Parties, upon the Effective Date, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Releasing Parties acknowledge and the Settlement Class Members shall be deemed by operation of

this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

11. Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims they may have against the Releasing Parties related to the Releasing Parties' prosecution of the Action or any other known or unknown counterclaim related thereto and shall have covenanted not to sue the Releasing Parties with respect to any counterclaim, claim, or sanction related to the Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity, against any of the Releasing Parties.  Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

12. The court FINDS that all Parties and their counsel have complied with all requirements of Rule 11 and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

13. Neither this Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them is evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability, or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action or could have been alleged or asserted, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted or could have been alleged or asserted in any such action or proceeding.  This Final Judgment is not a finding or

evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties.  Neither this Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with therewith (a) shall (i) be argued to be, used, or construed as, offered, or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Class Representative or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that this Final Judgment, the Stipulation, or the documents related thereto may be introduced in any proceeding, whether in court or otherwise, as may be necessary to enforce the Settlement or Final Judgment, to effectuate the liability protection granted them hereunder, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, offset, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or as otherwise required by law.

14. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain

1  subject to the jurisdiction of the court until such time as the funds are distributed
2  or returned pursuant to the Stipulation and/or further order of the court.
3      15.    Exclusive jurisdiction is hereby retained over the Parties and the
4  Settlement Class Members for all matters relating to the Action, including the
5  administration, interpretation, effectuation, or enforcement of the Stipulation and
6  this Final Judgment, and including any application for fees and expenses incurred
7  in connection with administering and distributing the Settlement Fund to the
8  Settlement Class Members.
9      16.    Without further order of the court, Defendants and Class
10 Representative may agree to reasonable extensions of time to carry out any of the
11 provisions of the Stipulation.
12     17.    There is no just reason for delay in the entry of this Final Judgment.
13 The Clerk shall ENTER judgment pursuant to Rule 54(b).
14     18.    The finality of this Final Judgment shall not be affected, in any
15 manner, by rulings that the court makes herein on the proposed Plan of Allocation
16 or Class Counsel's application for an award of attorney's fees and expenses or an
17 award to Class Representative.
18     19.    The court hereby FINDS that the proposed Plan of Allocation is a fair
19 and reasonable method to allocate the Net Settlement Fund among Settlement
20 Class Members, and Class Counsel and the Claims Administrator are DIRECTED
21 to administer the Plan of Allocation in accordance with its terms and the terms of
22 the Stipulation.
23     20.    In the event the Settlement is not consummated in accordance with
24 the terms of the Stipulation, then the Stipulation and this Final Judgment
25 (including any amendments thereto, and except as expressly provided in the
26 Stipulation or by order of the court) shall have no further force and effect with
27 respect to the Parties and shall not be used in the Action or in any other
28

proceeding for any purpose, and any judgment or order entered by the court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*, and each Party shall be restored to his, her, or its respective litigation positions as they existed prior to April 18, 2023, pursuant to the terms of the Stipulation.

IT IS SO ORDERED.

Dated: September 17, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge